# EXHIBIT 2

REPUBLIC OF MADAGASCAR

SUPREME COURT

ANTANANARIVO ANTI-CORRUPTION DIVISION
FIRST INSTANCE TRIBUNAL

4th Chamber of the Investigating Magistrate

**EXTRACT**
**NON-COMPLIANT ORDER FOR PARTIAL DISMISSAL, REQUALIFICATION AND REFERRAL TO THE CRIMINAL COURT**
\*\*\*\*\*

**N°027/.J4/PAC/21**

### N°178-RP/PAC/20/IP/TCO/Sl/V/ABS-028-CO/J4/PAC/20

We, Mrs. RALISON Miora Manoela, Investigating Judge and Children's Judges at the Anti-Corruption Division of Antananarivo;

Considering the provisions of articles 286 and 288 of the Code of Criminal Procedure;
**TOGETHER WITH:**
**The information brought against**:

**1- Mirela COMANICIU,** born on December 28, 1971 in Fagaras, Romania, daughter of Mircea COMANICIU and Elena COMANICIU, residing at Villa 06, Residence Riviera Tanjomabato, Antananarivo, Romanian nationality, holder of passport N°052131889 dated October 11, 2013;
**Charged with misuse of corporate assets;**
**Not appearing, abroad**;
**Having as counsel Ms. Chantal RAZAFINARIVO, lawyer**;

**2- Paul David HINKS,** born on October 11, 1960 in Warrington, South Africa, son of John HINKS and Josephine MaryHINKS, residing at 1919 Pennsylvania Avenue, Suite 775, NW Washington DC 20006, a British national, holder of passport N°7612367589 dated April 15, 2008;
**Accused of complicity in the misuse of corporate assets**;
**Not appearing, abroad**;

**3- NARCEDA NORBERTO SIBAYAN,** born on June 6, 1951 in Luna La Union, Philippines, son of NARCEDA FRANCISCO NIEVERAS and NARCEDA CRISPULA SIBAYAN, of Philippine nationality, holder of passport N°EB6682447 dated November 6, 2012, at the Philippine Embassy in Nairobi;
**Accused of complicity in the misuse of corporate assets;**
**Not appearing, abroad;**
**Having as counsel Ms. Chantal RAZAFINARIVO, lawyer**;

**4- ALCANTARA HECTOR DUMA-OP.** born on November 6, 1968 in Bislig City, Philippines, son of ALCANTARA SANTOS SR ARIATE and ALCANTARA VIOLETA DUMAUP, of Philippine nationality, holder of passport N°EC5749257 dated October 21, 2015, in DFA Manila, Philippines;
**Accused of complicity in the misuse of corporate assets;**
**Not appearing, abroad**;
**Having as counsel Ms. Chantal RAZAFINARIVO, lawyer**;

Our Notification Order dated 21 June 2021 for the purposes of settlement;

The request of the Public Prosecutor's Office for referral to the Antananarivo Correctional Court of the Anti-Corruption Division of all the accused for sufficient charges;

### /ON THE DISMISSAL/

**Case of Mirela COMANICIU**

After examining the expert's report and the documents in the file, in particular the disbursement of expenses made during Mirela Comaniciu's time as manager, it appears that the expenses were for airline tickets for certain expatriate employees of SYMBION POWER and some of their family members to travel abroad, gas costs, fees for missions and transport for missions that were carried out outside Antananarivo, expenses relating to recharging Internet, gas, and dinners.

It has not been established that these expenses were not in accordance with the Company's interests, given that they related to the functioning of the Company and highlighted advantages related to the functions of SYMBION POWER employees.

In addition, we have asked SYMBION POWER for details regarding the benefits available to its expatriate employees and managers and details regarding the company's procedures for payment of expenses related to missions carried out and professional dinners, but we did not receive any follow-up.

As a result of the foregoing, it is not established that the accused made expenditures for personal reasons that were not in accordance with the interests of the Company. Thus the following case against her may be dismissed:

Having, in Antananarivo, from November 2016 to February 2020, and in any event less than three (03) years ago, as manager of SYMBION POWER Mandroseza, in bad faith, obtained the amount of $5,750,000 from said company for purposes which she knows to be contrary to the interests of said company and for purposes that were personal or for the benefit of another legal entity, namely the SYMBION companies, of which Paul David HINKS is the administrator and in which he was directly or indirectly interested;

Facts provided for and punished by articles 931 and 944 of Law 2003-036 of January 30, 2004 on Commercial Companies;

### Case of NARCEDA NORBERTO SIBAYAN and ALCANTARA HECTOR DUMA-OP

From the examination of the documents in the file, it appears that the said employees did not manage the company, nor did they hold positions related to the company's finances;

Although they took some flights abroad with a family member, as stated in the expert's report, it, as previously mentioned, is not established that the expenses were incurred for personal purposes, but rather demonstrated advantages connected to their functions.

