# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

March 28, 2022

**By ECF**

Hon Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

   Re: *In Re Application of Zouzar Bouka,* 22-mc-00092-RA

Dear Judge Abrams:

  This firm represents Symbion Power Services U.S., Inc., Symbion Power LLC, Symbion Power Holdings LLC, Symbion Power Africa, LLC, and Paul Hinks ("Symbion"). We write, pursuant to Federal Rule of Civil Procedure 24 to request the Court grant Symbion leave to intervene in this proceeding (brought *ex parte* by Zouzar Bouka and his companies, Vision Indian Ocean, S.A. and VIMA Real Estate S.A.R.L., together "Bouka") and set a briefing schedule to oppose Bouka's application to subpoena Symbion pursuant to 28 U.S.C. § 1782. To date, Symbion has not been served with the papers that we learned have been filed with the Court. We reached out to Bouka's counsel this morning to seek consent for this application, but, as of this writing, we have received no response.

  Symbion should be permitted to intervene under either Rule 24(a)(2) or Rule 24(b)(2), because its request is timely, as the opponent of the subpoena sought, it has a plain interest in Bouka's application, that interest may be impaired absent intervention, and its interest is not adequately protected by Bouka who seeks to serve the subpoena. *In re Application of Hill*, No. 05CV999996, 2007 WL 1226141, at *2 (S.D.N.Y. Apr. 23, 2007) (granting Rule 24 intervention in an application under 28 U.S.C. § 1782).

  Here, Symbion's intervention is necessary to provide the Court critical context concerning the necessary statutory factors under 28 U.S.C. § 1782. For example, Bouka seeks discovery not, as he claims, for use in foreign proceedings. In fact, he wants this discovery for use in an ongoing confidential arbitration between these parties and others concerning the same subject matter (the Mandroseza Power Plant) before the International Center for Dispute Resolution in New York (the "ICDR Arbitration"). Bouka conceals that he has already sought— and obtained—the same materials he seeks here in those confidential proceedings. And Bouka does not disclose to this Court that the ICDR Arbitrator has already issued numerous discovery orders that resulted in Bouka receiving what he asks this court to order and, in particular, that the

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

arbitrator has considered and rejected Bouka's attempt to obtain the confidential settlement between the Symbion entities that are parties to the ICDR Arbitration and ESAH Mandroseza Ltd/Alpha Innovations Management Limited that Bouka makes a centerpiece of his request to this Court.

In addition, neither of the "foreign proceedings" Bouka invokes is suitable for a § 1782 subpoena. His reference to the so-called "criminal" proceeding in Madagascar—a proceeding in the country's "anti-corruption" court and upon which Bouka places so much weight as the complainant in that proceeding—is a sham. Bouka has written a signed statement to the prosecutor in that proceeding renouncing his complaint, specifically asking "to withdraw my complaint," and stating that his decision is "final." *See* Ex. A, attached. Bouka's renunciation of the Madagascar proceeding is a bar to his reliance on that proceeding as a basis to gather further documentation. Moreover, as Bouka concedes, the Madagascar "proceeding" that will determine whether there will be any charges at all, remains preliminary, and subject to dismissal based on a pending appeal. As such, Bouka acknowledges he does not have "the right to participate in [those] proceedings" unless and until the appellate court agrees and "the matter is remanded for trial." Dkt. 2 at 9. Given that Bouka has directed that his complaint be withdrawn, *see* Ex. A, it is hard to understand how that complaint could be a premise for Section 1782 relief.

The contemplated French "proceeding" fares no better as a premise for Bouka's application. Bouka claims it is "in reasonable contemplation," but that proceeding is a mirage whose sole purpose is to provide a foothold to obtain discovery that the ICDR Arbitrator has already rejected. While Bouka suggests this new proceeding "will be to declare [that] the [Groupe Filatex] transaction was unlawful and void," Dkt. 2 at 10, he acknowledges he has no idea what the terms of that transaction were because "public reports have not disclosed exactly how Goupe Filatex … own[s] the [Mandroseza] plant." *Id.* at 9.

Finally, the subpoena to the individual, Paul Hinks, is not appropriate because Hinks does not currently reside in this district.

Together, these facts undermine two of the three necessary statutory factors: the use of the discovery sought in a foreign proceeding and the presence of the target in this district. *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012).

Perhaps most pertinently at this stage of the matter, intervention is necessary to provide the Court the critical information that bears on the decision of whether the Court should exercise its discretion to grant the subpoenas under the four criteria set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 244-45 (2004). First, this application attempts to circumvent discovery decisions that have already been resolved during these disputes between the parties in the ICDR Arbitration. Bouka's company Vision Indian Ocean (V.I.O.) is currently engaged in those proceedings against three of the Symbion entities where he has access to the documents he seeks here, except for the settlement with ESAH/Alpha. Any other document that Bouka seeks for his speculative French lawsuit can be obtained directly from Groupe Filatex, if he ever files the French claim he is "contemplating." Second, the nature of the purported foreign proceedings disfavors production: the criminal "proceedings" do not yet actually exist because they are subject to further review in Madagascar and, more importantly, subject to dismissal, as

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

previously "final[ly]" disavowed by Bouka; and there is insufficient basis to conclude the purported French proceeding will ever move forward. Third, Bouka has not made a sufficient showing that there is receptivity of the foreign tribunals to the discovery he seeks. And, finally, the scope of the proposed subpoenas is unduly intrusive and burdensome because they seek documents and testimony either already produced, already ruled on in pending binding ICDR Arbitration, available from third parties, or otherwise protected by confidentiality.

One further matter, in our view, should be immediately brought to this Court's attention, as it bears directly on this Court's exercise of its discretionary authority. Bouka's extensive papers filed *ex parte* with the Court appear to be a calculated, and somewhat desperate, effort to convey on the public record to the detriment of Symbion's reputation and integrity, a false narrative of lurid allegations of criminal activity and contract breaches. These assertions are false, unfair, and damaging. These purported issues are all currently being vigorously contested before a private arbitrator and have been confidentially resolved, except for a small portion of Bouka's remaining, unsupportable claims. This 1782 proceeding is, in our view, an attempt to violate the confidentiality that Bouka agreed to in the original agreements that triggered the ICDR Arbitration. His remedy is there, not before this Court, where Bouka seeks to do an end-run around the arbitrator's rulings, which did not favor him, and the confidentiality of that proceeding, which protects all parties, including Bouka. In our view, Bouka's attempt to enlist this Court in his effort to leverage a result he does not deserve, and cannot support legally, should not be condoned. Rather we will request a hearing to determine whether sufficient basis exists to sanction Bouka for what we believe are his unsupportable allegations in violation of Rule 11.

Accordingly, Symbion requests the Court (i) grant its request to intervene; (ii) order its opposition to be filed on or before April 22, 2022; and (iii) order that any reply by Bouka should be filed on or before May 6, 2022.

Respectfully submitted,

Richard D. Emery

Enclosure
cc.   All counsel of Record