# Exhibit A

**INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION ("ICDR")**
**INTERNATIONAL ARBITRATION TRIBUNAL**

BETWEEN:

SYMBION ENERGY HOLDINGS LTD. (CYPRUS)
SYMBION POWER HOLDINGS LLC
SYMBION POWER LLC

AND:

ALPHA INNOVATIONS MANAGEMENT, LTD. (BVI), ESAH MANDROSEZA LTD. (CYPRUS),
AND VISION INDIAN OCEAN (V.I.O.) SA (MADAGASCAR)

**ICDR CASE NO.: 01-20-0000-4822**

---

# PROCEDURAL ORDER NO. 4 (PO#4)
## DOCUMENT PRODUCTION
### 4 JUNE 2021

---

**I.      Procedural Background**

1. On 26 March 2021, pursuant to the process set out in Procedural Order No. 1, the Claimants and the Respondents each submitted their Memorials (written argument together with legal authorities, reliance exhibits, witness statements and expert reports).

2. On 23 April 2021, each Party made its document production requests of the other Party. Claimants made 67 document requests and Respondents made 40 document requests.

3. On 7 May 2021, the Parties exchanged their responses and objections to the other's document requests.

4. On 14 May 2021, the Parties submitted an Agreed Statement of Facts with Exhibits.

5. On 21 May 2021, the Parties exchanged their Replies to their document requests and submitted their disputed requests to the Arbitrator.

6. This Procedural Order and its Appendices address the current disputes between the Parties.

**II.     General Objections**

7. Pursuant to the Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association ("AAA Rules") and the Procedure set out in Procedural Order No. 1, which apply to this arbitration, the Parties agreed that they could make certain limited requests for the exchange of documents following their initial exchange of Memorials and reliance evidence.

8. Each Party could request documents or specific categories of documents that it reasonably believed to exist; were not already in its possession, custody or control; were both relevant and material to the outcome of the disputed issues; and were not unduly burdensome balancing the burdens of searching and producing the requested documentation against the cost of doing so and the necessity of achieving a fair, efficient and economical resolution of the case.

9. Both Parties set out certain definitions or instructions for the other in their respective requests, which communicated the scope of the specific requests that followed, as well as certain parameters for production.

10. Certain of these definitions and instructions resulted in general objections based on "boilerplate" language. In one case, a Party's instructions to the other were inconsistent with its own response to the requests made of it, which will be addressed below. However, upon closer review of the specific general objections, the Parties appear to

agree to the above-stated principles and only objected to the extent that a particular request went beyond those principles.

11. However, with respect to the vast majority of requests, the Parties took different approaches in the application of their general objections to the individual request. This resulted in the Arbitrator having to provide rulings with respect to 5 of Claimants' 67 requests and 38 of Respondents' 40 requests.

12. Each specific document production request for which a determination by the Arbitrator has been requested is decided in the attached Appendix A (Claimants' Requests) and Appendix B (Respondents' Requests) to this Procedural Order. For the avoidance of doubt, an order for a Party to produce the requested documents as described in the Appendices does not require a Party to do any of the following:

    a.  Produce any documents not within their possession, custody or control;

    b.  Produce any documents already within the other Party's possession, custody or control (or equally available to that Party) or already submitted in the Arbitration;

    c.  Produce documents in a form in which they are not maintained in the ordinary course of business (unless doing so would reduce the cost of production); or

    d.  Produce documents or information that is protected from disclosure by any confidentiality agreements, court orders, the attorney-client privilege, the work product doctrine, or any other applicable privilege.

13. With respect to the documents that a Party has voluntarily agreed to produce, if a Party takes the position that production in response to a particular document request would be overly broad, unduly burdensome, not relevant, or not proportional to the needs of the case, that objection must be raised in the context of that specific request and discussed. If no agreement can be reached, the objection will be ruled upon considering the specific request and the required search. None of these objections are mature for consideration at this stage, but it has been noted that the Parties have reserved their rights.

14. To the extent either Party's search for responsive documents ordered to be produced yields a number of documents that is disproportionate to the needs of the case and would be unduly burdensome to produce, the Parties are directed to confer to narrow the scope of production using mutually agreed-upon parameters. If no agreement can be reached, the dispute may be brought to the Arbitrator for resolution.

15. The Arbitrator has noted that the treatment of privileged or otherwise withheld documents generated inconsistent positions by the Respondents in their requests compared to their objections to the Claimants' requests. The Respondents' instruction

number 5 in the Respondents' Requests directs the Claimants to log such documents and their general objection number 10 to Claimants' requests objects to logging any such documents they withhold from production. It is not known whether the Parties have reached an agreement on this issue. The Parties have not made a request for directions at this stage and, accordingly, none have been provided.

### III.  Specific Objections – Redfern/Stern Schedules

16. As noted above, the Parties' specific objections in relation to their requests will be resolved in the Appendices to this Procedural Order. For brevity, the Appendices only include the disputed requests for which an order has been requested at this stage.

17. In Appendix A (Claimants' Document Requests), orders are provided in respect of five requests: Document Request Nos. 3, 62, 63, 64 and 65.

18. In Appendix B (Respondents' Document Requests), orders are provided in request of 38 requests (all except Request Nos. 33 and 38).

19. For all Document Requests where there remains an unresolved objection as to relevance, an order for production has only been made in cases where the Arbitrator is satisfied that the requesting party has established both the relevance and materiality of the documents requested to be produced (as narrowed in reply, if applicable). Relevance has been determined based on the pleadings to this stage, including any reservation of rights contained in those pleadings as to specific allegations to be brought in the Arbitration.

### IV.  Amendments

20. This Procedural Order No. 4 may be amended or supplemented, and the procedures for the conduct of this arbitration modified, pursuant to such further directions or Procedural Orders as the Arbitrator may from time-to-time issue.

Place of arbitration:   New York, New York, U.S.A.

4 June 2021.

Tina M Cicchetti
Sole Arbitrator

**INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION ("ICDR")**
**INTERNATIONAL ARBITRATION TRIBUNAL**

---

BETWEEN:

**SYMBION ENERGY HOLDINGS LTD. (CYPRUS)**
**SYMBION POWER HOLDINGS LLC**
**SYMBION POWER LLC**

AND:

**ALPHA INNOVATIONS MANAGEMENT, LTD. (BVI), ESAH MANDROSEZA LTD. (CYPRUS),**
**AND VISION INDIAN OCEAN (V.I.O.) SA (MADAGASCAR)**

**ICDR CASE NO.: 01-20-0000-4822**

---

**APPENDIX A TO PROCEDURAL ORDER NO. 4**
**CLAIMANTS' DOCUMENT REQUESTS**

---

| Document Request Topic A: Symbion's Management Fees and Expenses. | |
|---|---|
| **Claimants' Document Request No. 3** | |
| A.   Identification of the specific document(s) or categories of documents that have been requested | Any and all Communications between any of Mr. Sandy Oppenheim, Mr. Stibbe and employees of ESAH or Alpha between 28 February 2018 and 31 December 2018 Relating to the Oral Agreement and specifically Relating to (i) Alpha's withdrawals of USD 300,000 per month or (ii) Symbion's withdrawals of up to USD 100,000 per month. |
| B.   Relevance and materiality:<br><br>(1)      Paragraph reference to submissions<br><br>(2)      Comments as to (a) relevance, and<br><br>        (b) materiality | (1)      Claimant's Memorial, paras. 303-312.<br><br>(2)      (a) Relevant because Symbion's position is that there was a valid and binding agreement concluded between Mr. Hinks and Mr. Oppenheim in January 2018 and that this was evidenced by the parties' conduct in performing that agreement.<br><br>        (b) Material because Symbion reasonably believes that Communications must exist Relating to the parties' performance of the Oral Agreement, which will demonstrate that Alpha/ESAH viewed it as binding and performed it during 2018. |
| C.   Summary of objections by disputing Party to production of requested documents | Respondents object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, in particular to the extent it seeks "Any and all Communications."  Respondents further object to this Request as vague and ambiguous regarding the phrase "Oral Agreement."<br><br>Subject to and without waiving these objections and/or the General Objections, and without conceding the existence of any purported oral agreement(s), Respondents will produce non-privileged documents between 28 February 2018 and 31 December 2018 relating to the meeting between Mr. Oppenheim and Mr. Hinks in Kissimmee, Florida to the extent such documents exist and are within Respondents' possession, custody, |

| | or control and can be located by a reasonable search and investigation.  Respondents will not produce again documents they have already produced in this arbitration or submitted as part of any prior filing to Claimants and Madame Arbitrator. |
|---|---|
| D.   Reply | Claimants do not accept Respondents' specific objections to this Request or the General Objections.  Firstly, the Request is not overly broad or burdensome – it is narrowed by date range, topic and sender/recipient. Secondly, there is nothing ambiguous about the term "Oral Agreement"; it is defined in Claimants' Memorial at paragraph 120 and this definition was incorporated by reference herein.  *See supra* General Definitions, para. 10.<br><br>Claimants note Respondents' representation that they will produce non-privileged Documents "*between 28 February 2018 and 31 December 2018 relating to the meeting between Mr. Oppenheim and Mr. Hinks in Kissimmee, Florida*".<br><br>Claimants consider this to be an inappropriate, unjustifiable, and prejudicial narrowing of the request. Claimants' Request was not narrowed to Documents relating to the meeting in Kissimmee in January 2018.  (Notably, Claimants maintain that other Communications relevant to the Oral Agreement took place besides the meeting in Kissimmee; *see, e.g.*, Claimants' Memorial, para. 120; Ex. C-24.)  Rather, Claimants' Request expressly sought all Documents "Relating to (i) Alpha's withdrawals of USD 300,000 per month or (ii) Symbion's withdrawals of up to USD 100,000 per month". Claimants have explained the relevance and materiality of such documents, which are central to the dispute between the parties and to Claimants' case that the parties performed the Oral Agreement throughout 2018.<br><br>Therefore, Claimants **seek an order that Respondents produce Documents responsive to this Request (as drafted, and not as amended by Respondents).** |

| E.  Arbitrator's Decision | The Arbitrator considers that (1) the Claimants have established the relevance and materiality of the requested documents as requested in Request No. 3, (2) the Respondents have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case, and (3) the term "Oral Agreement" is not vague, as it is a defined term in Claimants' Memorial.<br><br>Respondents are ordered to produce:<br><br>Any and all Communications between any of Mr. Sandy Oppenheim, Mr. Stibbe and employees of ESAH or Alpha between 28 February 2018 and 31 December 2018 Relating to the Oral Agreement and specifically Relating to (i) Alpha's withdrawals of USD 300,000 per month or (ii) Symbion's withdrawals of up to USD 100,000 per month. |
|---|---|

| Document Request Topic M: Fraudulent Misrepresentation as to Mr. Stibbe's Prior Business Activities. | |
|---|---|
| **Claimants' Document Request No. 62** | |
| A. Identification of the specific document(s) or categories of documents that have been requested | Any and all invoices Relating to the sale by Mr. Stibbe and/or Mr. Oppenheim and/or companies associated with them (including but not limited to LR Group), to the Dos Santos regime in Angola (or individuals connected with it any of (i) Elbit artillery systems; (ii) IMI mortar bombs and artillery shells; (iii) Bell 212 helicopters; (iv) Sukhoi Su-27 fighter planes and/or (iv) Ukrainian radar systems. |
| B. Relevance and materiality:<br><br>(1) Paragraph reference to submissions<br><br>(2) Comments as to (a) relevance, and<br><br>    (b) materiality | (1) Claimants' Memorial, paras. 274, 411.<br><br>(2) (a) Relevant because it is Symbion's case that Alpha fraudulently misrepresented to it that Mr. Stibbe and Mr. Oppenheim were "*impact investors*" in Africa, and this representation induced Symbion into contracting with Alpha because it considered that its investment ethos was similar to Symbion's own.<br><br>    (b) Material because Symbion reasonably believes that the requested Documents will demonstrate that Mr. Stibbe had, in fact, made his fortune selling arms which were used in conflicts. Had Symbion known this at the time it entered into the SHA, it would not have contracted with Alpha. |
| C. Summary of objections by disputing Party to production of requested documents | Respondents object to this Request as not relevant or material to the outcome of the disputed issues.  Respondents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, in particular to the extent it seeks "Any and all invoices" relating to alleged companies associated with Mr. Stibbe and/or Mr. Oppenheim and various third parties. |

| | Respondents will not produce documents responsive to this Request. |
|---|---|
| D.   Reply | Claimants dispute Respondents' objections to this Request and the General Objections. |
| | Firstly, the Request is not overly broad, unduly burdensome or disproportionate. The Documents requested constitute a narrow category, confined to a single Document type (*viz.* invoices) and subject matter (pertaining to specific pieces of weaponry identified in the Request, which were allegedly sold by Mr. Stibbe and/or companies associated with him). |
| | Secondly, the requested Documents are plainly relevant and material to the outcome of disputed issues. It is Claimants' case that Alpha misrepresented that it was an "impact investor" and thereby induced Claimants to enter into the Contract on the basis of purported synergies between the parties' investing ethos. The requested Documents are material to demonstrating that this representation was untrue. Alpha/Mr Oppenheim omitted to mention that Mr Stibbe's fortune had been made in arms dealing and therefore, the presentation of Alpha's investment ethos as ethical "impact investing" was such a one sided version of the facts as to amount to a travesty (see Claimants' memorial paragraph 407). Had Claimants been aware of the true position, they would not have contracted with Alpha. |
| | Third, it is only in respect of Requests in this Topic M that Respondents have declared – even before the Arbitrator's ruling on this Request – that they will not produce Documents relating to Mr. Stibbe's business activities.  Claimants reserve the right to request adverse inferences in respect of Respondents' refusal to disclose. |
| | Therefore, Claimants **seek an order compelling Respondents to produce Documents responsive to this Request.** |

| E.   Arbitrator's Decision | None of the claims in this Arbitration relate to events in Angola. Thus, document requests that seek documents that prove or disprove those alleged events are not directly relevant to the issues in dispute in this Arbitration or material to its outcome. |
|---|---|
| | Claimants allege that Alpha misrepresented that it was an "impact investor" or, more generally, that Symbion would not have partnered with the Respondents if it had been aware, at the time, of the individual shareholders' alleged previous business activities through entities unrelated to this Arbitration. The issue in this Arbitration is not whether the specific alleged transactions for which the invoices are sought actually took place. The Claimants' allegations are directed at the Respondents' shareholders' reputation(s) as a result of those alleged transactions. The requested documents are not relevant or material to the outcome of the dispute between the Parties. |
| | Further, the request, on its face, requests invoices issued by other entities who are not parties to this dispute (or in any way related to this dispute) and is also overly broad. |
| | The Claimants' Request No. 62 is denied. |

| Claimants' Document Request No. 63 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested | Any and all Documents relevant to the investigation by Human Rights Watch into LR's involvement in 2001 in delivering a shipment of Iranian anti-tank rockets and other military equipment to Angola via Slovakia, Israel and Tanzania. |
| B.  Relevance and materiality:<br><br>  (1)  Paragraph reference to submissions<br><br>  (2)  Comments as to (a) relevance, and<br><br>    (b) materiality | (1)  Claimants' Memorial, paras. 276, 411; Exhibit C-169.<br><br>(2)  (a)  Relevant because it is Symbion's case that Alpha fraudulently misrepresented to it that Mr. Stibbe and Mr. Oppenheim were "*impact investors*" in Africa, and this representation induced Symbion into contracting with Alpha because it considered that its investment ethos was similar to Symbion's own.<br><br>  (b)  Material because the Human Rights Watch report references email communications with LR about these arms transactions (*see* Exhibit C-169, p. 34 – footnote 122), and Symbion reasonably believes that the requested Documents will demonstrate that Mr. Stibbe's past dealings were unethical, contrary to recognised norms of human rights and antithetical to Symbion's investment ethos.  Had Symbion known this at the time it entered into the SHA, it would not have contracted with Alpha. |
| C.  Summary of objections by disputing Party to production of requested documents | Respondents object to this Request as not relevant or material to the outcome of the disputed issues.  Respondents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, in particular to the extent it seeks "Any and all Documents" regarding third parties wholly unrelated to the disputed issues in this case.<br><br>Respondents will not produce documents responsive to this Request. |

