

Robert Mockler
+1 213 439-9429 direct
rmockler@steptoe.com

633 West Fifth Street
Suite 1900
Los Angeles, CA  90071-3500
213 439 9400 main
www.steptoe.com

May 11, 2022

<u>Via ECF</u>

Hon. Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   In re Application of Zouzar Bouka, et al., No. 22 Misc. 92 (RA) (GWG)

Dear Judge Gorenstein:

We write to address the letter sent to this Court on May 9, 2022, by Symbion Power Services U.S., Inc., Symbion Power LLC, Symbion Power Holdings Africa, LLC, and Paul Hinks ("Symbion").  ECF Doc. 26.

In what amounts to an impermissible surreply without leave of court, Symbion incorrectly asserts that a Second Circuit decision issued the same day Applicants' reply brief was due heightens the standard for showing that a proceeding is within reasonable contemplation. It does nothing of the sort. Symbion also attempts yet again to cast doubt on the legitimacy of the Madagascar Anti-Corruption Court's criminal investigation into Mr. Hinks's embezzlement of funds from Symbion Power Mandroseza S.A.R.L. ("SPARL" or "the Company"). Again, those efforts are meritless.

***IJK Palm* Does Not Change Anything.**

Contrary to Symbion's characterization, the Second Circuit's decision in *IJK Palm* holds simply that where a Section 1782 applicant cannot demonstrate that it will have standing to assert a derivative claim, it cannot show that it will be able to put discovered information to use in the proceeding. That case involved a shareholder who sought to bring a derivative action. Under the law of the Cayman Islands, however, only the official liquidator had standing and the liquidator refused to bring the suit. *IJK Palm LLC v. Anholt Servs. USA, Inc.*, No. 20-3963, 2022 WL 1435270 at *2-4 (2d Cir. May 6, 2022). Unsurprisingly, the Second Circuit found that the suit

Hon. Gabriel W. Gorenstein
May 11, 2022
Page 2

was not in reasonable contemplation when the person with standing had refused to bring it, and the applicant's potential financial benefit from lobbying the liquidator to change their mind was not the same as actually being an interested party. *Id.* at *6. IJK's second theory—that it could bring a *double*-derivative suit itself—was similarly flawed as a matter of Cayman law, both because of the liquidator's exclusive standing and because IJK did not even attempt to show that it could satisfy conditions precedent under Cayman law to proceeding itself. *Id.* at *7. Notably, the Second Circuit reiterated that the focus should be on who has the practical ability to inject information into a proceeding. *Id.* at *8. None of this is particularly novel, nor did the Second Circuit suggest that it was in any way changing the law.

The facts in Madagascar stand in stark contrast to *IJK Palm*. Here, the PAC proceedings are ongoing, Mr. Bouka has been supervising them as SPARL's *gérant*, and they have even survived the first instance judge's review and independent investigation and have been referred to a trial. There are no conditions precedent to a proceeding; the matter is already ongoing, and unless *Mr. Hinks* convinces the Court of Cassation to intervene in his interlocutory appeal, there will be a trial in which the *partie civile* system gives the complainant the ability to introduce evidence.

So too the contemplated French proceeding. Symbion does not contend that Applicants lack standing; they are parties to the relevant agreements and constitutive documents that form the basis for challenging the Groupe Filatex transaction. While *IJK Palm* holds that retaining counsel alone does not suffice to make proceedings "contemplated," Applicants have taken additional steps of sending a demand letter, and legal counsel in France and Madagascar have submitted declarations identifying specific legal grounds that Applicants confirm that they intend to raise in the French proceedings and why they believe France has jurisdiction. ECF Doc. 5 at 6-7; ECF Doc. 4 at 6-7.

Thus, even if *IJK Palm* created a bright-line rule requiring articulation of legal theories—as opposed to that being one factor that led the Second Circuit to conclude that a challenge to "several actions" was a "sketching a vague outline" rather than planning a real lawsuit—the evidence here meets that standard. *IJK Palm* nowhere suggests that an applicant must already know the facts necessary to meet high foreign pleading standards in order to discover the very facts that it needs.

**Mr. Bouka Had Authority To Initiate The PAC Proceeding.**

In its submission citing new authority, Symbion also responds to Applicants' brief, attempting yet again to cast doubt about the legitimacy of Madagascar's pending criminal proceeding against Mr. Hinks. Symbion suggests that Mr. Bouka filed the PAC Proceedings without final approval from the Company's co-*gérants* Messrs. Eytan Stibbe and Alexander Oppenheim. Symbion's argument is both factually wrong and immaterial.

Hon. Gabriel W. Gorenstein
May 11, 2022
Page 3

First, the documentary evidence Applicants submitted demonstrates that the initiation of the PAC Proceedings was done in agreement with Messrs. Oppenheim and Stibbe. That the email they sent referred to preparing the complaint rather than granting the final green light for filing does not mean that they were unaware or did not approve; to state the obvious, the PAC proceeding started in March 2020 with full knowledge of SPARL's *gérants* and Symbion complained about it in the arbitration, to which Messrs. Oppenheim and Stibbe's entities were parties until their settlement. The first time Messrs. Oppenheim and Stibbe claimed not to have participated in the decision to file the criminal complaint was in an unsworn document they signed as part of their settlement with Symbion. Such a bought-and-paid-for denial, even if it were in evidentiary form, would be entitled to no weight.

                                              Respectfully submitted,

                                              Steptoe & Johnson LLP

                                              /s/ Robert Mockler


cc:      All Counsel of Record, via ECF