Robert Mockler
+1 213 439-9429 direct
rmockler@steptoe.com



633 West Fifth Street
Suite 1900
Los Angeles, CA  90071-3500
213 439 9400 main
www.steptoe.com

September 10, 2022

<u>Via ECF</u>

Hon. Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**Re:** *In re Application of Zouzar Bouka*, et al., No. 22 Misc. 92 (RA) (GWG)

Dear Judge Gorenstein:

We write in response to Respondents' August 31, 2022, letter, which submits an opinion post from an obscure website as—in their words—"further evidence of (1) the persistent corruption in the Malagasy court system and (2) Petitioner Zouzar Bouka's modus operandi of using his political connections to manufacture criminal prosecutions against foreign nationals as a means of extortion." Doc. 38 at 1. Those are serious allegations to make, and ones that one would expect to be backed up by *evidence*. Respondents provide none.

An opinion post from "International Policy Digest," which describes itself on its Twitter page as "[u]ser generated #news and analysis," *see* Ex. A, is, to state the obvious, not evidence. The website's submissions page refers to its "more than 2,000 contributors" who "enjoy writing for an online journal." The site does not indicate that it performs fact-checking for the "anecdotal evidence" it permits its "contributors" to include, does not even indicate whether it pays its contributors, and does not mention any conflicts of interest policy whatsoever. *See* Ex. B. This is not hard-hitting fact-bound journalism either. Rather, it is a hit piece that, rather than raising any questions about its subject matter, instead gives rise to legitimate questions about whether Respondents had any role in the creation of this post.

But for the purposes of this application, all of this is beside the point. This Court is not called upon to divine the fairness of the Malagasy judicial system or to try the merits of the charges against Mr. Hinks. Even the few courts that have found it appropriate to analyze "notions of due process" in a Section 1782 application, a phrase that appeared in a pre-*Intel* Third Circuit case and whose continued viability is unclear, have held that "the burden is on Respondents to demonstrate that the Court's granting of relief under the statute" is "improper." *In re the Application of Sauren*

Hon. Gabriel W. Gorenstein
September 10, 2022
Page 2

*Fonds-Select SICAV for Discovery Pursuant to 28 U.S.C. § 1782*, No. 216CV00133SDWLDW, 2016 WL 6304438, at *2 (D.N.J. Oct. 26, 2016). As courts have observed in other international judicial assistance contexts, a "district court should not lightly sit in judgment of the legal system of a foreign sovereign; to do so would run the risk of entangling the federal courts in matters of foreign affairs, the province of the political branches of our government, and would ask courts to opine on legal questions that they would generally be ill-equipped to handle." *In re Restraint of All Assets Contained or Formerly Contain in Certain Inv. Accts. at UBS Fin. Servs., Inc.*, 860 F. Supp. 2d 32, 42 (D.D.C. 2012) (recognizing and enforcing order from Curaçao court to freeze bank accounts). Respondents do not even come close to establishing that the Malagasy courts cannot afford Mr. Hinks due process, and an unsworn glorified blog post certainly does not meet that burden.

There is, in short, a time and a place for litigating the merits of the Malagasy proceedings, and it is in Madagascar, not here. Mr. Bouka has presented ample evidence that the allegations underlying the Malagasy prosecution are meritorious, and judges up and down the Malagasy judicial system have agreed that there is a case to answer. The Court will recall that the Malagasy proceeding is only one of two proceedings on which Petitioners base their application. With this application having been pending since March 24 and fully briefed since May 6, Petitioners respectfully submit that it is time for these exchanges of post-briefing letters to stop so that this application may proceed to decision.

                Sincerely,

                Steptoe & Johnson LLP

                /s/ Robert Mockler

cc:    All Counsel of Record, via ECF

Hon. Gabriel W. Gorenstein
September 10, 2022
Page 3

**EXHIBIT A**



Hon. Gabriel W. Gorenstein
September 10, 2022
Page 4

**EXHIBIT B**



Have an opinion or a perspective to share? We welcome your insight. Join more than 2,000 contributors in sharing your work on International Policy Digest.

Like many contributor-based platforms, we welcome all diverging viewpoints even if they aren't necessarily popular.

If you are a seasoned professional or a recent college graduate or just entering college for the first time, and would enjoy writing for an online journal then International Policy Digest welcomes your submissions. If you wish to contribute to International Policy Digest, shoot us an email at submissions@intpolicydigest.org with "Submission" in the header. If you haven't submitted with us before, please use the following form to let us know any relevant information. We prefer bios be in the third person. For example: *(Your name) graduated from (name of institution). (He/she/they) currently works for/in (name of company or institution).*

International Policy Digest is seeking fact-based analysis with either anecdotal evidence or direct citations to back up any opinions and analysis within your articles.

Any attached articles must be in Word and single-spaced with any hyperlinks either already included or below the main body of your work. We generally prefer to publish articles that are in the range of 800 to 1,200 words. While one of our editors will undoubtedly proofread your work prior to publication please take care to do so yourself. Importantly, documents MUST be saved in Word 97-2004 Document (.doc) format.

We also highly recommend using a free program like Grammarly to help edit your work. It's immensely helpful regardless of your writing abilities.