UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE APPLICATION OF ZOUZAR BOUKA; VISION INDIAN OCEAN S.A.; AND VIMA REAL ESTATE S.A.R.L. FOR AN ORDER DIRECTING DISCOVERY FROM PAUL HINKS; SYMBION POWER SERVICES U.S., INC.; SYMBION POWER LLC; SYMBION POWER HOLDINGS LLC; SYMBION POWER AFRICA, LLC; AND SYMBION ENERGY HOLDINGS LTD. PURSUANT TO 28 U.S.C. § 1782 | Case No. 22-mc-00022-RA-GWG |

**DECLARATION OF FREDERIKA BANKS ANDRIANZANATANY IN SUPPORT OF APPLICANTS' OPPOSITION TO INTERVENORS' MOTION FOR RECONSIDERATION**

1. I submit this declaration regarding the ongoing criminal proceedings currently pending before the *Pôle Anti-Corruption* (Anti-Corruption Unit, hereinafter "**PAC**") in Antananarivo, Madagascar, against Mr. Paul Hinks and Ms. Mirela Comaniciu (the "**PAC Proceedings**"). Between March 2020 and October 2022, I served as counsel of record for Symbion Power Mandroseza S.A.R.L. ("**SPARL**" or "**the Company**") in the PAC Proceedings.

2. Article 183 of the Malagasy Code of Criminal Procedure provides that "[a]ny person who claims to have been injured by a crime or misdemeanor may, by filing a complaint, constitute a civil party before the investigating judge." A true and correct copy of the relevant provision of the Malagasy Code of Criminal Procedure, with a certified translation to English, is hereby attached as **Exhibit A**.

3. SPARL declared itself a civil party ("*partie civile*") to the PAC on March 3, 2020, as part of its Complaint against Mr. Hinks and Ms. Comaniciu for misuse of corporate assets and

1

breach of trust (Doc. 4-1, PAC Complaint). SPARL has been a *partie civile* to the PAC Proceedings continuously since March 3, 2020, and remains one today.

4.  In July 2022, Mr. Jorge Conde, CEO of Groupe Filatex, purported to convene an irregular shareholders' meeting of SPARL for July 25, 2022 at 10:00 a.m. Not being a manager ("*gérant*") of SPARL, Mr. Conde had no authority to convene a shareholders' meeting. Mr. Conde then prepared falsified meeting minutes claiming that the SPARL shareholders' meeting had been held at that time.

5.  On behalf of ViMa Real Estate S.A.R.L. ("**VIMA**"), I filed a police complaint against Mr. Conde and the three other alleged attendees for falsification of records and use of falsified records. This complaint is still pending. If charges follow, one of the effects of the proceedings will be to declare null and void the resolutions adopted during the purported shareholders' meeting of July 25. I also submitted a request for a preliminary injunction to civil courts, who declined to grant it on jurisdictional grounds in light of an existing arbitration proceeding.

6.  I have been made aware that on October 31, 2022, Mr. Conde submitted a letter to the PAC requesting to withdraw SPARL's Complaint dated March 3, 2020 against Mr. Hinks and Ms. Comaniciu and claiming that SPARL gave up its status as a *partie civile*.

7.  Pursuant to Article 183 of the Malagasy Code of Criminal Procedure, Mr. Conde has no power to withdraw SPARL's Complaint before the PAC or to halt the course of the PAC Proceedings in any way. Article 183 provides that a *partie civile* "may withdraw [its complaint] within twenty-four hours. If it fails to do so, the public prosecution is set in motion without a subsequent withdrawal being able to stop its course" (**Exhibit A**). Because SPARL did not

withdraw its PAC Complaint within twenty-four hours of March 3, 2020, Mr. Conde's letter is without legal effect.

8. Indeed, in October 2021, Messrs. Alexander Oppenheim and Eytan Stibbe wrote similar letters to the PAC requesting to withdraw SPARL's Complaint and claiming [SPARL] withdrew from the PAC Proceedings. (SeeDoc. 22-4,Letter from A. Oppenheim to the PAC; Doc. 22-5, Letter from E. Stibbe to the PAC.) The PAC effectively rejected the letters of Messrs. Oppenheim and Stibbe and took no action to cease its independent criminal prosecution of Mr. Hinks and Ms. Comaniciu.

