Robert Mockler
+1 213 439-9429 direct
rmockler@steptoe.com



633 West Fifth Street
Suite 1900
Los Angeles, CA 90071-3500
213 439 9400 main
www.steptoe.com

December 22, 2022

<u>Via ECF</u>

Hon. Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**Re:**   In re Application of Zouzar Bouka, et al., No. 22 Misc. 92 (RA)

Dear Judge Gorenstein:

We write in response to Your Honor's invitation in this Court's Order dated December 13, 2022, to provide further information regarding the status of the criminal proceedings currently pending against Mr. Paul Hinks and Ms. Mirela Comaniciu before the Anti-Corruption Court of Antananarivo (the "**PAC Proceedings**") and the civil intervention of Applicant VIMA Real Estate S.A.R.L. ("**VIMA**") in the criminal proceedings.

**Status of the PAC Proceedings**

As the PAC Interim Substitute Prosecutor has attested on December 7, 2022, the PAC Proceedings remain ongoing and the PAC has scheduled its next court hearing for March 9, 2023. Doc. 60-2. The reason for the postponement until March is for the PAC to finalize the procedures for the remittance of charges against Ms. Mirela Comaniciu to the PAC Correctional Tribunal, and join them the remitted charges against Mr. Hinks. Second Declaration of Frederika Banks In Support of Applicants' Opposition to Intervenors' Motion for Reconsideration, 21 December 2022 ["Second Banks Dec."], ¶¶ 2-8.

As the Court may recall, on June 30, 2021, the First Instance Tribunal of the PAC (Ralison, J.) sustained charges against Mr. Hinks—but not Ms. Comaniciu—for misuse of corporate assets, and remitted the case against Mr. Hinks to the PAC Correctional Tribunal. Doc. 4-2. The Court of Appeal of Madagascar subsequently reinstated charges against Ms. Comaniciu and affirmed the charges against Mr. Hinks on August 16, 2021. Doc. 14-3. On June 7, 2022, the Court of Cassation of Madagascar affirmed the charges against both Mr. Hinks and Ms. Comaniciu, and ordered the First Instance Tribunal to remit the cases against both defendants to the PAC Correctional Tribunal. Doc. 28-2.

Hon. Gabriel W. Gorenstein
December 22, 2022
Page 2

Because the First Instance Tribunal had already remitted the charges against Mr. Hinks to the Correctional Tribunal in its initial June 30, 2021 decision (Doc. 4-2), it issued on November 29, 2022 a separate order concerning only Ms. Comaniciu, ordering that the charges against her also be remitted to the Correctional Tribunal and "joined" to those against Mr. Hinks for purposes of the next court hearing scheduled on March 9, 2023 (the "**November 29 Order**"). Second Banks Dec. ¶ 5; **Exhibit A** to Second Banks Dec., November 29 Order.

On December 2, 2022, Mr. Hinks and Ms. Comaniciu filed an appeal of the November 29 Order before the PAC Appellate Court (*Parquet du Second Degré*). Second Banks Dec. ¶ 6; **Exhibit B** to Second Banks Dec., Appeal of November 29 Order. The appeal was assigned a separate case number Nº034/22/CA/PAC/TANA/CHAC/MP ("**Case Number 034**"). It is this appeal that Applicants believe Intervenors are attempting to repackage as a "new proceeding" in their communications to this Court. Doc. 59.

Not only is Intervenors' portrayal substantively false—neither Case Number 034 nor any other proceeding has "supplanted" the PAC Proceedings—it is also now moot. The Head of Public Prosecutions of the PAC Appellate Court (*Chef du Ministère Public du Second Degré du PAC*) has already declared Mr. Hinks's and Ms. Comaniciu's appeal inadmissible in its decision (*réquisition*) dated December 13, 2022 (the "**December 13 Decision**") and recommended that the PAC Appellate Court dismiss the appeal as inadmissible and reserve all costs and fees. **Exhibit C** to Second Banks Dec., December 13 Decision. The PAC Appellate Court is scheduled to sit on December 27, 2022 and, in light of the December 13 Requisition, is expected to formally deny Mr. Hinks's and Ms. Comaniciu's appeal and close Case Number 034.