Under these circumstances, the charges against them for the following may be dismissed:

Having, in Antananarivo, from November 2016 to February 2020, in any case less than three (03) years ago, with knowledge, aided or assisted the named Mirela COMANICIU in the facts that contributed to the above-mentioned offence of abuse of corporate assets, and of having thus become an accomplice;

Acts provided for and punished by articles 59 and 60 of the Penal Code and 931 and 944 of Law n° 2003-036 of 30 January 2004 on Commercial Companies;

### / ON THE REFERRAL /

From an examination of the documents in the file, it appears that there is sufficient evidence against the accused **Paul David HINKS**

### NOT FOR THE FOLLOWING:

Having, in Antananarivo, from November 2016 to February 2020, in any case less than three (03) years ago, given instructions to Mirela COMANICIU to commit the above-mentioned offence of abuse of corporate assets;

Facts provided for and punished by articles 59 and 60 of the Penal Code and 931 and 944 of Law n° 2003-036 of 30 January 2004 on Commercial Companies;

### BUT FOR THE FOLLOWING:

Having, in Antananarivo, from November 2016 to February 2020, and in any event less than three (03) years ago, as manager of SYMBION POWER Mandroseza, in bad faith, obtained the amount of $5,750,000 from said company for purposes which he knows to be contrary to the interests of said company and for purposes that are personal or to benefit another legal entity, namely the SYMBION COMPANIES, of which he is the administrator and in which he was directly or indirectly interested;

Facts provided for and punished by articles 931 and 944 of Law 2003-036 of January 30, 2004 on Commercial Companies;

He may therefore be referred to the Correctional Tribunal of the Anti-Corruption Division of Antananarivo to be judged in accordance with the law;

## ON THESE GROUNDS

WE DECLARE that the charges against **Mirela COMANICIU, NARCEDA NORBERTO SIBAYAN and ALCANTARA HECTOR DUMA-OP** may be dropped;

DECLARE that the facts above are sufficiently proven against **Paul David HINKS**;

ORDER therefore that he be referred to the CORRECTIONAL TRIBUNAL of the Antananarivo Anti-Corruption Division, to be judged in accordance with the law.

Signed in our Investigation Office in Antananarivo, the THIRTIETH OF JUNE. TWO THOUSAND AND TWENTY-ONE/

        INVESTIGATING JUDGE

        [seal and signature]

        Mrs. RALISON Miora Manoela



100 Park Avenue, 16th Fl

New York, NY 10017

www.consortra.com

STATE of NEW YORK    )
                     )           ss:
COUNTY of NEW YORK   )

### CERTIFICATE OF ACCURACY

This is to certify that the attached document, "B003 - PAC Judgment-c2-c2-c2"-- originally written in *French* -- is, to the best of our knowledge and belief, a true, accurate, and complete translation into *English*.

Dated: 3/23/2022

Sworn to and signed before ME
This 23rd day of March, 2022

*Susannah Smith*
_____
Susannah Smith
Project Manager
Consortra Translations

*James G Mamera*
_____
Notary Public

JAMES G MAMERA
Notary Public - State of New York
No. 01MA6157195
Qualified in New York County
My Commission Expires Dec. 4, 2022



Your legal translation partner

New York, NY  |  Washington DC  |  Houston, TX  |  San Francisco, CA  |  Hong Kong

REPUBLIQUE DE MADAGASCAR
--------------------
COUR SUPREME
--------------------
POLE ANTI-CORRUPTION
D'ANTANANARIVO
JURIDICTION DU PREMIER DEGRE
--------------------
4ème CABINET D'INSTRUCTION
--------------------

EXTRAIT
ORDONNANCE NON CONFORME AUX FINS DE NON-LIEU PARTIEL,
DE REQUALIFICATION ET DE RENVOI DEVANT LE TRIBUNAL
CORRECTIONNEL
*****