| | |
|---|---|
| D.   Reply | Claimants dispute Respondents' objections to this Request and the General Objections.<br><br>Firstly, the Request is not overly broad, unduly burdensome or disproportionate. The Documents requested constitute a narrow category related to one particular, dated, investigation by a named NGO into Mr Stibbe's sale of weapons to Angola through specified other countries.  The Documents should be ready locatable as the NGO indicates that a response email was received from L.R. Avionics Technologies Ltd.'s joint general manager Roy Ben Yami.  (*See* Ex. C-169, p. [34] & nn.122-123.)<br><br>Secondly, the requested Documents are plainly relevant and material to the outcome of disputed issues. It is Claimants' case that Alpha misrepresented that it was an "impact investor" and thereby induced Claimants to enter into the Contract on the basis of purported synergies between the parties' investing ethos. The requested Documents are material to demonstrating that this representation was untrue. Alpha/Mr Oppenheim omitted to mention that Mr Stibbe's fortune had been made in arms dealing and therefore, the presentation of Alpha's investment ethos as ethical "impact investing" was such a one sided version of the facts as to amount to a travesty (see Claimants' memorial paragraph 407). Had Claimants been aware of the true position, they would not have contracted with Alpha.<br><br>Third, it is only in respect of Requests in this Topic M that Respondents have declared – even before the Arbitrator's ruling on this Request – that they will not produce Documents relating to Mr. Stibbe's business activities.  Claimants reserve the right to request adverse inferences in respect of Respondents' refusal to disclose.<br><br>Therefore, Claimants **seek an order compelling Respondents to produce Documents responsive to this Request.** |

| E.   Arbitrator's Decision | None of the claims in this Arbitration relate to events in Angola. Thus, document requests that seek documents that prove or disprove those alleged events are not directly relevant to the issues in dispute in this Arbitration or material to its outcome. |
| --- | --- |
| | Claimants allege that Alpha misrepresented that it was an "impact investor" or, more generally, that Symbion would not have partnered with the Respondents if it had been aware, at the time, of the individual shareholders' alleged previous business activities through entities unrelated to this Arbitration. The issue in this Arbitration is not related to the specific communications sought. The Claimants' allegations are directed at the Respondents' shareholders' reputation(s) as a result of those alleged communications. The requested documents are not relevant or material to the outcome of the dispute between the Parties. |
| | Further, the request, on its face, requests invoices issued by other entities who are not parties to this dispute (or in any way related to this dispute) and is also overly broad. |
| | The Claimants' Request No. 63 is denied. |

| Claimants' Document Request No. 64 | |
| --- | --- |
| A.  Identification of the specific document(s) or categories of documents that have been requested | Any and all Documents Relating to the credit line provided by Luminar Finance to the Dos Santos government for projects to be undertaken by Mitrelli and Vital Capital. |
| B.  Relevance and materiality:<br><br>(1)   Paragraph reference to submissions<br><br>(2)   Comments as to (a) relevance, and<br><br>          (b) materiality | (1)   Claimants' Memorial, paras. 278, 411.<br><br>(2)   (a) Relevant because it is Symbion's case that Alpha fraudulently misrepresented to it that Mr. Stibbe and Mr. Oppenheim were "*impact investors*" in Africa, and this representation induced Symbion into contracting with Alpha because it considered that its investment ethos was similar to Symbion's own.<br><br>     (b) Material because Symbion reasonably believes that the requested Documents will demonstrate the closeness of the ties between Mr. Stibbe/entities linked to Mr. Stibbe, and the Dos Santos regime in Angola. Symbion contracted with Alpha on the basis that Mr. Stibbe's company, Vital Capital, was presented as an ethical, impact investor.  Had Symbion known at the time it entered into the SHA, that Vital Capital and associated entities were undertaking projects for the Dos Santos regime funded by a line of credit provided by another entity related to Mr. Stibbe and his associates, it would not have contracted with Alpha. |
| C.  Summary of objections by disputing Party to production of requested documents | Respondents object to this Request as not relevant or material to the outcome of the disputed issues.  Respondents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, in particular to the extent it seeks "Any and all Documents" regarding third parties wholly unrelated to the disputed issues in this case. |

| | Respondents will not produce documents responsive to this Request. |
|---|---|
| D.   Reply | Claimants dispute Respondents' objections to this Request and the General Objections.<br><br>Firstly, the Request is not overly broad, unduly burdensome or disproportionate. The Documents requested Relate to a single credit line between two specified entities (Luminar and the Dos Santos regime) for a specified purpose (funding of projects undertaken by two other, named, entities).<br><br>Secondly, the requested Documents are plainly relevant and material to the outcome of disputed issues. It is Claimants' case that Alpha misrepresented that it was an "impact investor" and thereby induced Claimants to enter into the Contract on the basis of purported synergies between the parties' investing ethos. The requested Documents are material to demonstrating that this representation was untrue. Alpha/Mr Oppenheim omitted to mention that Mr Stibbe had a close working relationship with the Dos Santos regime and therefore, the presentation of Alpha's investment ethos as ethical "impact investing" was such a one sided version of the facts as to amount to a travesty (see Claimants' memorial paragraph 407). Had Claimants been aware of the true position, they would not have contracted with Alpha.<br><br>Third, it is only in respect of Requests in this Topic M that Respondents have declared – even before the Arbitrator's ruling on this Request – that they will not produce Documents relating to Mr. Stibbe's business activities.  Claimants reserve the right to request adverse inferences in respect of Respondents' refusal to disclose.<br><br>Therefore, Claimants **seek an order compelling Respondents to produce Documents responsive to this Request.** |

| E.   Arbitrator's Decision | None of the claims in this Arbitration relate to the Dos Santos regime. Thus, document requests that seek documents that prove or disprove lending to that regime are not directly relevant to the issues in dispute in this Arbitration or material to its outcome. |
|---|---|
| | Claimants allege that Alpha misrepresented that it was an "impact investor" or, more generally, that Symbion would not have partnered with the Respondents if it had been aware, at the time, of the individual shareholders' alleged previous business activities through entities unrelated to this Arbitration. The issue in this Arbitration is not whether other entities provided a credit line. The Claimants' allegations are directed at the Respondents' shareholders' reputation(s) as a result of those alleged transactions. The requested documents are not relevant or material to the outcome of the dispute between the Parties. |
| | Further, the request, on its face, requests documents from entities who are not parties to this dispute (or in any way related to this dispute) and is also overly broad. |
| | The Claimants' Request No. 64 is denied. |

| Claimants' Document Request No. 65 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | Any and all Documents related to the present Angolan government's investigation into business dealings between any of Mr. Stibbe, entities linked to Mr. Stibbe (including, but not limited to LR Group, Mitrelli, and Vital Capital) and of Sonangol, Isabela Dos Santos, Eduardo Dos Santos and/or the Angolan government prior to 2017. |
| B.  Relevance and materiality:<br><br>(1)   Paragraph reference to submissions<br><br>(2)   Comments as to (a) relevance, and<br><br>     (b) materiality | (1)   Claimants' Memorial, paras. 279, 411<br><br>(2)   (a) Relevant because it is Symbion's case that Alpha fraudulently misrepresented to it that Mr. Stibbe and Mr. Oppenheim were "*impact investors*" in Africa, and this representation induced Symbion into contracting with Alpha because it considered that its investment ethos was similar to Symbion's own.<br><br>     (b) Material because Symbion reasonably believes that the requested Documents will demonstrate the closeness of the ties between Mr. Stibbe/entities linked to Mr. Stibbe, and the Dos Santos regime in Angola, and will likely demonstrate that such dealings were corrupt. Symbion contracted with Alpha on the basis that Mr. Stibbe's company, Vital Capital, was presented as an ethical, impact investor. Had Symbion known at the time it entered into the SHA that Vital Capital and associated entities were closely linked to the Dos Santos regime, and their business dealings with that regime were subject to investigation by the Angolan Government, it would not have contracted with Alpha. |
| C.  Summary of objections by disputing Party to production of requested documents | Respondents object to this Request as not relevant or material to the outcome of the disputed issues.  Respondents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, in particular to the extent |

| | it seeks "Any and all Documents" regarding third parties wholly unrelated to the disputed issues in this case. |
| | Respondents will not produce documents responsive to this Request. |
| D.   Reply | Claimants dispute Respondents' objections to this Request and the General Objections. |
| | Firstly, the Request is not overly broad, unduly burdensome or disproportionate. The Documents requested Relate to a specified investigation being undertaken by the Angolan government. |
| | Secondly, the requested Documents are plainly relevant and material to the outcome of disputed issues. It is Claimants' case that Alpha misrepresented that it was an "impact investor" and thereby induced Claimants to enter into the Contract on the basis of purported synergies between the parties' investing ethos. The requested Documents are material to demonstrating that this representation was untrue. Alpha/Mr Oppenheim omitted to mention that Mr Stibbe's fortune had been made in arms dealing and that his involvement with the previous Angolan regime was under investigation and likely corrupt. The presentation of Alpha's investment ethos as ethical "impact investing" was such a one sided version of the facts as to amount to a travesty (see Claimants' memorial paragraph 407).  Had Claimants been aware of the true position, they would not have contracted with Alpha. |
| | Third, it is only in respect of Requests in this Topic M that Respondents have declared – even before the Arbitrator's ruling on this Request – that they will not produce Documents relating to Mr. Stibbe's business activities.  Claimants reserve the right to request adverse inferences in respect of Respondents' refusal to disclose. |

| | |
|---|---|
| | Therefore, Claimants **seek an order compelling Respondents to produce Documents responsive to this Request**. |
| E.   Arbitrator's Decision | None of the claims in this Arbitration relate to business dealings in Angola. Thus, document requests that seek documents related to investigations into those business dealings are not directly relevant to the issues in dispute in this Arbitration or material to its outcome.

Claimants allege that Alpha misrepresented that it was an "impact investor" or, more generally, that Symbion would not have partnered with the Respondents if it had been aware, at the time, of the individual shareholders' alleged previous business activities through entities unrelated to this Arbitration. The issues in this Arbitration do not turn on those business activities or any related investigation into those shareholders. The Claimants' allegations are directed at the Respondents' shareholders' reputation(s) as a result of those alleged business dealings. The requested documents are not relevant or material to the outcome of the dispute between the Parties.

Further, the request, on its face, documents from other entities who are not parties to this dispute (or in any way related to this dispute) and is also overly broad.

The Claimants' Request No. 65 is denied. |

**INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION ("ICDR")**
**INTERNATIONAL ARBITRATION TRIBUNAL**

BETWEEN:

SYMBION ENERGY HOLDINGS LTD. (CYPRUS)
SYMBION POWER HOLDINGS LLC
SYMBION POWER LLC

AND:

ALPHA INNOVATIONS MANAGEMENT, LTD. (BVI), ESAH MANDROSEZA LTD. (CYPRUS),
AND VISION INDIAN OCEAN (V.I.O.) SA (MADAGASCAR)

**ICDR CASE NO.: 01-20-0000-4822**

**APPENDIX B TO PROCEDURAL ORDER NO. 4**
**RESPONDENTS' DOCUMENT REQUESTS**

| Document Request No. 1 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting Claimants' development and pre-rehabilitation work in connection with the Plant, including but not limited to all documents and communications referenced in and/or relating to the paragraph numbers listed below and/or Exhibit C-31, beginning from January 2014. |
| B.  Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶¶ 28, 46; Hinks Stmt. ¶ 26; McCann Stmt. ¶¶ 10-12, 21; Respondents' Memorial ¶¶ 58-77.<br><br>(2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, and (ii) Claimants' claims concerning the parties' course of dealing and their alleged entitlement to recoup some portion of their alleged up-front costs. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object on the grounds that the request is unduly broad. It does not provide reasonable search parameters. In particular, it is not narrowed by a reasonable date range (it requests all documents from 2014 to the present day); or type of document; or sender/recipient. The request imposes a disproportionate burden on Claimants.<br><br>Claimants further object on the grounds that the requested Documents are not relevant or material. Respondents have made no explanation for why the requested Documents would be "*potentially*" relevant and material to "*Respondents' claims concerning misappropriation of funds*" or "*Claimants' claims regarding the parties' course of dealing…*". The request makes no reference to any alleged misappropriation of funds or course of dealing. Indeed, it appears that Respondents themselves are not sure whether such Documents would be material, but consider that they "*potentially*" might be. This makes plain that Respondents' intention is to review all of Claimants' Documents related to the project, in the hope of finding ammunition for existing or future claims. This is not an appropriate use of the document production process. |
| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents or communications "concerning or reflecting Claimants' development and pre-habilitation work in connection with the Plant," which presumably would be dated between 2015-2016, since Claimants |

assert that this work was completed prior to Respondents' involvement in the Plant.  Furthermore, the Request is sufficiently tailored because it provides an example (Exhibit C-31) of the types of documents and communications Respondents expect to be responsive to this Request.  However, to facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the date range from January 1, 2015 to May 26, 2016.

Furthermore, the requested documents and communications are clearly relevant and material to the issues in dispute.  Claimants take issue with Respondents "potentially relevant" language, but Respondents simply used this language because it is Respondents' position that Claimants' theories lack legal merit; to the extent Respondents have to defend against Claimants' legal theories, Respondents require the requested documents and communications to properly mount a defense.

The requested documents and communications are relevant because Respondents' position is that Claimants misrepresented the capital and amount of work they put into the rehabilitation of the Plant.  Claimants represented to Mr. Oppenheim that they invested approximately $300,000 in the Plant as of November 8, 2016.  In a showing of goodwill, Respondents rounded Claimants' investment in the plan to $1 million, as stated in the Shareholders Agreement.  However, Claimants now state that they spent significantly more than even $1 million, alleging that "as of the MoU, Symbion had invested US$2.7 million in the Project…."  Claimants' Memorial ¶ 46.  In support of this figure, Claimants cite a single Excel spreadsheet (Exhibit C-31) which purports to list 2015-2016 expenses totaling that amount.  Claimants have produced no other documentation evidencing their alleged expenses.  Documents and communications clearly reflecting the funds used by Claimants in development and rehabilitation costs are therefore relevant testing the accuracy of Claimants' allegations with respect to amounts spent on development and pre-rehabilitation work.  This Request is material because Respondents reasonably believe that the requested documents and communications will demonstrate that Claimants spent significantly less than they claim on development and pre-rehabilitation work in relation to the Plant.

Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply.

ICDR Case No. 01-20-0000-4822
PO#4 – Document Production
Appendix B – Respondents' Requests
Page 3

| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>Claimants are ordered to produce:<br><br>All documents and communications concerning or reflecting Claimants' development and pre-rehabilitation work in connection with the Plant, including but not limited to all documents and communications referenced in and/or relating to the paragraph numbers listed in Row B(1) above and/or Exhibit C-31, from January 1, 2015 to May 26, 2016. |
|---|---|

| Document Request No. 2 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All communications with, and documents concerning or reflecting communications with, the Malagasy government, including but not limited to the President(s), ministries, and/or Jirama, regarding the Plant, Claimants' work in Madagascar, and/or Respondents, beginning from January 2014. |
| B.  Relevance and materiality:<br>(1) paragraph numbers to submissions,<br>(2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶¶ 26-30, 187-193; Hinks Stmt. ¶¶ 11-14, 16-25; Respondents' Memorial ¶¶ 52 n.2; 98-104, 113-114, 121-122.<br><br>(2) Relevant and material to (i) Respondents' claims concerning Symbion's mismanagement of and interference with the Plant and Claimants' communications with third parties, and (ii) Claimants' claims concerning their entitlement to recoup some portion of their alleged up-front costs. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object on the grounds that the request is unduly broad. It does not provide reasonable search parameters.  Further, the topic of the requested Documents ("*regarding the Plant, Claimants' work in Madagascar, and/or Respondents*") is broad enough to catch almost any conceivable communication that Claimants might have had with anyone in the Malagasy Government, and the Plant's only customer, Jirama. In addition, Respondents request such Documents for a seven-year period. It would be entirely disproportionate for Claimants to comply with this request. |

| | | |
|---|---|---|
| | | Claimants further object on the grounds that Respondents have failed to demonstrate how the requested Documents are "*relevant and material to the outcome of disputed issues.*" Respondents make general assertions that the Documents may be related to some of their claims (for example that the requested Documents are relevant to Claimants' alleged "*mismanagement of the plant*" or "*relevant… to Claimants' communications with third parties*"). It is not obvious how such Documents could be relevant to these claims. This explanation is plainly insufficient. Respondents do not explain what facts they expect to evidence with the requested Documents. |
| D. Reply; | | Claimants' objection on the grounds of breadth is overstated.  Communications with representatives of the Malagasy government and/or Jirama do not occur on a daily, or even weekly, basis.  However, to facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the Request to include all documents and communications (including the to/from/cc/bcc fields) involving any one of Paul Hinks, Mirela Comaniciu, Richard Westbury, Ian McCann, Zelda Weitz, and Hector Alcantara.

Furthermore, this Request is clearly relevant and material to the issues in dispute.  It is relevant because Respondents assert that Claimants mismanaged the Plant until February 2020 and interfered with Respondents' operation of the Plant from February 2020 on.  This Request is material because Respondents reasonably believe that documents and communications responsive to this Request will demonstrate Claimants' years-long mismanagement of the Plant, as well as their interference with the operation of the Plant from 2020 on, including, but not limited to, their instructions to Jirama to not pay the Plant.  This Request is also material because Respondents reasonably believe that responsive documents will demonstrate that Claimants could not have spent $2.7 million in rehabilitation costs.