9. The higher courts of Madagascar similarly continued proceedings against Mr. Hinks and Ms. Comaniciu. As I have previously written to this Court, on June 7, 2022—eight months after the letters of Messrs. Oppenheim and Stibbe—the Court of Cassation of Madagascar (Ranary Rakotonavalona, Judge) denied the appeals of Mr. Hinks and Ms. Comaniciu on their criminal indictments and remanded the case to the PAC's Correctional Tribunal for a full trial (Doc. 28-2). In accordance with Article 184 of the Malagasy Code of Criminal Procedure, the PAC public prosecutor will presently issue subpoenas to Mr. Hinks and Ms. Comaniciu to appear as criminal defendants (**Exhibit A**).

10. Separately, on November 16, 2022, VIMA (as a shareholder in SPARL) declared itself a *partie civile* to the PAC Proceedings by intervention, pursuant to Article 192 of the Malagasy Code of Criminal Procedure. Article 192 provides that "[a] civil party may intervene at any time during the prosecution, the investigation and the hearing, but at the latest before the last requisitions of the public prosecutor in the first instance, on pain of inadmissibility." A true and correct copy of VIMA's submission, with a certified translation to English, is hereby attached as **Exhibit B**.

11. In the event that the PAC grants Mr. Conde's request to preclude Applicant Mr. Zouzar Bouka from submitting evidence to the PAC as a manager (*gérant*) and on behalf of SPARL, Applicant VIMA can now submit such evidence to the PAC on its own behalf.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Antananarivo on November 17, 2022.

[Signature]

———————————————————————

Frederika Banks Andrianzanatany

[Stamp]



100 Park Avenue, 16th Fl

New York, NY 10017

www.consortra.com

STATE of NEW YORK   )
                    )               ss:
COUNTY of NEW YORK  )

### *CERTIFICATE OF ACCURACY*

This is to certify that the attached document, "2022.11.21 [EN Trans] Declaration of Frederika Banks"-- originally written in *French* -- is, to the best of our knowledge and belief, a true, accurate, and complete translation into *English*.

Dated: 11/22/2022                                    Sworn to and signed before ME
                                                     This 22nd day of November, 2022

*Susannah Smith*                                     *James G Mamera*
———————————                                          ———————————
Susannah Smith                                       Notary Public
Project Manager
Consortra Translations

                                                     JAMES G MAMERA
                                                     Notary Public - State of New York
                                                     No. 01MA6157195
                                                     Qualified in New York County
                                                     My Commission Expires Dec. 4, 2022

Your legal translation partner

New York, NY  |  Washington DC  |  Houston, TX  |  San Francisco, CA  |  Hong Kong

UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF ZOUZAR BOUKA;                )
VISION INDIAN OCEAN S.A.;                          )
AND VIMA REAL ESTATE S.A.R.L.                      )
FOR AN ORDER DIRECTING DISCOVERY FROM              )
PAUL HINKS;                                        )
SYMBION POWER SERVICES U.S., INC.;                 )    Case No.22-mc-00022-RA-GWG
SYMBION POWER LLC;                                 )
SYMBION POWER HOLDINGS LLC;                        )
SYMBION POWER AFRICA, LLC; AND                     )
SYMBION ENERGY HOLDINGS LTD.                       )
                                                   )
PURSUANT TO 28 U.S.C. § 1782                       )
_____)

**DECLARATION OF FREDERIKA BANKS ANDRIANZANATANY IN SUPPORT OF APPLICANTS' OPPOSITION TO INTERVENORS' MOTION FOR RECONSIDERATION**

1. Je soumets cette déclaration concernant la procédure pénale actuellement en cours devant le Pôle Anti-Corruption ("**PAC**") à Antananarivo, Madagascar, contre M. Paul Hinks et Mme Mirela Comaniciu (la "**Procédure du PAC**"). Entre mars 2020 et octobre 2022, j'ai été l'avocat de Symbion Power Mandroseza S.A.R.L. ("**SPARL**" ou "**la Société**") dans la Procédure du PAC.

2. L'article 183 du Code de procédure pénale malgache prévoit que "[t]oute personne qui se prétend lésée par un crime ou un délit peut, en portant plainte, se constituer partie civile devant le juge d'instruction." Une copie authentique et correcte des articles pertinents du Code de procédure pénale malgache, avec traduction certifiée en anglais, est jointe en tant que **Pièce A**.

3. SPARL s'est constituée partie civile devant le PAC le 3 mars 2020, dans le cadre de sa plainte contre M. Hinks et Mme Comaniciu pour abus de biens sociaux et abus de confiance. Doc. 4-1 (Plainte au PAC). SPARL fut partie civile à la Procédure du PAC de manière continue depuis le 3 mars 2020, et l'est toujours aujourd'hui.