**VIMA's Civil Intervention in the PAC Proceedings**

Applicants recognize that Malagasy legal terminology may convey the idea that there is uncertainty regarding whether VIMA has civil intervenor status in the PAC Proceedings—but that is not so. As Applicants' expert Olivia Rajerison explains, under Article 192 of the Malagasy Code of Criminal Procedure ("**CCP**"), a party is entitled to intervene in criminal proceedings if it has sustained damages as a result of a criminal offense. Expert Report of Olivia Rajerison, December 22, 2022, ¶¶ 4(iii), 5. Under Article 455 of the CCP, the court will rule on both the criminal *and* civil actions at the same time when rendering its final judgment on the merits. *Id.*, ¶ 7. As a result, the admissibility of a civil intervention is finally determined only at the conclusion of the criminal proceedings, depending on whether the civil party has—in its submission to the court during the trial—proven its entitlement to damages. *Id.* In essence, a request for civil intervention remains pending until the court has issued its final ruling at the conclusion of the criminal proceedings.

Accordingly, as a general matter, no finding from the court is expected to confirm a civil intervention once a party has submitted its request. *Id.*, ¶ 5. Unless the court immediately denies the request as inadmissible, the request alone entitles a party to participate in criminal proceedings and submit documentary and testimonial evidence to prove its entitlement to damages. *Id.*, ¶ 6. If

Hon. Gabriel W. Gorenstein
December 22, 2022
Page 3

the court receives a request for civil intervention, does not immediately declare it inadmissible, and schedules continued hearings in the case, that party will be entitled to present evidence during the trial. At the conclusion of the criminal proceedings, if the party has submitted sufficient evidence to prove its entitlement to damages, the court will declare its request for civil intervention admissible and award financial restitution. *Id.*, ¶ 7. If the civil fails to prove damages, the court will consider its request for civil intervention inadmissible and will dismiss its claim. *Id.*

Here, the PAC received VIMA's request to participate as a civil party on November 16, 2022. Doc. 57-2; Second Banks Dec., ¶ 9. During a court hearing on December 1, 2022, the PAC formally registered VIMA's request. Doc. 60-2; Second Banks Dec., ¶ 10. The PAC also scheduled a hearing in the PAC Proceedings for March 9, 2023. Doc. 60-2. Because the PAC did not reject VIMA's civil party status, VIMA is now entitled to participate in the PAC Proceedings and submit evidence in support of its claim for damages. Second Banks Dec, ¶ 10. The Correctional Tribunal will rule on VIMA's entitlement to damages at the conclusion of the criminal trial against Mr. Hinks and Ms. Comaniciu, after VIMA has presented its full case with supporting documentation.

In other words, there is no question that Applicants have a right to submit evidence in the PAC Proceeding. But even if this Court viewed VIMA's status as undetermined, VIMA's application to intervene as a civil party warrants granting the application here. Under the settled standard for Section 1782 discovery, it suffices that a proceeding is within "reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004). Thus, this Court need not make technical determinations under Malagasy procedural law; either way, VIMA meets the standard.

### **Intervenors Have Failed to Meet the Standard for Reconsideration**

The Court, however, need not even consider these issues as Intervenors have failed to demonstrate that the Court should revisit its ruling. Motions for reconsideration "should be denied where the moving party merely seeks to relitigate an issue that was previously decided." *Hernandez v. Caliber Home Loans*, 2016 WL 6561415, at *1 (S.D.N.Y. Oct. 24, 2016). "The standard for granting a motion for reconsideration is strict," *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017), and therefore such a motion is generally denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).

Hon. Gabriel W. Gorenstein
December 22, 2022
Page 4

Intervenors have failed to meet their burden to show any ground that warrants reconsideration of this Court's Order dated October 28, 2022. Applicants continue to satisfy the statutory requirements of 28 U.S.C. §1782: the PAC Proceedings upon which the Court granted its Order remain ongoing, and Applicants' ability to present evidence to the PAC remains unchanged. Applicants respectfully request that the Court deny Intervenors' motion for reconsideration.

            Sincerely,

            Steptoe & Johnson LLP


            /s/ Robert Mockler

cc: All Counsel of Record, via ECF