N°027/J4/PAC/21

### N°178-RP/PAC/20/IP/TCO/S1/V/ABS-028-CO/J4/PAC/20

Nous, Mme RALISON Miora Manoela., Juge, Juge d'Instruction et Juges de Enfants près le Pôle Anti-Corruption d'Antananarivo ;
Vu les dispositions des articles 286 et 288 du Code de Procédure Pénale;
**ENSEMBLE :**
Les pièces de l'Information suivie contre :

**1-Mirela COMANICIU**, née le 28 Décembre 1971 à Fagaras Roumanie, fille de Mircea COMANICIU et Elena COMANICIU, demeurant au Villa 06, Résidence Riviera Tanjomabato Antananarivo, de nationalité Roumaine, titulaire du passeport n°052131889 du 11 Octobre 2013;
**Prévenue d'abus de biens sociaux;**
**Non comparant, à l'Etranger ;**
**Ayant pour conseil Me Chantal RAZAFINARIVO ;**

**2-Paul David HINKS**, né le 11 Octobre 1960 à Warrington Afrique du Sud, fils de John HINKS et Joséphine Mary HINKS, demeurant au 1919 Pensylvania Avenue, Suite 775, NW Whashington DC20006, à nationalité Anglaise, titulaire du passeport n°7612367589 du 15 Avril 2008;
**Prévenu de complicité d'abus de biens sociaux ;**
**Non comparant, à l'Etranger ;**

**3-NARCEDA NORBERTO SIBAYAN**, né le 06 Juin 1951 à Luna La Union Philippines, fils de NARCEDA FRANCISCO NIEVERAS et NARCEDA CRISPULA SIBAYAN, de nationalité Philippine, titulaire du passeport n°EB6682447 du 06 Novembre 2012 à l'Ambassade de Philippine en Nairobi;
**Prévenu de complicité d'abus de biens sociaux ;**
**Non comparant, à l'Etranger ;**
**Ayant pour conseil Me Chantal RAZAFINARIVO ;**

**4-ALCANTARA HECTOR DUMA-OP**, né le 06 Novembre 1968 à Bislig City Philippines, fils d'ALCANTARA SANTOS SR ARIATE et ALCANTARA VIOLETA DUMAUP, de nationalité Philippine, titulaire du passeport n°EC5749257 du 21 Octobre 2015 à DFA Manila Phillipines ;
**Prévenu de complicité d'abus de biens sociaux ;**
**Non comparant, à l'Etranger ;**
**Ayant pour conseil Me Chantal RAZAFINARIVO ;**

Notre Ordonnance de Soit Communiqué en date du 21 Juin 2021 aux fins de règlement;

Le réquisitoire du Ministère Public aux fins de Renvoi devant le Tribunal Correctionnel du Pôle anti-Corruption d'Antananarivo de tous pour charges suffisantes;

/SUR LE NON LIEU/

### Cas de Mirela COMANICIU

De l'examen de l'expertise et des pièces versées au dossier, notamment des décaissements des dépenses effectuées au temps de la gérance de Mirela Comaniciu, il ressort que lesdites dépenses concernent les coûts relatifs aux billets d'avion de certains employés expatriés de la Société SYMBION POWER ainsi que de quelques membres de leurs familles vers l'extérieur, des dépenses en carburant, frais de mission et déplacements pour des missions effectuées en dehors d'Antananarivo, des dépenses relatives au rechargement d'internet, aux gaz et à quelques dîners ;

Qu'au vu de ces dépenses, il n'est pas établi que celles-ci étaient non conformes à l'intérêt de la Société étant donné qu'elles tournaient autour du fonctionnement de la Société et faisaient ressortir les avantages liés aux fonctions des employés de la Société SYMBION POWER.

Par ailleurs, des précisions sur les avantages dont disposent les employées et dirigeants expatriés de la Société SYMBION POWER ainsi que du mode de fonctionnement de la Société quant au paiement des dépenses relatives aux missions effectuées et aux dîners professionnels ont été sollicités par nos soins auprès de ladite Société mais nous n'avons reçu aucune suite à cela.