Moreover, Respondents have reason to believe that Claimants have been making disparaging and/or defamatory statements regarding Respondents to government officials and other third parties.  Respondents expressly reserved the right to pursue claims arising out of such conduct after taking discovery regarding those communications and are seeking such discovery now.  Respondents' Memorial, ¶ 52 n.2.

Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and involve the individuals Respondents propose in this Reply. |

| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>Claimants are ordered to produce:<br><br>All documents and communications (including the to/from/cc/bcc fields) involving any one of Paul Hinks, Mirela Comaniciu, Richard Westbury, Ian McCann, Zelda Weitz, and Hector Alcantara concerning or reflecting communications with the Malagasy government, including but not limited to the President(s), ministries, and/or Jirama, regarding the Plant, Claimants' work in Madagascar, and/or Respondents, beginning from January 2014 |

| Document Request No. 3 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting negotiations, drafts, and alleged modifications of the Shareholders Agreement and/or any of the terms therein, beginning from January 2014. |
| B.  Relevance and materiality:<br>(1) paragraph numbers to submissions,<br>(2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶¶ 57-79, 334-337; Hinks Stmt. ¶¶ 39-40, 44; Respondents' Memorial ¶¶ 15-16, 58-77.<br><br>(2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, and (ii) Claimants' claims concerning the enforceability of the Shareholder Agreements' terms. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object on the grounds that the request is unduly broad. It covers a seven-year period and a wide category of Documents, without narrowing the request by sender or recipient. Further, any such negotiations or drafts would already be in the possession of Respondents and are therefore not to be produced. |

| | |
|---|---|
| | Further, Claimants object on the grounds that Documents internal to Claimants relating to negotiation of the Shareholders' Agreement are likely to be between Claimants and their in-house counsel and are therefore privileged. |
| | Respondents have failed to demonstrate relevance and materiality of the requested Documents. First, it is Respondents' case that the SHA is "*fully integrated*" and contains an entire agreement clause at 13.1, which provides that the SHA and the MoUs (plus addenda) constitute the entire understanding of the parties.  (*See* Respondents' Memorial, para. 21). |
| | Second, Respondents have not made any effort to explain the materiality of **pre**-contractual discussions to the alleged **subsequent** misappropriation of funds. |
| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications "reflecting negotiations, drafts, and alleged modifications of the Shareholders' Agreement and/or any terms therein."  Such negotiations primarily took place in and around November 2016 (when the Shareholders' Agreement was signed), August 2017, March 2018, and April 2018 (when the addenda were signed).  Thus, documents responsive to this Request are presumably dated around these periods.  With respect to the negotiation and agreement of the Shareholders' Agreement, Claimants have asserted that:  the agreement was "hastily drafted," they "did not take legal advice at the time" and they "do not recall that drafts of the Shareholders' Agreement were even exchanged between parties."  Hinks' Statement ¶ 39.  Claimants' objections with respect to breadth and privilege are therefore nothing more than an improperly utilized tactic to avoid their discovery obligations. |
| | Furthermore, this Request is clearly relevant and material to the issues in dispute.  It is relevant because Claimants maintain that they were "rushed and pressured" to agree to the terms of the Shareholders' Agreement, without the advice of counsel, *see* Hinks Stmt. ¶¶ 39-40, which they now state were unfair.  This Request is material because although Respondents dispute that Claimants are legally permitted to avoid the contractual terms based on such arguments, Respondents reasonably believe that non-privileged, contemporaneous documents and communications from Claimants regarding the terms of the Shareholders' Agreement will demonstrate that Claimants believed the terms were fair, and that they willingly signed the Shareholders' Agreement.  Claimants have also taken the position that their misappropriation of Plant funds is somehow justified by the Shareholders' Agreement and/or what was agreed to—and not agreed to—at the time the |

| | |
|---|---|
| | Shareholders' Agreement was signed.  Again, although Respondents dispute the merit of these legal theories, they are entitled to discovery to defend against them. |
| | Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case. The elements of the Parties' agreement are central to this Arbitration and the Claimants have put into question the circumstances surrounding the contractual negotiations alleging that these are also relevant. |
| | Claimants are ordered to produce: |
| | All documents and communications concerning or reflecting negotiations, drafts, and alleged modifications of the Shareholders Agreement and/or any of the terms therein, between October 2016 and April 2018. |

| Document Request No. 4 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting drafts, negotiations, and/or proposed modifications of Memoranda of Understanding and/or Annex A to the May 26, 2016 Memorandum of Understanding, beginning from January 2014. |
| B.  Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶¶ 38-56, 80-89; Respondents' Memorial ¶¶ 58-77.<br><br>(2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, and (ii) Claimants' claims concerning the enforceability of the Shareholder Agreements' terms. |

| | |
|---|---|
| C. Summary of objections by disputing Party to production of requested documents; | Claimants object on the grounds that the request is unduly broad. It covers a seven-year period and a wide category of Documents, without narrowing the request by sender or recipient.<br><br>Further, any such negotiations or drafts would already be in the possession of Respondents and are therefore not to be produced.<br><br>Finally, Claimants object on the grounds that Documents internal to Claimants relating to negotiation of the MoU are likely to be between Claimants and their in-house counsel and are therefore privileged. |
| D. Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications "reflecting drafts, negotiations, and/or proposed modifications" of Memoranda of Understanding.  Negotiations regarding the May 26, 2016 Memorandum of Understanding primarily took place in or around May 2016, and thus, documents responsive to this Request are presumably dated in or around this time.  Negotiations regarding the addenda to the Memorandum of Understanding presumably took place in or around July 2016, September 2016, November 2016 and January 2017.<br><br>Respondents are not asking for privileged documents responsive to this Request.  However, Respondents are entitled to all non-privileged documents and communications, including but not limited to internal Symbion communications, responsive to this Request.  Responsive, non-privileged documents would include, for example, Annex A to the May 26, 2016 Memorandum of Understanding, which Claimants cited to in their opening memorial but did not produce.  *See* Claimants' Memorial ¶ 43 n.75.<br><br>Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request. |
| E. Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case. The elements of the Parties' agreement are central to this Arbitration and the Claimants have put into question the circumstances surrounding the contractual negotiations alleging that these are also relevant. |

| | Claimants are ordered to produce: |
|---|---|
| | All documents and communications concerning or reflecting drafts, negotiations, and/or proposed modifications of Memoranda of Understanding and/or Annex A to the May 26, 2016 Memorandum of Understanding, between May 2016 and January 2017. |

| **Document Request No. 5** | |
|---|---|
| A. Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or relating to the May 13, 2019 shareholders meeting. |
| B. Relevance and materiality:<br>(1) paragraph numbers to submissions,<br>(2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶¶ 149-159; Hinks Stmt. ¶¶ 64-66; Respondents' Memorial ¶¶ 58-77.<br><br>(2) Relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, and (ii) Claimants' claims concerning the enforceability of the Shareholder Agreements' terms. |
| C. Summary of objections by disputing Party to production of requested documents; | Claimants object on the grounds that the request is unduly broad. It does not provide reasonable search parameters.  Respondents request such Documents for the entire period from July 2015 to the April 2021. Respondents do not limit their request by sender or recipient or by the type of Document.<br><br>Claimants further object on the grounds that Respondents have failed to demonstrate how the request is "*relevant and material to the outcome of disputed issues.*" Respondents make general assertions that the Documents may be related to some of the claims in dispute (for example that the requested Documents are "*relevant… to Claimants' claims regarding the enforceability of the Shareholders' Agreement Terms*"). It is not obvious how such documents could be relevant to these claims. This explanation is plainly insufficient. Respondents do not explain what facts they expect to evidence with the requested Documents. |
| D. Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications "concerning or relating to the May 13, 2019 shareholders meeting."  Thus, |

| | documents responsive to this Request would be dated on or around May 13, 2019 and thereafter.  To facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the Request to documents dated from May 1, 2019 through April 23, 2021. |
|---|---|
| | Furthermore, this Request is clearly relevant and material to the issues in dispute.  It is relevant because Respondents maintain that Claimants improperly misappropriated funds from the Plant to pay for various non-plant related expenses, including personal expenses.  Respondents also maintain that Claimants acknowledged their wrongful conduct and, among other things, agreed repay a portion of the amounts improperly taken at the May 13, 2019 meeting.  Claimants maintain that they "had no choice" but to agree to "repay the loan amount of $2 million."  Claimants' Memorial ¶ 155.  The Request is material because Respondents reasonably believe that contemporaneous documents and communications, including internal Symbion communications, regarding the May 13, 2019 shareholders meeting would demonstrate that Claimants agreed to the terms set forth in the meeting minutes, and were in fact fully aware of their wrongful conduct and misappropriation of the Plant's funds. |
| | Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>Claimants are ordered to produce:<br><br>All documents and communications concerning or relating to the May 13, 2019 shareholders meeting dated from May 1, 2019 through April 23, 2021. |

| Document Request No. 6 | |
|---|---|
| A.  Identification of the specific document(s) or categories of | All documents and communications concerning or reflecting alleged oral agreements between the parties. |

| | |
|---|---|
| documents that have been requested; | |
| B.  Relevance and materiality:<br>(1) paragraph numbers to submissions,<br>(2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶¶ 114-125, 300-312; Hinks Stmt. ¶¶ 51-55, 62, 65; Respondents' Memorial ¶¶ 58-77.<br><br>(2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, and (ii) Claimants' claims concerning the enforceability of the Shareholder Agreements' terms. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the basis that it is unduly broad. Claimants have already provided to Respondents the Documents upon which they rely to evidence the existence and content of the Oral Agreement in January 2018 (including the transcript of the call between Mr. Hinks and Mr. Oppenheim at Exhibit C-24).<br><br>It is disproportionate for Respondents to request Claimants to search for any and all Documents (of any kind) between July 2015 and April 2021 which may "*concern*" or "*reflect*" any (unspecified) oral agreements.<br><br>Claimants further object on the basis that Respondents have failed to explain why the requested Documents are relevant and material. Respondents make general assertions that the Documents may be related to some of the claims in dispute (for example that the requested Documents are "*relevant... to Claimants' claims regarding the enforceability of the Shareholders' Agreement Terms*"). It is not obvious how such Documents could be relevant to these claims. This explanation is plainly insufficient. Respondents do not explain what facts they expect to evidence with the requested Documents. |
| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications "concerning or reflecting alleged oral agreements between the parties." Claimants themselves assert that there was only one alleged oral agreement in January 2018 between the parties.  Claimants' Memorial ¶¶ 114-120.  Therefore, documents responsive to this Request would presumably be dated on or around January 2018.  To facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the Request date range from January 1, 2018 through April 23, 2021. |

| | |
|---|---|
| | Moreover, the Request is clearly relevant and material to the issues in dispute.  It is relevant because the parties dispute whether there was an oral agreement between the parties in January 2018.   It is Claimants' position that the parties reached an oral agreement in January 2018.  However, Respondents maintain that the Shareholders' Agreement and MOUs encompass the entirety of the parties' understanding, and that any changes to the agreements had to be made in writing. Furthermore, Respondents never agreed (orally or otherwise) to change the amount of Symbion's management fees or allow them to withdraw funds from the Plant.  The Request is material because Respondents reasonably believe the requested documents and communications, including internal Symbion communications, will demonstrate that there was no oral agreement that impacted Symbion's management fees or permitted them to withdraw funds from the Plant. <br><br> Claimants object to producing additional documents responsive to this Request because they "have already provided" documents "upon which they [will] rely [on] to evidence the existence" of the alleged oral agreement.  Respectfully, this is not a proper objection upon which to deny the production of responsive documents.  Respondents are entitled to non-privileged documents and communications responsive to this Request in order to properly defend against Claimants' allegations. <br><br> Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents (as further defined) and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case. <br><br> Claimants are ordered to produce: <br><br> All documents and communications concerning or reflecting **the alleged Oral Agreement** between the parties from January 1, 2018 through April 23, 2021. |

| Document Request No. 7 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting the "calculations" referenced in paragraph 52 of Hinks' Statement. |
| B.  Relevance and materiality: (1) paragraph numbers to submissions, (2) comments; | (1) Hinks Stmt. ¶ 52; Claimants' Memorial ¶ 119. (2) Potentially relevant and material to evaluating Claimants' allegations relating to the alleged oral agreement. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants reserve the right to object on the grounds that the request is unduly broad. The request is not narrowed by date range, or recipient/sender or type of Document. It is disproportionate for Claimants to search for any and all documents which may "*concern*" or "*reflect*" the calculations. Notwithstanding Claimants' objection, Claimants will in good faith search for and provide any Documents in January 2018 evidencing the calculations referred to in paragraph 53 of Mr. Hinks' statement. |
| D.  Reply; | Claimants should produce all documents and communications, including internal Symbion communications, concerning or reflecting the "calculations" referenced in paragraph 52 of Hinks' Statement, not just documents "evidencing the calculations referred to in paragraph" 52.  However, to facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the Request date range from January 20, 2018 through January 28, 2018. The amount of management fees that Symbion was entitled to in connection with the Plant is disputed in this matter, with Respondents alleging that Symbion illegally misappropriated millions of dollars from the Plant and Claimants alleging that they were entitled to "around US$100,000" per month in "management fees."  Claimants' internal documents and communications concerning or |

| | |
|---|---|
| | reflecting these purported "calculations" are thus relevant and may prove to be material to resolving this key dispute.<br><br>Respondents respectfully request that Madame Arbitrator order Claimants to produce all non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>Claimants are ordered to produce the following documents:<br><br>All documents and communications in date range from January 20, 2018 through January 28, 2018 concerning or reflecting the "calculations" referenced in paragraph 52 of Hinks' Statement |

| Document Request No. 8 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All audio or visual recordings reflecting or concerning communications relating in any way to (i) the Plant, (ii) the Shareholders Agreement, and/or (iii) any alleged oral agreement, between or among any combination of two or more of the following individuals: Paul Hinks, Ian McCann, Richard Westbury, Mirela Comaniciu, Alexander Oppenheim, Dean Oppenheim, Eytan Stibbe and/or Zouzar Bouka. |
| B.  Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶ 120; Hinks Stmt. ¶ 55; Respondents' Memorial ¶¶ 52 n.2; 58-77; 78-97; 98-122; 123-137.<br><br>(2) Potentially Relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, mismanagement of the Plant, interference with the Plant's operations, communications with third parties, and/or other breaches of the Shareholders' Agreement, and (ii) Claimants' claims concerning the enforceability of the Shareholder Agreements' terms. |

| | |
|---|---|
| C. Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad. It does not provide reasonable search parameters. It is not narrowed by date range.<br><br>Further, as Respondents have requested any recordings which *"relate in any way to the Plant,"* this is tantamount to a request for any and all communications between the Symbion leadership team across the whole duration of the project which made any mention of Mandroseza, regardless of whether such recordings were relevant or material to the issues in dispute. Respondents have no right to such broad disclosure. It is plain that they wish to review the requested Documents in order to find ammunition for present or future claims. This is an abuse of the document production process.<br><br>Claimants further object on the basis that Respondents have failed to explain why the requested Documents are relevant and material. Respondents make general assertions that the Documents may be related to some of the claims in dispute (for example that the requested Documents are "*potentially*" relevant to "*Respondents' claims concerning Claimants' misappropriation of funds*" or "*relevant… to Claimants' claims regarding the enforceability of the Shareholders' Agreement Terms*"). It is not obvious how such Documents could be relevant to these claims. This explanation is plainly insufficient. Respondents do not explain what facts they expect to evidence with the requested Documents. |
| D. Reply; | Claimants assert that it is Mr. Hinks' "usual practice" to record calls. Claimants' Memorial ¶ 120. Claimants' allege, on the purported basis of one such recorded call, that there was an alleged "oral agreement" between the parties that purportedly justified Claimants' withdrawals of management fees in excess of the $240,000/per year that the parties agreed to in the Shareholders' Agreement. Respondents deny that they agreed to increase Claimants' management fees during that call—or at any other time. Claimants have produced what appears to be a partial transcript of a recording of a Skype call that they argue evidences the "oral agreement." *See* Exhibit C-24; *see also* Hinks' Stmt. ¶ 55 (stating that the call was "automatically recorded as a business record"). Respondents are entitled to the full recording of that call, which is relevant and material to defending against Claimants' assertions relating to the oral agreement and their withdrawal of management fees in excess of those contractually agreed upon.<br><br>To the extent that Mr. Hinks, in his "usual practice," as well as other Symbion employees, recorded additional phone calls relating to either the Plant, the Shareholders' Agreement, or any purported |