1

4.      En juillet 2022, M. Jorge Conde, PDG du Groupe Filatex, a prétendu convoquer de façon irrégulière une assemblée générale de SPARL pour le 25 juillet 2022 à 10h—n'étant pas un gérant de SPARL, M. Conde ne pouvait pas convoquer d'assemblée générale.  M. Conde a ensuite dressé un faux procès-verbal prétendant qu'une assemblée générale de SPARL avait eu lieu à cette date.

5.      Au nom de ViMa Real Estate S.A.R.L. ("**VIMA**"), j'ai déposé une plainte policière contre M. Conde et les trois autres personnes prétendant avoir assisté à cette assemblée générale pour faux et usage de faux.  Cette plainte est toujours en cours.  Si une inculpation en suit, l'un des effets de la procédure sera de déclarer nuls et sans effet juridique les résolutions adoptés lors de la prétendue assemblée générale du 25 juillet. J'ai également présenté une demande d'injonction préliminaire aux tribunaux civils, qui l'ont refusée pour des raisons de compétence en raison d'une affaire d'arbitrage en cours.

6.      J'ai été informée que le 31 octobre 2022, M. Conde a soumis une lettre au PAC demandant de retirer la plainte de SPARL datée du 3 mars 2020 contre M. Hinks et Mme Comaniciu et prétendant désister SPARL de son statut de partie civile.

7.      Conformément à l'article 183 du Code de procédure pénale malgache, M. Conde n'a pas le pouvoir de retirer la plainte de la SPARL devant le PAC ou d'arrêter le cours de la Procédure du PAC de quelque façon que ce soit.  L'article 183 prévoit qu'une partie civile "peut se désister dans les vingt-quatre heures. A défaut, l'action publique est mise en mouvement sans qu'un désistement ultérieur puisse en arrêter le cours." **Pièce A**. Vu que SPARL n'a pas retiré sa plainte devant PAC dans les vingt-quatre heures suivant le 3 mars 2020, la lettre de M. Conde est sans effet juridique.

8. En effet, en octobre 2021, MM. Alexander Oppenheim et Eytan Stibbe ont écrit des lettres similaires au PAC demandant de retirer la plainte de SPARL et prétendant se désister de la Procédure du PAC. Doc. 22-4 (Lettre de A. Oppenheim au PAC); Doc. 22-5 (Lettre de E. Stibbe au PAC). Le PAC a effectivement rejeté les lettres de MM. Oppenheim et Stibbe en prenant aucune mesure pour mettre fin à sa poursuite criminelle indépendante contre M. Hinks et Mme Comaniciu.

9. Les tribunaux supérieurs de Madagascar ont également poursuivi les procédures contre M. Hinks et Mme Comaniciu. Comme j'ai précédemment indiqué à cette Cour, le 7 juin 2022—huit mois après les lettres de MM. Oppenheim et Stibbe—la Cour de cassation de Madagascar (Ranary Rakotonavalona, J.) a rejeté les appels de M. Hinks et de Mme Comaniciu de leurs inculpations criminelles et a renvoyé l'affaire au Tribunal correctionnel de la PAC pour un procès complet. Doc. 28-2. Conformément à l'article 184 du Code de procédure pénale malgache, le procureur du PAC va à présent délivrer des réquisitions écrites à M. Hinks et Mme Comaniciu pour qu'ils comparaissent en tant qu'accusés criminels. **Pièce A.**

10. En outre, le 16 novembre 2022, VIMA (étant actionnaire de SPARL) s'est constituée partie civile à la Procédure du PAC par intervention, conformément à l'article 192 du Code de procédure pénale malgache. L'article 192 prévoit que : « la constitution de partie civile peut intervenir à tout moment de la poursuite, de l'instruction et des débats à l'audience, mais au plus tard avant les dernières réquisitions du ministère public en première instance, à peine d'irrecevabilité. » Une copie authentique et correcte de la demande de VIMA, avec traduction certifiée en anglais, est jointe en tant que **Pièce B**.

11. Dans l'éventualité où le PAC accède à la demande de M. Conde d'interdire le Requérant M. Zouzar Bouka de soumettre des preuves au PAC en tant que gérant et au nom de

3

SPARL, la constitution de VIMA en tant que partie civile lui permettra de soumettre de telles preuves au PAC en son propre nom.

Je déclare sous peine de parjure en vertu des lois des États-Unis d'Amérique que ce qui précède est vrai et correct.

Exécuté à Antananarivo le 17 novembre 2022.

Frederika Banks Andrianzanatany

ANDRIANZANATANY Frederika Banks
Avocat au Barreau de Madagascar
Tél.: 032 40 725 63 / 034 05 725 63
frederikabanks@gmail.com

4