De tout ce qui précède, il n'est pas établi que l'inculpée ait effectué des dépenses non conformes à l'intérêt de la Société et à des fins personnelles ; Qu'il y a lieu d'ordonner un non-lieu à son encontre :

D'avoir à Antananarivo, courant Novembre 2016-Février 2020, en tout cas depuis moins de trois (03) ans, en sa qualité de gérante de la société SYMBION POWER Mandroseza, de mauvaise foi, fait des crédits de ladite société d'un montant de 5 750 000 dollars, un usage qu'elle sait contraire à l'intérêt de celle-ci et à des fins personnelles ou pour favoriser une autre personne morale, en l'occurrence les sociétés dénomées SYMBION dont Paul David HINKS en est l'administrateur dans laquelle elle était intéressée directement ou indirectement ;

Faits prévus et réprimés par les articles 931 et 944 de la loi 2003-036 du 30 Janvier 2004 sur les sociétés commerciales ;

### Cas de NARCEDA NORBERTO SIBAYAN et ALCANTARA HECTOR DUMA-OP

De l'examen des pièces versées au dossier, il ressort que lesdits inculpés n'ont pas assuré la gérance de l'entreprise, ni tenaient des postes relatifs aux finances au sein de l'entreprise ;

Quoiqu'ayant bénéficié quelques vols à l'étranger avec un membre de leur famille, tel qu'il est relaté au rapport d'expertise, il n'est pas établi comme précédemment évoqué que les dépenses ont été effectuées à des fins personnelles mais faisaient ressortir les avantages liés à leurs fonctions.

Dans ces conditions, il y a lieu d'ordonner un non-lieu à leur encontre :

D'avoir à Antananarivo, courant Novembre 2016-Février 2020, en tout cas depuis moins de trois (03) ans, avec connaissance, aidé ou assisté la nommée Mirela COMANICIU dans les faits qui ont facilité l'infraction d'abus de biens sociaux ci-dessus spécifiée, et de s'être ainsi rendu complice ;

Faits prévus et réprimés par les articles 59 et 60 du code pénal, 931 et 944 de la loi n° 2003-036 du 30 Janvier 2004 sur les Sociétés commerciales ;

### / SUR LE RENVOI /

De l'examen des pièces versées au dossier, il résulte preuves suffisantes contre l'inculpé **Paul David HINKS**

**NON PAS :**

D'avoir à Antananarivo, courant Novembre 2016-Février 2020, en tout cas depuis moins de trois (03) ans, donné à la nommée Mirela COMANICIU des instructions pour commettre l'infraction d'abus de biens sociaux ci-dessus spécifiée;

Faits prévus et réprimés par les articles 59 et 60 du code pénal, 931 et 944 de la loi n° 2003-036 du 30 Janvier 2004 sur les Sociétés commerciales ;

**MAIS :**

D'avoir à Antananarivo, courant Novembre 2016-Février 2020, en tout cas depuis moins de trois (03) ans, en sa qualité de gérant de la Société SYMBION POWER Mandroseza, de mauvaise foi, fait des crédits de ladite Société d'un montant de 5 750 000 dollars, un usage qu'il sait contraire à l'intérêt de celle-ci et à des fins personnelles ou pour favoriser une autre personne morale, en l'occurrence les Sociétés SYMBION COMPANIES dont il en est l'administrateur dans laquelle il était intéressé directement ou indirectement.

Faits prévus et réprimés par les articles 931 et 944 de la loi n° 2003-036 du 30 Janvier 2004 sur les Sociétés commerciales ;

Qu'il y a lieu de le renvoyer devant le Tribunal Correctionnel du Pôle Anti-Corruption d'Antananarivo pour être jugés conformément à la loi ;

# PAR CES MOTIFS

DECLARONS n'y avoir lieu à suivre contre **Mirela COMANICIU, NARCEDA NORBERTO SIBAYAN et ALCANTARA HECTOR DUMA-OP**;

DECLARONS suffisamment établie les faits ci-dessus spécifiés à l'encontre de **Paul David HINKS**;

ORDONNONS en conséquence son renvoi devant le TRIBUNAL CORRECTIONNEL du Pôle Anti-Corruption d'Antananarivo pour y être jugés conformément à la loi.-

Fait en notre Cabinet d'Instruction à ANTANANARIVO, le TRENTE JUIN DEUX MIL VINGT ET UN-

LE JUGE D'INSTRUCTION,
*(sceau et signature)*
-Mme RALISON Miora Manoela -



Pour expédition certifiée conforme à l'original.
30 JUIN 2021.
RANDRIAMAHOLISON Dina Fanantenana