| | |
|---|---|
| | oral agreements between the parties, such recordings will provide relevant and material contemporaneous evidence that will assist Madame Arbitrator in assessing the credibility of the parties and the truth of the their allegations with respect to the disputed factual issues in this matter.<br><br>The request is not overbroad as it limits the requested recordings both by subject matter and by participant, i.e., it requests only recordings between or among eight named individuals.<br><br>Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request.<br><br>To the extent that Claimants' search for responsive documents yields a number of documents that is disproportionate to the needs of the case and would be unduly burdensome to produce, Respondents are willing to confer with Claimants to narrow the scope of production using mutually agreed-upon parameters. |
| E.  Arbitrator's Decision. | The Arbitrator considers that the Respondents have established the relevance and materiality of their request for the entirety of the transcript of the partial recording provided as Exhibit C-24 and the Claimants are ordered to produce this.<br><br>With respect to the Respondents' request for additional recordings not specifically known to exist or reasonably believed to exist in relation to specified issues in dispute, the Respondents' request is overly broad and denied.<br><br>The Arbitrator notes that the definition of Document is wide enough to capture recordings of this nature and to the extent that documents in this format exist that are responsive to other requests for which production has been ordered or agreed to should also be produced. |

| Document Request No. 9 | |
|---|---|
| A.  Identification of the specific document(s) or categories of | All audio or visual recordings reflecting or concerning communications between Claimants and third parties insofar as the discussions related to either the Plant or any of the Respondents. |

| | |
|---|---|
| documents that have been requested; | |
| B.  Relevance and materiality:<br>(1) paragraph numbers to submissions,<br>(2) comments; | (1) *See, e.g.,* Claimants' Memorial ¶ 120; Hinks Stmt. ¶ 55; Respondents' Memorial ¶¶ 52 n.2; 58-77; 78-97; 98-122; 123-137.<br><br>(2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, mismanagement of the Plant, interference with the Plant's operations, communications with third parties, and/or other breaches of the Shareholders' Agreement, and (ii) Claimants' claims concerning the enforceability of the Shareholder Agreements' terms. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad.  It does not provide "reasonable" search parameters. It is not narrowed by date range or recipient/sender.<br><br>Further, as Respondents have requested any recordings which *"related to the Plant or any of the Respondents,"* this is tantamount to a request for any and all communications with any third party which made any mention of Mandroseza, regardless of whether such Documents are relevant or material to the issues in dispute. Respondents have no right to such broad disclosure. It is plain that they wish to review the requested Documents in order to find ammunition for present or future claims. This is an abuse of the document production process.<br><br>Claimants further object on the basis that Respondents have failed to explain why the requested Documents are relevant and material. Respondents make general assertions that the Documents may be related to some of the claims in dispute (for example that the requested Documents are *"potentially"* relevant to *"Respondents' claims concerning Claimants' misappropriation of funds" "other breaches of the Shareholders' Agreement"* or *"relevant… to Claimants' claims regarding the enforceability of the Shareholders' Agreement Terms"*). It is not obvious how such Documents could be relevant to these claims. This explanation is plainly insufficient. Respondents do not explain what facts they expect to evidence with the requested Documents. |
| D.  Reply; | Claimants assert that it is Mr. Hinks' "usual practice" to record calls.  Claimants' Memorial ¶ 120.  To the extent that Mr. Hinks or other Symbion employees, in their "usual practice," recorded phone calls with third parties relating to the Plant, such recordings will provide relevant and material contemporaneous evidence that will assist Madame Arbitrator in assessing the credibility of the |

| | parties and the truth of the their allegations with respect to the disputed factual issues in this matter.

In addition, Respondents request that Claimants produce recordings in which Claimants discuss Respondents with third parties. Respondents have reason to believe that Claimants have been making disparaging and/or defamatory comments about them to third parties. Respondents reserved the right to pursue claims arising out of such conduct after taking discovery concerning those communications. Respondents' Memorial ¶ 52 n.2.

To the extent that Claimants' search for responsive documents yields a number of documents that is disproportionate to the needs of the case and would be unduly burdensome to produce, Respondents are willing to confer with Claimants to narrow the scope of production using mutually agreed-upon parameters.

Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request. |
|---|---|
| E.  Arbitrator's Decision. | The Arbitrator considers this request as a general category to be overly broad and not sufficiently tied to the relevance and materiality of particular issues in dispute. This request is denied.

The Arbitrator notes that the definition of Document is wide enough to capture recordings of this nature and to the extent that documents in this format exist that are responsive to other requests for which production has been ordered or agreed to should also be produced. |

| Document Request No. 10 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting Symbion's management fees in connection with the Plant, including but not limited to all records showing how Claimants booked their management fees. |
| B.  Relevance and materiality: | (1) *See, e.g.*, Claimants' Memorial ¶¶ 45, 56, 101-109, 143; Hinks Stmt. ¶¶ 36-37, 44, 49-51; Respondents' Memorial ¶¶ 58-77. |

| (1) paragraph numbers to submissions, (2) comments; | (2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, and (ii) Claimants' claims concerning the enforceability of the Shareholder Agreements' terms. |
|---|---|
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants reserve the right to object to this request on the grounds that it is unduly broad. It is not narrowed by date range, or by type of Document.<br><br>Notwithstanding this objection, Claimants agree to conduct a proportionate search for records showing how Claimants booked their management fees, and will produce non-privileged Documents. |
| D.  Reply; | In addition to producing records showing how Claimants booked their management fees, Claimants should produce all documents and communications concerning or reflecting Symbion's management fees in connection with the Plant.  The amount of management fees that Symbion was entitled to in connection with the Plant is disputed in this matter, with Respondents alleging that Symbion illegally misappropriated millions of dollars from the Plant and Claimants alleging that they were entitled to those funds as "management fees," the amount of which was purportedly re-negotiated and "orally agreed" to in January 2018.  Claimants' internal documents and communications concerning or reflecting these fees are thus relevant and may prove to be material to resolving this key dispute.<br><br>Respondents respectfully request that Madame Arbitrator order Claimants to produce all non-privileged documents that are responsive to this Request. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>The Claimants are ordered to produce:<br><br>All documents and communications concerning or reflecting Symbion's management fees in connection with the Plant, including but not limited to all records showing how Claimants booked their management fees. |

| Document Request No. 11 | |
|---|---|
| A. Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting Claimants' other options for obtaining investors in the Plant and the terms thereof, beginning from January 2014. |
| B. Relevance and materiality: (1) paragraph numbers to submissions, (2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶¶ 103, 414; Hinks Stmt. ¶¶ 31, 34, 45. (2) Potentially relevant and material to evaluating Claimants' allegations relating to the negotiation history. |
| C. Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad and does not set reasonable search parameters. It is not narrowed by date range, type of Document or sender/recipient. Further, Claimants object on the grounds that the requested Documents are plainly not material or relevant to the matters in dispute. It is not clear what Respondents mean by "*Claimants' allegations relating to the negotiation history.*" Again, Respondents are only able to allege that the requested Documents are "*potentially*" relevant. Respondents' explanation is plainly insufficient. Respondents do not explain which facts they expect to evidence with the requested Documents. |
| D. Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications "concerning or reflecting Claimants' other options for obtaining investors in the Plant."  According to Claimants, sometime in 2015 to early 2016, Symbion approached several private equity firms.  Claimants' Memorial ¶ 34.  Therefore, documents responsive to this Request would presumably be dated between 2014, when Claimants first initiated discussions with the Malagasy government regarding the Plant, and 2016, when Claimants signed the MOU with Alpha.  To facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the Request date range from January 1, 2014 to November 8, 2016. Claimants take issue with Respondents' "potentially relevant and material" language, but Respondents simply used this language because it is Respondents' position that Claimants' theories |

| | lack legal merit; to the extent Respondents have to defend against Claimants' legal theories, Respondents require the requested documents and communications to properly mount a defense. |
|---|---|
| | Furthermore, this Request is relevant and material to the matters in dispute.  It is relevant because Claimants state that they approached "several" other potential investors for the Plant, but chose to work with Respondents.  Claimants also maintain that they were "rushed and pressured" to agree to the terms of the Shareholders' Agreement, without the advice of counsel, *see* Hinks Stmt. ¶¶ 39-40, which they now state were unfair.  This Request is material because Respondents reasonably believe responsive documents and communications will demonstrate that Claimants affirmatively chose to work with Respondents over other potential investors, and that they therefore considered the terms of Shareholders' Agreement to be reasonable and fair. |
| | Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>The Claimants are ordered to produce:<br><br>All documents and communications concerning or reflecting Claimants' other options for obtaining investors in the Plant and the terms thereof, from January 1, 2014 to November 8, 2016. |

| Document Request No. 12 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting the transfer of SMML shares to Respondents. |
| B.  Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶¶ 68-71, 96, 110-113, 126-133; Respondents' Memorial ¶ 124; Bouka Stmt. ¶¶ 6-9.<br><br>(2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' failure to transfer SMML shares to VIO, and (ii) Claimants' claims concerning the status of Alpha's equity investment. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants reserve the right to object to this request on the grounds that it is unduly broad. It does not provide any reasonable search parameters, and is not limited by date-range, type or content of Document, or sender/recipient.<br><br>Claimants have already exhibited Documents relevant to this request, including at Exhibit C-98, the email from Mr Omeke authorizing the transfer of the shares to ESAH; and at Exhibit C-97, the email from CrossInvest Mauritius saying that VIMA had not responded to their requests for KYC documents. To the extent that Respondents are seeking additional Documents, it is incumbent upon them to explain which Documents they seek and why those Documents are relevant/material.<br><br>Claimants also object on the grounds that certain communications in this category may relate to legal advice from Claimants' in-house counsel to Claimants and may therefore be privileged.<br><br>Notwithstanding all the above, Claimants will undertake a proportionate search for communications between Claimants and Susan Rushton/CrossInvest Mauritius, dated 1 March 2017 – 30 November 2017, which refer to the transfer of shares to Respondents. |
| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications "concerning or reflecting the transfer of SMML shares to Respondents." |

| | |
|---|---|
| | Claimants do not dispute that there was a single share transfer to ESAH that occurred on or around November 2017, and that no shares were ever transferred to VIO or VIMA.<br><br>Respondents are not asking for privileged documents responsive to this Request.  However, Respondents are entitled to all non-privileged documents and communications responsive to this Request, including but not limited to internal Symbion communications, regarding the transfer of shares to ESAH and the decision to not transfer shares to VIMA or VIO.<br><br>This Request is plainly relevant and material to the matters in dispute.  It is relevant because Respondents' position is that the share transfer provisions of the Shareholders' Agreement were breached with respect to VIO.  The Request is also relevant because the share transfer to ESAH signifies that certain conditions set forth in Section 3.4 of the Shareholders' Agreement were met.  However, Claimants maintain that they were not "contractually obliged to transfer the shares" under the terms of the Shareholders' Agreement.  Claimants' Memorial ¶ 130.  The Request is material because Respondents reasonably believe that responsive, non-privileged documents, including internal Symbion correspondence, will demonstrate that Claimants knew they were contractually obliged to transfer the SMML shares, despite their arguments to the contrary.<br><br>Claimants have agreed to produce documents and communications between Claimants and Susan Rushton/CrossInvest Mauritius between March 1, 2017 and November 30, 2017.  However, Claimants should also produce all responsive, non-privileged documents and communications, including internal Symbion correspondence, concerning or reflecting the transfer of SMML shares to Respondents.  Respondents respectfully request that Madame Arbitrator order Claimants to produce all non-privileged documents that are responsive to this Request. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>The Claimants are ordered to produce:<br><br>All documents and communications concerning or reflecting the transfer of SMML shares to Respondents. |

| Document Request No. 13 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting how Alpha's investments in and/or alleged loans to the Plant were spent. |
| B.  Relevance and materiality: (1) paragraph numbers to submissions, (2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶¶ 68-71, 96, 110-113; Respondents' Memorial ¶¶ 58-77.  (2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, and (ii) Claimants' claims concerning the status of Alpha's equity investment. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad. It does not provide reasonable search parameters. It is not narrowed by date range or sender/recipient, or type of Document. Further, Alpha provided much of the working capital of the Plant from the time of its involvement. The working capital provided by Alpha was mixed with other funds (e.g., receipts from Jirama) and is not therefore possible to identify what expenditure related to funds provided by Alpha. Therefore, the request is tantamount to a request for any and all Documents demonstrating any expenditure of the Plant across the whole period of its operation.  Claimants further object on the basis that Respondents have failed to explain why the requested Documents are relevant and material. Respondents make general assertions that the Documents may be related to some of the claims in dispute (for example that the requested Documents are "*potentially*" relevant to "*Respondents' claims concerning Claimants' misappropriation of funds*" "*other breaches of the Shareholders' Agreement*" or "*Claimants' claims about the status of Alpha's equity investment*"). It is not obvious how Documents demonstrating how the Plant spent its working capital would be relevant to these claims. This explanation is plainly insufficient. Respondents do not explain what facts they expect to evidence with the requested Documents. |
| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications "concerning or reflecting how Alpha's investments in and/or alleged loans to the |

|  | Plant were spent." Claimants argue that Alpha funds were mixed with Jirama funds, and therefore, this Request would result in Claimants having to produce any and all documents demonstrating any Plant expenditures. However, Claimants have already produced other documents listing some of their expenditures or withdrawals from the Plant. *See e.g.*, Exhibits C-69, C-70. It is therefore difficult to believe that it would be unduly burdensome for Claimants to produce all such documents evidencing expenditures of the Plant, as well as the underlying documentation that was presumably consulted in the creation of such documents.

Claimants take issue with Respondents' "potentially relevant and material" language, but Respondents simply used this language because it is Respondents' position that Claimants' theories lack legal merit; to the extent Respondents have to defend against Claimants' legal theories, Respondents require the requested documents and communications to properly mount a defense.

Furthermore, this Request is relevant and material to the matters in dispute. It is relevant because Respondents maintain that Claimants misappropriated and improperly used Alpha funds meant for the maintenance and operation of the Plant to pay for non-business related expenses, including personal expenses and expenses relating to their other businesses. Claimants have taken the position that their misappropriation of Plant funds is somehow justified by the Shareholders' Agreement. Claimants also maintain that Respondents were simply lenders, and not investors in the Plant, calling into question the status of Alpha's equity investment. Again, although Respondents dispute the merit of these legal theories, they are entitled to discovery to defend against them. The Request is material because Respondents reasonably believe responsive documents will demonstrate that Claimants misused Alpha's investment in the Plant, and diverted Alpha funds to be used on other Symbion projects unrelated to the Plant. Respondents also reasonably believe that responsive documents will demonstrate that Respondents acted like, and were treated as, investors in the Plant.

Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request.

To the extent that Claimants search for responsive documents yields a number of documents that is disproportionate to the needs of the case and would be unduly burdensome to produce, Respondents are willing to confer with Claimants to narrow the scope of production using mutually agreed-upon parameters. |

ICDR Case No. 01-20-0000-4822
PO#4 – Document Production
Appendix B – Respondents' Requests
Page 26

| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case. |
| --- | --- |
| | The Claimants are ordered to produce: |
| | All documents and communications concerning or reflecting how Alpha's investments in and/or alleged loans to the Plant were spent. |

| Document Request No. 14 | |
| --- | --- |
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting whether Alpha's financial contributions to the Plant were investments and/or loans. |
| B.  Relevance and materiality: (1) paragraph numbers to submissions, (2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶¶ 68-71, 96, 110-113; Respondents' Memorial ¶¶ 58-77. (2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, and (ii) Claimants' claims concerning the status of Alpha's equity investment. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad. No reasonable search parameters are provided.  The request is not narrowed by date range, type of Document, or recipient/sender. Claimants further object on the basis that Respondents have failed to explain why the requested Documents are relevant and material. Respondents make general assertions that the Documents may be related to some of the claims in dispute (for example that the requested Documents are "*potentially*" relevant to "*Respondents' claims concerning Claimants' misappropriation of funds*"). It is not obvious how such Documents could be relevant to these claims. This explanation is plainly insufficient. Respondents do not explain what facts they expect to evidence with the requested Documents. |

| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications "concerning or reflecting whether Alpha's financial contributions to the Plant were investments and/or loans." |
|---|---|
| | Claimants take issue with Respondents' "potentially relevant and material" language, but Respondents simply used this language because it is Respondents' position that Claimants' theories lack legal merit; to the extent Respondents have to defend against Claimants' legal theories, Respondents still require the requested documents and communications to properly mount a defense. |
| | Furthermore, the Request is clearly relevant and material to the matters in dispute.  It is relevant because Respondents maintain that Claimants misappropriated and improperly used Alpha funds meant for the maintenance and operation of the Plant to pay for non-business related expenses, including personal expenses.  Claimants' position is that their misappropriation of Plant funds is somehow justified by the Shareholders' Agreement.  Claimants also maintain that Respondents were simply lenders, and not investors in the Plant, calling into question the status of Alpha's equity investment.  Again, although Respondents dispute the merit of these legal theories, they are entitled to discovery to defend against them.  The Request is material because Respondents reasonably believe that responsive, contemporaneous documents, including internal Symbion correspondence, will demonstrate that Respondents acted like, and were treated as, investors in the Plant.  Respondents also reasonably believe that responsive documents will demonstrate that Alpha's financial contributions to the Plant were treated as investments, despite Claimants' assertions to the contrary. |
| | Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case. |
| | The Claimants are ordered to produce: |
| | All documents and communications concerning or reflecting whether Alpha's financial contributions to the Plant were investments and/or loans. |

| Document Request No. 15 | |
|---|---|
| A. Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting the payments referenced in Exhibit C-36. |
| B. Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) McCann Stmt. ¶ 20; Exhibit C-36; Respondents' Memorial ¶¶ 58-77.<br><br>(2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, and (ii) Claimants' claims concerning the status of Alpha's equity investment. |
| C. Summary of objections by disputing Party to production of requested documents; | Claimants have already provided the underlying Documents evidencing Exhibit C-36. *See* Exhibit C-19.<br><br>To the extent that Respondents intend by this request to seek other Documents "*concerning or reflecting*" the payments set out in Exhibit C-36, Claimants object to the request on the grounds that the request is not properly particularized, is too broad, and the relevance and materiality of such Documents has not been explained. |
| D. Reply; | Claimants' objections are meritless.  Exhibit C-36 lists five transfers of Alpha funds and their corresponding dates.  Therefore, documents responsive to this Request would presumably be dated on or around the transfer dates.  Respondents acknowledge that Claimants have already provided documentation regarding the transfer of Alpha funds to Symbion in Exhibit C-19.  However, Respondents are entitled to all documents and communications, including internal Symbion correspondence, discussing the Alpha payments in order to properly mount a defense.  Respondents are entitled to know exactly how their funds were used at the Plant.  However, to facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the date range of the Request from May 1, 2015 to August 31, 2017.<br><br>Furthermore, the Request is relevant and material to the matters in dispute.  It is relevant because Respondents maintain that Claimants misappropriated and improperly used Alpha funds meant for the maintenance and operation of the Plant to pay for non-business related expenses, including personal expenses and expenses relating to other Symbion businesses.  Claimants' position is that their |

| | misappropriation of Plant funds is somehow justified by the Shareholders' Agreement.  Claimants also maintain that Respondents were simply lenders, and not investors in the Plant, calling into question the status of Alpha's equity investment.  Again, although Respondents dispute the merit of these legal theories, they are entitled to discovery to defend against them.  The Request is material because Respondents reasonably believe that responsive documents will demonstrate that Claimants misappropriated and misused Alpha funds on various Symbion projects unrelated to the Plant. Respondents further reasonably believe that responsive documents will demonstrate that Respondents acted like, and were treated as, investors in the Plant.  Respondents also reasonably believe that responsive documents will show that Alpha's financial contributions to the Plant were treated as investments, despite Claimants' assertions to the contrary.<br><br>Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply. |
|---|---|
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>The Claimants are ordered to produce:<br><br>All documents and communications from May 1, 2015 to August 31, 2017concerning or reflecting the payments referenced in Exhibit C-36. |

| Document Request No. 16 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting the Plant's $300,000 payments to Alpha. |

| B. Relevance and materiality: (1) paragraph numbers to submissions, (2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶¶ 123-125; McCann Stmt. ¶¶ 43, 45-46; Respondents' Memorial ¶¶ 58-77.<br><br>(2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, and (ii) Claimants' claims concerning the status of Alpha's equity investment. |
|---|---|
| C. Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad. The request does not provide reasonable search parameters. It is not narrowed by date, type of Document or sender/recipient.<br><br>Further, Claimants object on the grounds that Respondents are requesting Documents evidencing transfers to themselves. Respondents already have access to the Plant's accounting records which will demonstrate such payments. As such, the requested Documents are already in control of Respondents.<br><br>In addition, Respondents have failed to explain the relevance or materiality of such Documents, simply alleging that they are "*potentially*" relevant to (i) Respondents' claims regarding Claimants' alleged misappropriation of funds; and (ii) to Claimants' claims regarding the status of Alpha's investment. This is plainly an insufficient explanation. Respondents have not made any attempt to explain how Documents relating to payments to Respondents could evidence Respondents' allegations regarding Claimants' withdrawals of funds. Neither have Respondents explained what point in relation to Alpha's investment in the Plant they would seek to evidence by reference to the requested Documents. |
| D. Reply; | Claimants' objection on the grounds of breadth is meritless. The Request is tailored to documents and communications "concerning or reflecting the Plant's $300,000 payments to Alpha." Therefore, documents responsive to this Request would presumably be dated from late 2017 to February 14, 2020, when Respondents took control of the Plant. To facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the date range from December 1, 2017 to February 14, 2020. Respondents further agree to narrow the Request by sender/recipient to include all documents and communications (including the to/from/cc/bcc fields) involving any one of Paul Hinks, Mirela Comaniciu, Richard Westbury, Zelda Weitz, Lyubim Gerasymenko, and Ian McCann.<br><br>To be clear, Respondents are not requesting documents already in their possession, including documents "evidencing the transfers," but rather are requesting all documents and communications, including internal Symbion communications, discussing the $300,000 payments to Alpha. |

| | |
|---|---|
| | Claimants take issue with Respondents' "potentially relevant and material" language, but Respondents simply used this language because it is Respondents' position that Claimants' theories lack legal merit; to the extent Respondents have to defend against Claimants' legal theories, Respondents still require the requested documents and communications to properly mount a defense. |
| | The Request is clearly relevant and material to the matters in dispute.  It is relevant because Respondents maintain that Claimants misappropriated and improperly used Alpha funds meant for the maintenance and operation of the Plant to pay for non-business related expenses, including personal expenses.  Claimants' position is that their misappropriation of Plant funds is somehow justified by the Shareholders' Agreement.  Claimants also maintain that Respondents were simply lenders, and not investors in the Plant, calling into question the status of Alpha's equity investment.  They claim that the $300,000 payments to Alpha were simply loan repayments, not the fees Alpha was entitled to under the terms of the Shareholders' Agreement.  Again, although Respondents dispute the merit of these legal theories, they are entitled to discovery to defend against them.  The Request is material because Respondents reasonably believe that responsive documents will demonstrate that Claimants misappropriated and misused Alpha funds on various Symbion projects unrelated to the Plant.  Respondents further reasonably believe that responsive documents will demonstrate that Respondents acted like, and were treated as, investors in the Plant. |
| | Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions and involve the individuals Respondents propose in this Reply. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>The Claimants are ordered to produce:<br><br>All documents and communications (including the to/from/cc/bcc fields) involving any one of Paul Hinks, Mirela Comaniciu, Richard Westbury, Zelda Weitz, Lyubim Gerasymenko, and Ian McCann concerning or reflecting the Plant's $300,000 payments to Alpha in the date range from December 1, 2017 to February 14, 2020. |

| Document Request No. 17 | |
|---|---|
| A. Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting the Plant's payment of service fees to Alpha. |
| B. Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶ 123, n.198; McCann Stmt. ¶ 45, n.50; Exhibit C-67; Respondents' Memorial ¶¶ 58-77.<br><br>(2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, and (ii) Claimants' claims concerning the status of Alpha's equity investment. |
| C. Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad. The request does not provide reasonable search parameters. It is not narrowed by date, type of Document or sender/recipient.<br><br>Further, Claimants object on the grounds that Respondents are requesting Documents evidencing transfers to themselves. Respondents already have access to the Plant's accounting records which will demonstrate such payments. As such, the requested Documents are already in control of Respondents.<br><br>In addition, Respondents have failed to explain the relevance or materiality of such Documents, simply alleging that they are "*potentially*" relevant to (i) Respondents' claims regarding Claimants' alleged misappropriation of funds; and (ii) to Claimants' claims regarding the status of Alpha's investment. This is plainly an insufficient explanation. Respondents have not made any attempt to explain how Documents relating to payments to Respondents could evidence Respondents' allegations regarding Claimants' withdrawals of funds. Neither have Respondents explained what point in relation to Alpha's investment in the Plant they would seek to evidence by reference to the requested Documents. |
| D. Reply; | Claimants' objection on the grounds of breadth is meritless.  The Request is tailored to documents and communications "concerning or reflecting the Plant's payment of service fees to Alpha." Therefore, documents responsive to this Request would presumably be dated on or around the |

| | |
|---|---|
| | payment dates.  However, to facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the date range of the Request from February 1, 2018 to October 30, 2020. |
| | To be clear, Respondents are not asking for documents already in their possession, including documents "evidencing the transfers," but rather are requesting all documents and communications, including internal Symbion correspondence, discussing the service fee payments to Alpha. |
| | Claimants take issue with Respondents' "potentially relevant and material" language, but Respondents simply used this language because it is Respondents' position that Claimants' theories lack legal merit; to the extent Respondents have to defend against Claimants' legal theories, Respondents still require the requested documents and communications to properly mount a defense. |
| | The Request is clearly relevant and material to the matters in dispute.  It is relevant because Claimants maintain that Respondents were simply lenders, and not investors in the Plant, calling into question the status of Alpha's equity investment.  However, Claimants paid Alpha "an annual Management Fee equal to 1% of [Alpha's] total investment in the Project" pursuant to the terms of the Shareholders' Agreement.  *See* Claimants' Memorial ¶ 123 n.198.  Although Respondents dispute the merit of Claimants' legal theories, they are entitled to discovery to defend against them.  The Request is material because Respondents reasonably believe that responsive documents will demonstrate that Respondents acted like, and were treated as, investors in the Plant. |
| | Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.

The Claimants are ordered to produce:

All documents and communications concerning or reflecting the Plant's payment of service fees to Alpha between February 1, 2018 to October 30, 2020. |

| Document Request No. 18 | |
|---|---|
| A. Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting the payments referenced in Exhibit C-67. |
| B. Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶ 123; McCann Stmt. ¶ 45; Exhibit C-67; Respondents' Memorial ¶¶ 58-77.<br><br>(2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, and (ii) evaluating Claimants' claims concerning the status of Alpha's equity investment. |
| C. Summary of objections by disputing Party to production of requested documents; | Claimants reserve the right to object to this Request on the grounds that it is unduly broad to request all "*documents and communications concerning or reflecting*" such payments.<br><br>Notwithstanding this, in respect of the Documents underlying Exhibit C-67, Claimants have already provided:<br><br>• Debit notes at Exhibit C-26 which evidence the rows 4-7, 8-17 and 19-21 of Exhibit C-67<br><br>• SPARL bank statements January to October 2020 (Exhibits C-62 and C-63) which evidence rows 29-32 and 34 of Exhibit C-67.<br><br>Therefore, the only payments in Exhibit C-67 which are not already evidenced on the record are the "ESAH Service Fees" at rows 8, 18 and 33. Claimants will undertake a proportionate search for Documents evidencing these payments.<br><br>To the extent that Respondents intend by this request to seek other Documents "*concerning or reflecting*" the payments set out in Exhibit C-67, Claimants object to the request on the grounds that the request is not properly particularized, is too broad, and its relevance and materiality has not been explained. |

| | Further, as Respondents are seeking Documents relating to payments made to Respondents, Claimants also object on the grounds that the Documents in question are likely already in the possession of Respondents. |
|---|---|
| D. Reply; | Claimants' objection on the grounds of breadth is meritless.  The Request is tailored to documents and communications concerning or reflecting the specific payments referenced in Exhibit C-67. Therefore, documents responsive to this Request would presumably be dated on or around the payment dates.  However, to facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the date range from November 1, 2017 to January 1, 2020. |
| | To be clear, Respondents are not asking for documents already in their possession, including documents "evidencing the transfers," but rather are requesting all documents and communications, including any internal Symbion communications, discussing the payments referenced in Exhibit C-67. |
| | Furthermore, the Request is relevant and material to the matters in dispute.  It is relevant because Claimants maintain that Respondents were simply lenders, and not investors in the Plant, calling into question the status of Alpha's equity investment.  They claim that the $300,000 payments to Alpha were simply loan repayments and not the fees Alpha was entitled to under the terms of the Shareholders' Agreement.  Although Respondents dispute the merit of these legal theories, they are entitled to discovery to defend against them.  The Request is material because Respondents reasonably believe that contemporaneous, responsive documents will demonstrate that Respondents acted like, and were treated as, investors in the Plant. |
| | Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply. |
| E. Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.

The Claimants are ordered to produce:

All documents and communications concerning or reflecting the payments referenced in Exhibit C-67 in the date range from November 1, 2017 to January 1, 2020. |

| Document Request No. 19 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting any and all transfers of funds from the Plant to Claimants. |
| B.  Relevance and materiality: (1) paragraph numbers to submissions, (2) comments; | (1) *See, e.g.*, Respondents' Memorial ¶¶ 58-77. (2) Potentially relevant and material to Respondents' claims concerning Claimants' misappropriation of funds. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants reserve the right to object to this request on the grounds that it is too broad. The request does not set out reasonable search parameters. It is not narrowed by date range, type of Document or sender/recipient. Neither does it provide an appropriate *de minimis* threshold. Claimants further object on the basis that Respondents have failed to explain why the requested Documents are relevant and material. Respondents make general assertions that the Documents may be related to some of the claims in dispute (for example that the requested Documents are "*potentially*" relevant to "*Respondents' claims concerning Claimants' misappropriation of funds*"). This explanation is plainly insufficient. Respondents do not explain what facts they expect to evidence with the requested Documents. Notwithstanding all the above, Claimants will undertake a proportionate search for all records demonstrating transfers from the Plant to the Claimants in excess of USD 5,000. |
| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications "concerning or reflecting any and all transfers of funds from the Plant to the Claimants." Claimants have already agreed to produce records demonstrating transfers in excess of $5,000 USD. However, in addition to records demonstrating transfers from the Plant, Claimants should produce all communications, including internal Symbion correspondence, concerning or reflecting transfers of funds from the Plant to Claimants.  Respondents are willing to limit this Request to documents and |

|  | communications (including the from/to/cc/bcc fields) involving any one of Paul Hinks, Richard Westbury, Mirela Comaniciu, Ian McCann, Lyubim Gerasymenko, Zelda Weitz, and Hector Alcantara.<br><br>Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, including internal Symbion correspondence concerning or reflecting the transfer of funds from the Plant to Claimants. |
|---|---|
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request (as narrowed) is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>The Claimants are ordered to produce:<br><br>All documents and communications (including the from/to/cc/bcc fields) involving any one of Paul Hinks, Richard Westbury, Mirela Comaniciu, Ian McCann, Lyubim Gerasymenko, Zelda Weitz, and Hector Alcantara concerning or reflecting any and all transfers of funds from the Plant in excess of USD 5,000 to Claimants . |

| **Document Request No. 20** | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All of the Plant's Financial Records that (i) Claimants caused the Plant to maintain, or (ii) Claimants created or maintained that relate to or concern the Plant.<br><br>The date range for this request shall be from January 29, 2015 through January 31, 2020. |
| B.  Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) *See, e.g.*, Respondents' Memorial ¶¶ 58-77; 78-97.<br><br>(2) Potentially relevant and material to Respondents' claims concerning Claimants' misappropriation of funds and mismanagement of the Plant. |

| | |
|---|---|
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that Respondents are seeking Documents that are already in their possession.<br><br>Since February 2020, Respondents have been in control of the Plant. The Plant's Financial Records are maintained on site, therefore Respondents have access to them. Further, the Plant is audited by PWC. The fact that a partner from PWC has provided a witness statement in support of Respondents' case makes plain that Respondents can obtain any Financial Records required directly through their connections with PWC. |
| D.  Reply; | Claimants' objection is meritless.  While some subset of documents responsive to the Request may be maintained at the Plant or at PwC, Respondents are requesting documents that are in the possession, custody or control *of Claimants*.<br><br>Moreover, Respondents should not have to request documents relating to this arbitration from a third party, particularly where, as here, they are entitled to the documents per the terms of the Shareholders' Agreement.<br><br>Therefore, Respondents should produce all responsive documents from January 29, 2015 to January 31, 2020.  Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>The Claimants are ordered to produce:<br><br>All of the Plant's Financial Records that (i) Claimants caused the Plant to maintain, or (ii) Claimants created or maintained that relate to or concern the Plant in the date range from January 29, 2015 through January 31, 2020. |

| Document Request No. 21 |
|---|

| | |
|---|---|
| A. Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or relating to maintenance activities and/or inspections at the Plant. |
| B. Relevance and materiality: <br><br> (1) paragraph numbers to submissions, <br><br> (2) comments; | (1) *See, e.g.*, Respondents' Memorial ¶¶ 84-97; Expert Report of Vineet Mohan. <br><br> (2) Potentially relevant and material to Respondents' claims concerning Claimants' mismanagement of the Plant. |
| C. Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad. No reasonable search parameters are provided. The request is not narrowed by date range, type of Document, sender/recipient or the piece of machinery in question. Claimants in their requests relating to maintenance and upkeep specified a particular piece of equipment. Nothing prevents Respondents from doing the same. <br><br> Further, Respondents have not explained how such a broad category of Documents would be relevant and material. Rather they have simply alleged that such Documents are "*potentially*" relevant to claims that Claimants have mismanaged the Plant. Respondents do not set out which facts they intend to evidence by virtue of this request. <br><br> In addition, in December 2020 Claimants have already disclosed to Respondents significant numbers of Documents in the category sought, and Respondents have exhibited these. In particular: <br><br> 1) Claimants disclosed over 1100 pages consisting of "SP-MPP Weekly Reports" for January 2016 through August 2020 (*see* Exhibit R-037, Compilation of Weekly Reports on Activities Done at Mandroseza Power Plant); *see also* Exhibits R-038, R-074, R-090 through R-096, R-099, and R-158). <br><br> 2) Claimants disclosed monthly reports for April through August 2020 (*see, e.g.*, Exhibit R-097, Monthly Report on Activities Done at Mandroseza Power Plant for April 2020). <br><br> 3) Claimants disclosed major service reports, Breakdown reports and ABB turbocharger reports (*see, e.g.*, Exhibits R-076 through R-088). |

| | |
|---|---|
| | *To the extent that Respondents seek Documents "concerning or relating to maintenance activities and/or inspections at the Plant" other than those already disclosed, it is incumbent upon Respondents to explain which Documents they are seeking and why they are relevant and material. Respondents have not done so.* |
| D.  Reply; | Claimants take issue with Respondents "potentially relevant and material" language, but Respondents simply used this language because it is Respondents' position that Claimants' theories lack legal merit; to the extent Respondents have to defend against Claimants' legal theories, Respondents still require the requested documents and communications to properly mount a defense. |
| | The Request is clearly relevant and material to the matters in dispute.  It is relevant because Respondents maintain that Claimants mismanaged the Plant until February 2020.  For example, the Plant suffered several engine breakdowns while Claimants were managing it.  While Claimants have provided several engine breakdown reports, Respondents have no way of knowing whether this information is complete or whether additional breakdowns occurred.  In addition, although Claimants have provided reports for these breakdowns, they have not produced any relevant communications concerning the same.  Similarly, Claimants have produced some reports generated by ABB, but Respondents have no way of knowing if these records are complete, and Claimants have provided no communications concerning the inspections or the findings therein.  In addition, Claimants have provided weekly and monthly reports from the Plant which consistently report that maintenance is "overdue" and that spare parts need to be ordered.  Claimants have not produced any communications concerning the matters discussed in these reports, which Respondents believe will show why maintenance was not performed and why spare parts were not ordered on time.  The Request is material because Respondents reasonably believe documents responsive to this Request will evidence that Claimants did not properly upkeep or maintain the Plant. |
| | Given the Plant maintenance records that are already in the record, the Request is not overbroad.  As with all of their other Requests, Respondents are not asking Claimants to produce documents already in the record.  Respondents are simply requesting that Claimants supplement the documents with any documents that were not provided earlier, including the relevant communications and notes regarding maintenance activities and inspections at the Plant. |

| | |
|---|---|
| | Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>The Claimants are ordered to produce:<br><br>All documents and communications concerning or relating to maintenance activities and/or inspections at the Plant. |

| Document Request No. 22 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or relating to the purchasing of equipment, including spare parts, for the Plant. |
| B.  Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) *See, e.g.*, Respondents' Memorial ¶¶ 84-97; Expert Report of Vineet Mohan.<br><br>(2) Potentially relevant and material to Respondents' claims concerning Claimants' mismanagement of the Plant. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad. No reasonable search parameters are provided. The request is not narrowed by date range, type of Document, sender/recipient or the spare parts in question. Claimants in their requests relating to maintenance and upkeep specified a particular piece of equipment. Nothing prevents Respondents from doing the same.<br><br>Further, Respondents have not explained how such a broad category of Documents would be relevant and material. Rather they have simply alleged that such documents are "*potentially*" relevant to |

| | |
|---|---|
| | claims that Claimants have mismanaged the Plant. Respondents do not set out which facts they intend to evidence by virtue of this request. |
| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications regarding the purchasing of equipment for the Plant.  However, to facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the date range of the Request from May 1, 2016 to February 14, 2020.  Respondents further agree to narrow the Request by sender/recipient to include all documents and communications (including any of the to/from/cc/bcc fields) involving any one of Paul Hinks, Mirela Comaniciu, Richard Westbury, Ian McCann and the Expatriate Staff. |
| | Claimants take issue with Respondents' "potentially relevant and material" language, but Respondents simply used this language because it is Respondents' position that Claimants' theories lack legal merit; to the extent Respondents have to defend against Claimants' legal theories, Respondents still require the requested documents and communications to properly mount a defense. |
| | The Request is clearly relevant and material to the matters in dispute.  It is relevant because Respondents maintain that Claimants mismanaged the Plant until February 2020.  It is material because Respondents reasonably believe documents responsive to this Request will evidence that Claimants did not properly upkeep or maintain the Plant, including, but not limited to, failing to purchase the necessary and proper spare parts for the Plant. |
| | Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions and involve the individuals Respondents propose in this Reply. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case. |
| | The Claimants are ordered to produce: |
| | All documents and communications (including any of the to/from/cc/bcc fields) involving any one of Paul Hinks, Mirela Comaniciu, Richard Westbury, Ian McCann and the Expatriate Staff dated from May |

| | |
|---|---|
| | 1, 2016 to February 14, 2020 concerning or relating to the purchasing of equipment, including spare parts, for the Plant. |

| Document Request No. 23 | |
|---|---|
| A. Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or relating to the Expatriate Staff's departure from the Plant. |
| B. Relevance and materiality:<br>(1) paragraph numbers to submissions,<br>(2) comments; | (1) *See, e.g.*, Respondents' Memorial ¶¶ 105-111, 115-122.<br><br>(2) Potentially relevant and material to Respondents' claims concerning Claimants' interference with the Plant. |
| C. Summary of objections by disputing Party to production of requested documents; | Claimants reserve the right to object to this request on the grounds that it is unduly broad and does not set out reasonable search parameters. The request is not narrowed by reference to a date range or type of Document.<br><br>Further, there is no dispute between the parties that Claimants facilitated the departure of the expatriate engineers. Claimants explained in their Memorial that they "*arranged for secure, private transportation out of Madagascar for these employees*" (paragraph 221). The point of dispute between the parties is whether Claimants took this action, as Respondents allege, "*to interfere*" with the Plant, or rather, as Claimants have explained, because Claimants' employees were not being paid their allowances, were afraid of catching Covid-19 a second time due to Respondents' failures to protect the Plant's workforce, and had appealed to Claimants for help. Respondents have not alleged that the requested Documents would be material to resolving this point.<br><br>Notwithstanding the above, Claimants will undertake a further search for Documents demonstrating the reasons for their actions in facilitating the departures of the Expatriate Staff and will produce responsive, non-privileged Documents. |

| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications "concerning or relating to the Expatriate Staff's departure from the Plant."  The Expatriate Staff left the Plant abruptly and with no prior notice on or around September 11, 2020.  Therefore, this Request is directed to documents presumably dated on or around that time.  To facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the date range of the Request from February 1, 2020 to April 23, 2021. |
|---|---|
| | Furthermore, the Request is material to the issues in dispute.  Respondents reasonably believe that responsive documents will evidence that Claimants actively caused and encouraged the Expatriate Staff to leave the Plant in secret, without advance notice or transition protocols, and facilitated their departure and removal of Plant records, in part to interfere with the running of the Plant. |
| | Claimants should produce all responsive documents and communications relating to the Expatriate Staff's departure, not just documents "demonstrating the reasons for their actions in facilitating the departures" of the Expatriate Staff.  Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>The Claimants are ordered to produce:<br><br>All documents and communications dated between February 1, 2020 to April 23, 2021 concerning or relating to the Expatriate Staff's departure from the Plant. |

| Document Request No. 24 | |
|---|---|
| A.  Identification of the specific document(s) or categories of | All documents reflecting or concerning Claimants' communications with the Expatriate Staff. |

| | |
|---|---|
| documents that have been requested; | The date range for this request shall be from February 1, 2020, through April 23, 2021. |
| B.  Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) *See, e.g.*, Respondents' Memorial ¶¶ 105-111, 115-122.<br><br>(2) Potentially relevant and material to Respondents' claims concerning Claimants' interference with the Plant. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad. Respondents have not made any attempt to narrow the ambit of the request and are instead asking for any and all communications between Claimants and the expatriate engineers in this period.<br><br>As stated above in response to Request No. 23, Claimants will produce non-privileged Documents demonstrating the reasons for their actions in facilitating the departure from Madagascar of the Expatriate Staff. To the extent that, by this Request No. 24, Respondents seek other correspondence between Claimants and the Expatriate Staff, this is not relevant or material to an issue in dispute. |
| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications between Claimants and four individuals between February 1, 2020 and April 23, 2021.  Respondents are not capable of further narrowing this Request by sender/recipient because Respondents are unaware of the individuals at Symbion who communicated with the Expatriate Staff.<br><br>Furthermore, the Request is relevant and material to the issues in dispute.  The Request is relevant because Respondents maintain that Claimants actively interfered with the day-to-day operation of the Plant and facilitated the abrupt departure of the Expatriate Staff in September 2020.  The Request is material because Respondents reasonably believe that responsive documents will evidence that Claimants actively caused and encouraged the Expatriate Staff to leave the Plant, in secret, without advance notice or transition protocols, and facilitated their departure and removal of Plant records, in part to interfere with the day-to-day operation of the Plant.<br><br>Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request. |

| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>The Claimants are ordered to produce:<br><br>All documents reflecting or concerning Claimants' communications with the Expatriate Staff from February 1, 2020, through September 11, 2020. |
|---|---|

| Document Request No. 25 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents reflecting or concerning Claimants' communications with the Expatriate Staff relating to documents, information, and/or materials that the Expatriate Staff took with them when they left the Plant. |
| B.  Relevance and materiality:<br>(1) paragraph numbers to submissions,<br>(2) comments; | (1) *See, e.g.*, Respondents' Memorial ¶¶ 105-111, 115-122.<br><br>(2) Potentially relevant and material to Respondents' claims concerning Claimants' interference with the Plant. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad and does not set out reasonable search parameters. The request is not narrowed by reference to a date range or type of Document.<br><br>Further, as regards relevance and materiality, the point of dispute between the parties is whether Claimants attempted "*to interfere*" with the Plant. Respondents have not explained how any of the requested Documents would be material to determining that issue in dispute, in circumstances where Claimants have repeatedly explained that the back-ups of any material relevant to the Plant were left on-site. |

| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to communications Claimants had with the Expatriate Staff relating to "documents, information, and/or materials that the Expatriate Staff took with them when they left the Plant."  However, to facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the date range from February 1, 2020 to April 23, 2021.  Respondents are not capable of further narrowing this Request by sender/recipient because Respondents are unaware of the individuals at Symbion who communicated with the Expatriate Staff. |
|---|---|
| | Furthermore, "the back-ups of any material relevant to the Plant" were not left on-site; only after months of requests did Respondents receive some of the requested documents through counsel.  The company laptop removed from the Plant by Mr. Alcantara, for example, has yet to be returned. |
| | The Request is relevant and material to the issues in dispute.  The Request is relevant because Respondents maintain that Claimants actively interfered with the day-to-day operation of the Plant and facilitated the abrupt departure of the Expatriate Staff in September 2020.  The Request is material because Respondents reasonably believe that responsive documents will evidence that Claimants actively caused and encouraged the Expatriate Staff to leave the Plant, in part to interfere with the day-to-day operation of the Plant. |
| | Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply. |
| E.  Arbitrator's Decision. | The Respondents have not established the relevance and materiality of this request as distinct from their Request No. 24, which has been granted in part. This request is denied. |

| Document Request No. 26 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or relating to any lobbying efforts undertaken by Claimants in connection with their activities in Madagascar, including, but not limited to, communications with individuals associated with KRL International (e.g., Riva Levinson). |

| | |
|---|---|
| B.  Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) *See, e.g.*, Respondents' Memorial ¶¶ 52 n.2; 98-122.<br><br>(2) Potentially relevant and material to Respondents' claims concerning Claimants' interference with the Plant and communications with third parties. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad. It is not clear what Respondents mean by "*lobbying efforts*" but to the extent that they seek disclosure of all Documents relating to Claimants' business development in Madagascar, this is clearly a disproportionate request (and irrelevant to this dispute).  The request is not narrowed by date range, type of Document or sender/recipient.<br><br>Respondents have entirely failed to explain the relevance and materiality of such Documents. Respondents simply make a vague allegation that such Documents are "*potentially*" relevant to Claimants' "*communications with third parties.*" Claimants' communications with third parties are not necessarily relevant or material, Respondents have made no attempt to explain why they would be, and Respondents have no right to such broad disclosure. Respondents do not set out which facts they would establish based on such Documents. Further, Claimants note that there is no mention of either KRL or Riva Levinson, or indeed any "lobbying" allegedly done by Claimants, in any part of Respondents' Memorial, including the paragraphs referenced in Respondents' Request No. 26. The request is therefore manifestly irrelevant to the dispute. |
| D.  Reply; | Claimants take issue with Respondents' "potentially relevant and material" language, but Respondents simply used this language because it is Respondents' position that Claimants' theories lack legal merit; to the extent Respondents have to defend against Claimants' legal theories, Respondents still require the requested documents and communications to properly mount a defense.<br><br>Furthermore, the Request is relevant and material to the matters in dispute.  It is relevant because Respondents understand, based on publicly available lobbying records, that Claimants communicated with various third-party lobbying organizations, including KRL International.  Respondents reasonably believe that this was done for the purpose of interfering with the operation of the Plant and to disparage and/or defame Respondents.  The Request is material because Respondents reasonably believe that responsive documents will demonstrate that Claimants, along with KRL International, |

|  | were actively in communication with government officials and/or government representatives for the purpose of interfering in Respondents' operation of the Plant. |
|  | In addition, Respondents have reason to believe that Claimants, along with KRL International, have been making disparaging and/or defamatory statements regarding Respondents to government officials and other third parties. |
|  | Claimants further take issue with the fact that KRL International and/or Riva Levinson were not mentioned in Respondents' Memorial. Respondents expressly reserved the right to pursue claims arising out of Claimants' communications with third parties after taking discovery regarding those communications, and are seeking such discovery now. Respondents' Memorial ¶ 52 n.2. |
|  | Claimants' objection on the grounds of breadth is overstated as the Request is tailored by subject matter. To facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the date range of the Request from January 1, 2019 through April 23, 2021. Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply. |
|  | To the extent that Claimants' search for responsive documents yields a number of documents that is disproportionate to the needs of the case and would be unduly burdensome to produce, Respondents are willing to confer with Claimants to narrow the scope of production using mutually agreed-upon parameters. |
| E.  Arbitrator's Decision. | The Arbitrator considers that the Respondents have not established the relevance and materiality of the requested documents , as the request is targeted at Claimants' own activities in Madagascar.<br><br>This request no. 26 is denied. |

| Document Request No. 27 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or relating to any lobbying efforts undertaken by Claimants that relate in any way to Respondents, including, but not limited to, communications with individuals associated with KRL International (e.g., Riva Levinson). |
| B.  Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) *See, e.g.,* Respondents' Memorial ¶¶ 52 n.2; 98-122.<br><br>(2) Potentially relevant and material to Respondents' claims concerning Claimants' interference with the Plant and communications with third parties. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad. It is not clear what Respondents mean by "*lobbying efforts.*" The request is not narrowed by date range, type of document or sender/recipient.<br><br>Respondents have entirely failed to explain the relevance and materiality of such Documents. Respondents simply make a vague allegation that such Documents are "potentially" relevant to Claimants' "*communications with third parties.*" Claimants' communications with third parties are not necessarily relevant or material, Respondents have made no attempt to explain why they would be, and Respondents have no right to such broad disclosure. Respondents do not set out which facts they would establish based on such Documents. Further, Claimants note that there is no mention of either KRL or Riva Levinson, or indeed any "lobbying" allegedly done by Claimants, in Respondents' Memorial, including the paragraphs referenced in Respondents' Request No. 27. The Request is therefore manifestly irrelevant to the dispute. |
| D.  Reply; | Claimants take issue with Respondents' "potentially relevant and material" language, but Respondents simply used this language because it is Respondents' position that Claimants' theories lack legal merit; to the extent Respondents have to defend against Claimants' legal theories, Respondents still require the requested documents and communications to properly mount a defense. |

| | |
|---|---|
| | Furthermore, the Request is relevant and material to the matters in dispute.  It is relevant because Respondents understand, based on publicly available lobbying records, that Claimants communicated with various third party lobbying organizations, including KRL International.  Respondents reasonably believe that this was done for the purpose of interfering with the operation of the Plant and to disparage and/or defame Respondents.  The Request is material because Respondents reasonably believe that responsive documents will demonstrate that Claimants, along with KRL International, were actively in communication with government officials and/or government representatives for the purpose of interfering in Respondents' operation of the Plant. |
| | In addition, Respondents have reason to believe that Claimants, along with KRL International, have been making disparaging and/or defamatory statements regarding Respondents to government officials and other third parties. |
| | Claimants further take issue with the fact that KRL International and/or Riva Levinson were not mentioned in Respondents' Memorial.  Respondents expressly reserved the right pursue claims arising out of Claimants' communications with third parties after taking discovery regarding those communications, and are seeking such discovery now.  Respondents' Memorial ¶ 52 n.2. |
| | Claimants' objection on the grounds of breadth is overstated as the Request is tailored by subject matter.  To facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the date range of the Request from January 1, 2019 through April 23, 2021.  Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply. |
| | To the extent that Claimants' search for responsive documents yields a number of documents that is disproportionate to the needs of the case and would be unduly burdensome to produce, Respondents are willing to confer with Claimants to narrow the scope of production using mutually agreed-upon parameters. |
| E.  Arbitrator's Decision. | Unlike Request No. 26, the Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents, as the request is tied communications regarding the Respondents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case. |

<table>
<tr><td></td><td>The Claimants are ordered to produce:<br><br>All documents and communications concerning or relating to any lobbying efforts undertaken by Claimants that relate in any way to Respondents, including, but not limited to, communications with individuals associated with KRL International (e.g., Riva Levinson) dated January 1, 2019 through April 23, 2021.</td></tr>
</table>

| Document Request No. 28 | |
| --- | --- |
| A. Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting Claimants' or their agents' dealings with U.S. government officials (including, without limitation, individuals at the U.S. embassy in Madagascar and USAID) that relate in any way to either (i) Claimants' activities in Madagascar, or (ii) Respondents. |
| B. Relevance and materiality:<br>(1) paragraph numbers to submissions,<br>(2) comments; | (1) *See, e.g.*, Respondents' Memorial ¶¶ 52 n.2; 98-122.<br><br>(2) Potentially relevant and material to Respondents' claims concerning Claimants' interference with the Plant and communications with third parties. |
| C. Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad.  The request is not narrowed by date range, type of Document or sender/recipient.<br><br>Respondents have entirely failed to explain the relevance and materiality of such Documents. Respondents simply make a vague allegation that such Documents are "*potentially*" relevant to Claimants' "*communications with third parties*" Claimants' communications with third parties are not necessarily relevant or material, Respondents have made no attempt to explain why they would be, and Respondents have no right to such broad disclosure. Respondents do not set out which facts they would establish based on such Documents. |
| D. Reply; | Claimants take issue with Respondents' "potentially relevant and material" language, but Respondents simply used this language because it is Respondents' position that Claimants' theories lack legal merit; |

| | |
|---|---|
| | to the extent Respondents have to defend against Claimants' legal theories, Respondents still require the requested documents and communications to properly mount a defense. |
| | Furthermore, the Request is relevant and material to the matters in dispute.  It is relevant because Respondents understand, based on publicly available lobbying records, that Claimants communicated with various third-party lobbying organizations, including KRL International.  Respondents reasonably believe that this was done for the purpose of interfering with the operation of the Plant and to disparage or defame Respondents.  The Request is material because Respondents reasonably believe that responsive documents will demonstrate that Claimants were actively in communication, either directly or through hired lobbyists, with the U.S. government and/or its representatives for the purpose of interfering in Respondents' operation of the Plant. |
| | In addition, Respondents have reason to believe that Claimants, either directly or through hired lobbyists, have been making disparaging and/or defamatory statements regarding Respondents to U.S. government officials and other third parties. |
| | Respondents expressly reserved the right pursue claims arising out of Claimants' communications with third parties after taking discovery regarding those communications, and are seeking such discovery now.  Respondents' Memorial ¶ 52 n.2. |
| | Claimants' objection on the grounds of breadth is overstated as the Request is tailored by subject matter.  To facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the date range of the Request from January 1, 2019 through April 23, 2021.  Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply. |
| | To the extent that Claimants' search for responsive documents yields a number of documents that is disproportionate to the needs of the case and would be unduly burdensome to produce, Respondents are willing to confer with Claimants to narrow the scope of production using mutually agreed-upon parameters. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of part (ii) of the requested documents, as the request is tied to communications regarding the Respondents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case. |

|  | The Claimants are ordered to produce:<br><br>All documents and communications from January 1, 2019 through April 23, 2021 concerning or reflecting Claimants' or their agents' dealings with U.S. government officials (including, without limitation, individuals at the U.S. embassy in Madagascar and USAID) that relate in any way to Respondents. |
|---|---|

| Document Request No. 29 | |
|---|---|
| A. Identification of the specific document(s) or categories of documents that have been requested; | All materials removed by Claimants and/or the Expatriate Staff, including any and all laptop computers removed from the Plant, and any of the Plant's records stored electronically in those laptops. |
| B. Relevance and materiality:<br>(1) paragraph numbers to submissions,<br>(2) comments; | (1) *See, e.g.*, Respondents' Memorial ¶¶ 78-97, 105-111, 115-122.<br><br>(2) Potentially relevant and material to Respondents' claims concerning Claimants' mismanagement of and interference with the Plant.  These materials need to be returned as they are property of the Plant. |
| C. Summary of objections by disputing Party to production of requested documents; | Claimants have not removed any Documents. To the extent (if any) that the Expatriate Staff removed Documents, such Documents are not in the possession, custody or control of Claimants – by definition they would be in the possession of the Expatriate Staff.<br><br>Notwithstanding, Claimants have to date attempted to facilitate a transparent and good faith approach to ensure that Respondents have access to any information removed from the Plant by the Expatriate Staff. As Respondents, and Madame Arbitrator, are aware, Claimants have already provided an explanation for Mr. Alcantara's decision to take the hard drive from his Lenovo laptop with him when departing Madagascar: the hard drive contained his personal and prior work files, which pre-dated his engagement at Mandroseza. Mr. Alcantara left at the Plant a back-up of Plant files. Claimants have repeatedly offered to allow a third party to review the hard drive from Mr. Alcantara's computer to retrieve any relevant records therein. See, for instance, Exhibit C-152. |

| | |
|---|---|
| | Respondents did not engage with Claimants' proposals. If Respondents maintain that they are lacking certain materials that were removed from the Plant, it is incumbent upon them to give an explanation as to why they have not engaged with Claimants' good faith attempts to ensure that Respondents had a complete record.  Claimants reiterate their offer to permit Kroll to review Mr. Alcantara's hard drive and extract any files related to the Plant. |
| D.  Reply; | Claimants' objection is meritless.  As Claimants themselves have admitted, they facilitated the Expatriate Staff's departure from the Plant.  Furthermore, Claimants can easily obtain the materials in possession of the Expatriate Staff because, as far as Respondents are aware, the Expatriate Staff, including Mr. Alcantara, is still employed by Symbion.  The documents and materials are therefore in the possession, custody, and control of Claimants, which is defined herein to include Claimants' "present or past officers, directors, agents, [and] employees," such as the Expatriate Staff.<br><br>Furthermore, "the back-ups of any material relevant to the Plant" were not left on-site; only after months of requests did Respondents receive some of the requested documents through counsel.  The company laptop retained by Mr. Alcantara, for example, has yet to be returned.<br><br>Moreover, the Request is relevant and material to the issues in dispute.  The Request is relevant because Respondents maintain that Claimants actively interfered with the operation of the Plant and facilitated the abrupt departure of the Expatriate Staff in September 2020.  The Request is material because Respondents reasonably believe that responsive documents will evidence that Claimants actively caused and encouraged the Expatriate Staff to leave the Plant, in part to interfere with the operation of the Plant.<br><br>Respondents reject Claimants' position that a third-party vendor review and extract any relevant files from the company laptop retained by Mr. Alcantara to the extent that Claimants would require Respondents to bear the full cost of such an exercise.  Moreover, the laptop remains the property of the Plant and should be returned.<br><br>Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request. |
| E.  Arbitrator's Decision. | The purpose of the document production process is not to provide for the "return" of materials or equipment. To the extent that this document request seeks information concerning what Plant- |

| | related information was removed from the Plant by the Expatriate Staff upon their departure, that request is both relevant and material to the issue identified in this request.<br><br>Accordingly, the Claimants are ordered to produce any documents related to the Plant's records removed from the Plant by the Expatriate Staff, including any such records stored on the laptop removed by Mr. Alcantara. |
|---|---|

| Document Request No. 30 | |
|---|---|
| A. Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or relating to any shareholder meetings in connection with the Plant. |
| B. Relevance and materiality:<br>(1) paragraph numbers to submissions,<br>(2) comments; | (1) *Passim.*<br>(2) Potentially relevant and material to both parties' allegations and disputes regarding when and whether agreements regarding the Plant's governance and finances were reached. |
| C. Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the basis that it is too broad. It does not provide any reasonable search parameters. The request is not narrowed by date range, type of Documents, or sender/recipient. It appears to seek all Documents across the entire duration of the project which had any connection to a shareholders' meeting.  It is plainly disproportionate for Claimants to search for these.<br><br>Further, Respondents have failed to explain why such Documents would be relevant and material, rather making a vague and sweeping assertion that they are "*potentially*" relevant and material "*to both parties' allegations and disputes regarding when and whether agreements regarding the Plant's governance and finances were reached.*" Respondents have not set out which facts they intend to evidence based on these Documents. |
| D. Reply; | Claimants' objection on the grounds of breadth is overstated.  The Plant did not have frequent shareholder meetings; therefore, the Request is not unduly broad. |

| | |
|---|---|
| | Claimants take issue with Respondents' "potentially relevant and material" language, but Respondents simply used this language because it is Respondents' position that Claimants' theories lack legal merit; to the extent Respondents have to defend against Claimants' legal theories, Respondents still require the requested documents and communications to properly mount a defense. |
| | Furthermore, the Request is relevant and material to the matters in dispute.  It is relevant because Respondents maintain that no agreement was reached between the parties regarding Symbion's management fees, and that under the Shareholders' Agreement, any such purported agreement had to be evidenced in writing in order to take effect.  Respondents also assert several claims based on Claimants' breach of the corporate governance procedures set forth in the Shareholders' Agreement.  The Request is material because Respondents reasonably believe that responsive documents will demonstrate that the parties reached no agreement regarding Symbion's management fees and that corporate governance procedures were not adhered to. |
| | Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case. <br><br> The Claimants are ordered to produce: <br><br> All documents and communications concerning or relating to any shareholder meetings in connection with the Plant. |

| Document Request No. 31 |
|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All communications with, and documents concerning or reflecting communications with third-party servicers, including but not limited to Wartsila, ABB, and/or Diesel Experts, concerning the Plant. |

ICDR Case No. 01-20-0000-4822
PO#4 – Document Production
Appendix B – Respondents' Requests
Page 58

| | |
|---|---|
| B.  Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶¶ 177-200; Hinks Stmt. ¶ 46; Expert Report of Vineet Mohan ¶¶ 21, 151; Respondents' Memorial ¶¶ 78-97.<br><br>(2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' mismanagement of the Plant, and (ii) Claimants' claims concerning the mismanagement of the Plant. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the basis that it is unduly broad. It is not narrowed by date range, type of Document or sender/recipient. It is tantamount to a request for all of the Plant's standard business communication across its whole period of operation. It is plainly disproportionate for Claimants to search for this.<br><br>Further, Respondents have failed to establish relevance and materiality. Respondents have not made clear which facts they intend to evidence on the basis of the requested Documents. |
| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications with third-party servicers for the Plant such as Wartsila, ABB, and/or Diesel Experts.<br><br>Furthermore, the Request is clearly relevant and material to the matters in dispute.  It is relevant because Respondents maintain that Claimants mismanaged the Plant until February 2020.  It is material because Respondents reasonably believe documents responsive to this Request will evidence that Claimants did not properly upkeep or maintain the Plant, including, but not limited to, failing to purchase the necessary and proper (i.e., genuine) spare parts for the Plant and failing to conduct routine maintenance and inspections.<br><br>Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request.<br><br>To the extent that Claimants' search for responsive documents yields a number of documents that is disproportionate to the needs of the case and would be unduly burdensome to produce, Respondents are willing to confer with Claimants to narrow the scope of production using mutually agreed-upon parameters. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>The Claimants are ordered to produce: |

| | All communications with, and documents concerning or reflecting communications with third-party servicers, including but not limited to Wartsila, ABB, and/or Diesel Experts, concerning the Plant. |
|---|---|

| **Document Request No. 32** | |
|---|---|
| A. Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting Mirela Comaniciu's departure from Madagascar in March 2020. |
| B. Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) Hinks Stmt. ¶ 87; Comaniciu Stmt. ¶ 30.<br><br>(2) Potentially relevant and material to evaluating Claimants' allegations relating corruption. |
| C. Summary of objections by disputing Party to production of requested documents; | Claimants reserve the right to object to this request on the basis that it is unduly broad. It is not restricted by type of Document or sender/recipient. Further, Respondents have failed to explain how such documents might "*potentially*" be relevant to Claimants' "*allegations relating corruption*" [sic].<br><br>Notwithstanding the above, Claimants will undertake a proportionate search for communications between Mr. Hinks and Ms. Comaniciu from March 1- 31, 2020 which evidence the reasons for her departure from Madagascar, and will produce non-privileged Documents. |
| D. Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications "concerning or reflecting Mirela Comaniciu's departure from Madagascar" in March 2020.  Therefore, documents responsive to this Request would presumably be dated on or around that time.<br><br>Claimants take issue with Respondents' "potentially relevant and material" language, but Respondents simply used this language because it is Respondents' position that Claimants' theories lack legal merit; to the extent Respondents have to defend against Claimants' legal theories, Respondents still require the requested documents and communications to properly mount a defense. |

| | |
|---|---|
| | Furthermore, the Request is relevant and material to the matters in dispute.  It is relevant because Claimants' position is that Respondents threatened Ms. Comaniciu and "forced" Ms. Comaniciu to flee Madagascar.  Although Respondents dispute the merit of these claims, they are entitled to discovery to defend against them.  The Request is material because Respondents reasonably believe that responsive documents will demonstrate that Respondents never "threatened" Ms. Comaniciu and did not force her to flee Madagascar. |
| | Respondents do not agree to Claimants' proposed restrictions on production.  This Request is already very limited in subject matter; Respondents do not expect many documents or communications that are responsive to this Request.  Therefore, Claimants' proposed restrictions are unjustified.  Claimants should produce all non-privileged documents concerning or reflecting Ms. Comaniciu's departure from Madagascar in March 2020, not solely those that "evidence the reasons for" doing so. |
| | Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case. |
| | The Claimants are ordered to produce: |
| | All documents and communications concerning or reflecting Mirela Comaniciu's departure from Madagascar in March 2020. |

| Document Request No. 33 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All staff employment contracts and company policies of the Plant. |
| B.  Relevance and materiality: | (1) Claimants' Memorial ¶ 438. |

ICDR Case No. 01-20-0000-4822
PO#4 – Document Production
Appendix B – Respondents' Requests
Page 61

| (1) paragraph numbers to submissions,<br><br>(2) comments; | (2) Potentially relevant and material to evaluating Claimants' allegations that they were entitled to withdraw funds from the Plant in accordance with these contracts and policies. |
|---|---|
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the basis that Claimants have already provided the employment contracts for the Expatriate Staff and Ms. Comaniciu – see Exhibits C-114 through C-117 and Exhibit C-164.<br><br>To the extent that Respondents seek contracts for other staff members, this is an unduly broad request and Respondents have failed to demonstrate how such Documents would be relevant or material. The only disputes between the parties relate to (i) the compensation of the Expatriate Staff and (ii) Ms. Comaniciu's withdrawals from the Plant. Employment contracts of other individuals are not relevant to either point.<br><br>Claimants will disclose the company policies of the Plant. |
| D.  Reply; | Respondents confirmed on 1 June 2021 that no order was sought in respect of this request. |
| E.  Arbitrator's Decision. | None required at this time. |

| Document Request No. 34 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting the payments listed in Exhibit C-69. |
| B.  Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | (1) McCann Stmt. ¶ 47; Exhibit C-69.<br><br>(2) Potentially relevant and material to Respondents' claims concerning Claimants' misappropriation of funds.  Potentially relevant and material to evaluating Claimants' allegations that they were entitled to these payments. |

| | |
|---|---|
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants reserve the right to object to this Request on the grounds that it is unduly broad to request all "*documents and communications concerning or reflecting*" such payments.<br><br>Notwithstanding this, Claimants have already provided, and Respondents have exhibited as Exhibit R-139, a collection of invoices which evidences all the payments listed at Exhibit C-69 with the exception of those at rows 62 and 63 of Exhibit C-69.<br><br>Claimants will undertake a proportionate search for Documents which evidence the transfers at rows 62 and 63 of Exhibit C-69.<br><br>To the extent that Respondents intend by this Request to seek other Documents "*concerning or reflecting*" the payments set out in Exhibit C-69, Claimants object to the request on the grounds that the request is not properly particularized, is too broad, and its relevance and materiality has not been explained. |
| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications "concerning or reflecting the payments listed in Exhibit C-69."  Therefore, documents responsive to this Request would presumably be dated on or around the payment dates referenced in Exhibit C-69.<br><br>The Request is relevant and material to the matters in dispute.  It is relevant because Respondents maintain that Claimants misappropriated funds from the Plant.  The Request is material because Respondents reasonably believe that responsive documents will evidence Claimants' improper use of Plant funds, including but not limited to the use of Plant funds for non-Plant related expenses, including personal expenses.<br><br>Respondents do not agree with Claimants' proposed restrictions on production.  To be clear, Respondents are not only asking for documents "evidenc[ing] the transfers," but rather are requesting all documents and communications, including internal Symbion correspondence, concerning the information reflected in the exhibits.  Respondents are entitled to know exactly how Plant funds were used.  Claimants should produce all documents and communications responsive to this Request.  Respondents respectfully request that Madame Arbitrator order Claimants to produce all non-privileged documents that are responsive to this Request. |

| E. Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case. The Claimants are ordered to produce: All documents and communications concerning or reflecting the payments listed in Exhibit C-69. |
| --- | --- |

| Document Request No. 35 | |
| --- | --- |
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting the payments listed in Exhibits C-35, C-47, C-64, and C-70. |
| B.  Relevance and materiality: (1) paragraph numbers to submissions, (2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶ 227; McCann Stmt. ¶¶ 19, 32, 40, 48; Respondents' Memorial ¶¶ 58-77. (2) Potentially relevant and material to evaluating Claimants' reliance on, and the accuracy of, the information in the spreadsheets. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants reserve the right to object to this Request on the grounds that it is unduly broad to request all "*documents and communications concerning or reflecting*" such payments. Notwithstanding this: <br>• As regards Exhibit C-35, only the entry at row 7 was paid offshore. The remaining entries were paid locally in Madagascar and the records will be at the Plant and therefore in Respondents' possession. Claimants will produce the SWIFT transfer confirmation evidencing the payment at row 7 of Exhibit C-35. <br>• Claimants have already provided the underlying documents for Exhibit C-47 - *see* Exhibit C-46. |

| | |
|---|---|
| | • Claimants will do a proportionate search for the underlying evidence supporting the budgets at Exhibits C-64 and C-70, and will provide non-privileged documents which are not in Respondents' possession or control.<br><br>To the extent that Respondents intend by this Request to seek other Documents *"concerning or reflecting"* the payments set out in these exhibits, Claimants object to the request on the grounds that the request is not properly particularized, is too broad, and its relevance and materiality has not been explained. |
| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents and communications "concerning or reflecting the payments listed in Exhibits C-35, C-47, C-64, and C-70."  Therefore, documents responsive to this Request would presumably be on or around the payment dates referenced in Exhibits C-35, C-47, C-64, and C-70.<br><br>The Request is relevant and material to the matters in dispute.  It is relevant because Respondents maintain that Claimants misappropriated funds from the Plant.  The Request is material because Respondents reasonably believe that responsive documents will evidence Claimants' improper use of Plant funds, including but not limited to the use of Plant funds for non-Plant related expenses, including personal expenses.<br><br>Respondents do not agree with Claimants' proposed restrictions on production.  To be clear, Respondents are not only asking for documents evidencing the transfers or payments, but rather are requesting all documents and communications, including internal Symbion correspondence, concerning the information reflected in the exhibits.  Respondents are entitled to know exactly how Plant funds were used.  Claimants should produce all documents and communications responsive to this Request.  Respondents respectfully request that Madame Arbitrator order Claimants to produce all non-privileged documents that are responsive to this Request. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>The Claimants are ordered to produce: |

| | All documents and communications concerning or reflecting the payments listed in Exhibits C-35, C-47, C-64, and C-70 |
|---|---|

| Document Request No. 36 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting Claimants' decision to retain a number of shares of the Plant's operating company. |
| B.  Relevance and materiality: (1) paragraph numbers to submissions, (2) comments; | (1) *See, e.g.*, Claimants' Memorial ¶¶ 134-140; Respondents' Memorial ¶ 125. (2) Potentially relevant and material to Respondents' claims concerning Claimants' breach of the distribution of shares provisions of the Shareholders' Agreement. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants reserve the right to object to the request on the grounds that it is unduly broad. The request does not set out reasonable search parameters. It is not narrowed by reference to a date range, Document type or sender/recipient. Further, Claimants have already exhibited the Document upon which they rely for the proposition that Mr. Oppenheim was aware contemporaneously of the need to retain the *de minimis* shareholding and therefore has waived Respondents' right to object (*see* Exhibit C-21). It is not clear what further Documents might exist or how they would be relevant and material to the parties' positions. However, without prejudice to the above, Claimants will conduct a reasonable search for, and produce, the tax advice provided by PWC in this regard. |
| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored in subject matter to documents and communications regarding "Claimants' decision to retain a number of shares of the Plant's operating company." |

| | |
|---|---|
| | The Request is relevant and material to the matters in dispute.  It is relevant because Respondents maintain that Claimants misrepresented the tax advice provided by PwC in 2017.  Claimants later admitted to Respondents that there were "no restrictions" on transferring shares.  Respondents' Memorial ¶ 125.  The Request is material because Respondents reasonably believe that responsive documents will demonstrate that Claimants improperly retained SARL shares, in contravention of the Shareholders' Agreement. |
| | Respondents do not agree with Claimants' proposed restrictions on production.  To be clear, Respondents are not only asking for the tax advice provided by PwC, but rather are requesting all documents and communications, including internal Symbion correspondence, discussing the decision to retain shares, regardless of the reasons for doing so.  Claimants should produce all documents and communications responsive to this Request.  Respondents respectfully request that Madame Arbitrator order Claimants to produce all non-privileged documents that are responsive to this Request. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case. |
| | The Claimants are ordered to produce: |
| | All documents and communications concerning or reflecting Claimants' decision to retain a number of shares of the Plant's operating company. |

| Document Request No. 37 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents and communications concerning or reflecting the appointment and/or proposed appointment of directors and/or *gerants* for the Plant, including but not limited to, the CFO position. |
| B.  Relevance and materiality: | (1) *See, e.g.*, Claimants' Memorial ¶¶ 67, 335, 390; Respondents' Memorial ¶¶ 126-27. |

| (1) paragraph numbers to submissions, (2) comments; | (2) Potentially relevant and material to Respondents' claims concerning Claimants' breach of the corporate governance provisions of the Shareholders' Agreement. |
|---|---|
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object to the request on the grounds that is unduly broad. The request does not set out reasonable search parameters. It is not narrowed by reference to a date range, type of Document or sender/recipient.<br><br>Further, Respondents have failed to establish why such Documents would be relevant and material. There is no dispute between the parties regarding the appointment of any CFO. Respondents have been aware throughout the project of the appointment of the *gerants*. |
| D.  Reply; | Claimants' objection on the grounds of breadth is overstated as the Request is limited in subject matter to only the appointment and/or proposed appointment of directors and/or *gerants* for the Plant, such as the CFO position.  However, to facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the date range for this Request from July 29, 2015 through February 14, 2020.<br><br>Furthermore, the Request is relevant and material to the matters in dispute.  It is relevant because Respondents maintain that they never approved of the appointed *gerants* and did not receive their promised director positions at the Plant.  Claimants' assertion that there is no dispute between the parties regarding the appointment of any CFO is incorrect, as Respondents have argued that Claimants breached the Shareholders' Agreement's corporate governance provisions, including Alpha's right to appoint the promised director positions.  Respondents' Memorial ¶¶ 126-27.  The Request is material because Respondents reasonably believe that responsive documents will demonstrate that Claimants refused to fill senior positions at the Plant in accordance with the terms of the Shareholders' Agreement.<br><br>Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case. |

| | The Claimants are ordered to produce: |
|---|---|
| | All documents and communications concerning or reflecting the appointment and/or proposed appointment of directors and/or *gerants* for the Plant, including but not limited to, the CFO position. |

| Document Request No. 38 | |
|---|---|
| A. Identification of the specific document(s) or categories of documents that have been requested; | All documents referenced in Exhibit 1 to the Expert Report of Vineet Mohan dated March 26, 2020. |
| B. Relevance and materiality: <br><br>(1) paragraph numbers to submissions, <br><br>(2) comments; | (1) Expert Report of Vineet Mohan, Exhibit 1. <br><br>(2) Potentially relevant and material to evaluating the credibility of Claimants' expert and the accuracy and completeness of his report. |
| C. Summary of objections by disputing Party to production of requested documents; | Claimants note that certain of these Documents are subject to work product privilege and cannot be disclosed. <br><br>Claimants will produce non-privileged, contemporaneous records of the Plant's operations which were provided to Mr. Mohan and listed in Exhibit 1. |
| D. Reply; | To the extent that any of the documents reviewed by Mr. Mohan and listed in Exhibit 1 to his report are withheld by Claimants, they should be identified by number (Nos. 1-49). |
| E. Arbitrator's Decision. | None required at this time. |

| Document Request No. 39 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents reflecting or concerning Claimants' financial modeling relating to the development of the Plant, beginning from January 2014. |
| B.  Relevance and materiality:<br><br>(1) paragraph numbers to submissions,<br><br>(2) comments; | *See, e.g.*, Claimants' Memorial ¶¶ 28, 46; Hinks Stmt. ¶ 16-26, 46; McCann Stmt. ¶¶ 10-12, 21; Respondents' Memorial ¶¶ 58-77.<br><br>(2) Potentially relevant and material to (i) Respondents' claims concerning Claimants' misappropriation of funds, and (ii) Claimants' allegations concerning their financial contributions to the Plant. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants object to this request on the grounds that it is unduly broad. It does not provide any reasonable search parameters. It is not narrowed by date range, type of Document or sender/recipient. The request is tantamount to a request for any Document in a seven year period which referred to the financial position of the Mandroseza plant.<br><br>Further, Respondents have failed to explain how such Documents would be relevant or material. No party has brought any claims regarding the financial modelling of the Plant.  It is far from clear that such Documents would have any relevance at all to alleged misappropriation of funds. Respondents have not explained which facts they would seek to evidence on the basis of the requested Documents. |
| D.  Reply; | Claimants' objection on the grounds of breadth is overstated.  The Request is tailored to documents or communications concerning or reflecting "Claimants' financial modeling relating to the development of the Plant," which presumably would be dated between 2015-2016, since Claimants assert that this was the period during which pre-development work was completed.  However, to facilitate the discovery process and avoid unnecessary delay, Respondents agree to narrow the date range from January 1, 2014 to May 26, 2016.<br><br>The requested documents and communications are relevant to assessing Claimants' assertions regarding the work they put into the developing the Plant, as well as the accuracy of the representations they made to Alpha regarding the opportunity to invest in the Plant.  Documents and |

| | |
|---|---|
| | communications regarding the assumptions and financial modeling used by Claimants are therefore relevant and material.<br><br>Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request, and are within the date restrictions Respondents propose in this Reply. |
| E.  Arbitrator's Decision. | The Arbitrator considers that the Respondents have not established the relevance and materiality of the requested documents. Document Request No. 39 is denied. |

| Document Request No. 40 | |
|---|---|
| A.  Identification of the specific document(s) or categories of documents that have been requested; | All documents reflecting or concerning contracts with the Expatriate Staff and/or Mirela Comaniciu, beginning from January 2014. |
| B.  Relevance and materiality:<br>(1) paragraph numbers to submissions,<br>(2) comments; | (1) *See, e.g.*, Respondents' Memorial ¶¶ 58-77, 78-97, 105-111, 115-122.<br><br>(2) Potentially relevant and material to Respondents' claims concerning Claimants' misappropriation of funds, and mismanagement of and interference with the Plant. |
| C.  Summary of objections by disputing Party to production of requested documents; | Claimants have already explained in the context of Request No. 33 that the Expatriate Staff's and Ms. Comaniciu's employment contracts have already been produced.<br><br>To the extent that Respondents seek some further set of contracts, they do not explain which Documents they are requesting or how such Documents would be relevant or material. |
| D.  Reply; | Claimants have produced the Expatriate Staff's and Ms. Comaniciu's employment contracts with the Plant, but have failed to produce their additional contracts with Claimants and/or their offshore contracts. |

| | |
|---|---|
| | These contracts are relevant and material to Respondents' claims of interference with the Plant. Respondents reasonably believe that the contracts will show that these individuals contracted to be compensated off-shore by Symbion in addition to their contracts with the Plant.<br><br>Respondents respectfully request that Madame Arbitrator order Claimants to produce non-privileged documents that are responsive to this Request. |
| E.  Arbitrator's Decision. | The Arbitrator considers that (1) the Respondents have established the relevance and materiality of the requested documents and that (2) the Claimants have not established that this request is overly broad, unduly burdensome, or not proportional to the needs of this case.<br><br>The Claimants are ordered to produce:<br><br>All documents reflecting or concerning contracts with the Expatriate Staff and/or Mirela Comaniciu, beginning from January 2014. |

MERIAM NAZIH AL-RASHID
*Global Co-Chair of International Arbitration | Co-Head of Latin America*
*Arbitration Practice Group | Eversheds Sutherland (US) LLP*
Eversheds Sutherland (US) LLP
New York
London

**Eversheds Sutherland (US) LLP**
1114 Avenue of the Americas, 40th
Floor
New York, NY  10036-7703

D: +1 212.287.7055
F: +1 212.389.5099

meriamal-rashid@
eversheds-sutherland.com

**EVERSHEDS SUTHERLAND**

August 30, 2021

Sam Rudman, srudman@choate.com
Lillian Khoury, lkhoury@Steptoe.com

**Re:   Symbion Energy Holdings, Ltd. et al. v Alpha Innovations Management, Ltd.**
**et al., ICDR Case No. 01-20-0000-4822**

In accordance with the procedural timetable (as amended on 5 February 2021) in these
proceedings, and Procedural Order No. 4 dated 4 June 2021, Claimants hereby produce
documents requested by Respondents in their Redfern Schedule.

Claimants' production can be accessed at the following FTP link: https://ftp.sutherland.com

The credentials required to access the link are:

**Username:** FTP.92137.0005
**Password:** 3141SFTPMNBV

The zip files are encrypted and can be opened with the password: **hA]Ny8P/3`U(:Z7,**

The link remains valid until 9 September 2021. We enclose with this letter a guide for
external users on accessing the Eversheds Sutherland FTP site.

Yours faithfully,

**Meriam Nazih Al-Rashid**
*Global Co-Chair of International Arbitration | Co-Head of Latin America Arbitration Practice Group |*
*Eversheds Sutherland (US) LLP*
Eversheds Sutherland (US) LLP

Cc: all counsel of record

46514813.1

**MERIAM NAZIH AL-RASHID**
*Global Co-Chair of International Arbitration | Co-Head of Latin America
Arbitration Practice Group | Eversheds Sutherland (US) LLP*
Eversheds Sutherland (US) LLP
New York
London

**Eversheds Sutherland (US) LLP**
1114 Avenue of the Americas, 40th
Floor
New York, NY  10036-7703

D: +1 212.287.7055
F: +1 212.389.5099

meriamal-rashid@
eversheds-sutherland.com

September 8, 2021

Sam Rudman, srudman@choate.com
Lillian Khoury, lkhoury@Steptoe.com

**Re:    Symbion Energy Holdings, Ltd. et al. v Alpha Innovations Management, Ltd.
et al., ICDR Case No. 01-20-0000-4822**

In accordance with the parties' agreement that document production could be provided on a
rolling basis, Claimants hereby provide the second tranche of their disclosure.

Claimants' production can be accessed from the following FTP link: https://ftp.sutherland.com

The credentials required to access the link are:

**Username:** sftp_92137_0005_2
**Password:** 8559SFTP1477

The zip files are encrypted and can be opened with the password: hA]Ny8P/3`U(:Z7,

The link remains valid until 22 September 2021. We enclose with this letter a guide for
external users on accessing the Eversheds Sutherland FTP site.

Yours faithfully,

**Meriam Nazih Al-Rashid**
*Global Co-Chair of International Arbitration | Co-Head of Latin America Arbitration Practice Group |
Eversheds Sutherland (US) LLP*
Eversheds Sutherland (US) LLP

Cc: all counsel of record

46514813.1