UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of Zouzar Bouka;<br>Vision Indian Ocean S.A.;<br>and VIMA Real Estate S.A.R.L.<br>for an Order Directing Discovery from<br>Paul Hinks;<br>Symbion Power Services U.S., Inc.;<br>Symbion Power LLC;<br>Symbion Power Holdings LLC;<br>Symbion Power Africa, LLC; and<br>Symbion Energy Holdings Ltd.<br><br>Pursuant to 28 U.S.C. § 1782 | Case No.22-mc-00022-RA-GWG |

### EXPERT REPORT OF OLIVIA RAJERISON

1.  I am an attorney admitted to practice law before the courts of Madagascar. For the past thirteen years, I have been the principal of the Cabinet RAJERISON, a law firm in Antananarivo, Madagascar, that specializes in corporate and business law. I have been regularly been invited to consult with international and regional organizations on issues of Malagasy law, and recently served as a consultant with the World Bank on the issue of improving business and good governance in Madagascar. I am also a frequent contributor to the Revue de MCI, a legal publication in Madagascar, on various issues of local law. I am a graduate of the Catholic University of Madagascar (*Université Catholique de Madagascar*), from which I obtained a DEA in public law in 2008 and a Master's degree in international corporate law in 2011.

**I. SCOPE OF EXPERT REPORT**

2.  I have been instructed by Applicants Vision Indian Ocean, S.A. ("**VIO**"), ViMa Real Estate S.A.R.L. ("**VIMA**"), and Mr. Zouzar Bouka to provide this expert report stating the procedural law in Madagascar on civil participation in criminal trials.

1

3. This expert report is limited to the laws of Madagascar of general application as at the date of writing and as applied by the Courts of Madagascar. I have made no investigation of, and do not express or imply any view on the laws of any country other than Madagascar. I do not express any opinion as to matters of fact.

## II. CIVIL INTERVENTION UNDER MALAGASY LAW

### A. METHODS OF CIVIL INTERVENTION

4. The Madagascar Code of Criminal Procedure (the "**CCP**") provides for three ways in which a party may intervene in criminal proceedings:

 i. **By filing a complaint**: Pursuant to Article 182 of the CCP, a party that claims to have been personally harmed by a crime or an offence may file a complaint, either to the police ("*plainte directe*") or directly to the relevant prosecution service at the competent court ("*plainte devant le Parquet*").

 ii. **By commencing a criminal action**: In addition, under Article 183 of the CCP, "[a]ny person who claims to have been injured by a crime or offense may, by filing a complaint, constitute a civil party before the investigating judge."[1] Under this provision, a party initiates a case before the criminal court by lodging a complaint with a civil party petition ("*plainte avec constitution de partie civile*") before the investigating judge ("*juge d'instruction*"). The party can withdraw its complaint within 24 hours from the time when it submits its application. Any withdrawal made after this deadline does not restrict the prosecution service from pursuing any inquiry related to the case.

---

[1] "- Toute personne qui se prétend lésée par un crime ou un délit peut, en portant plainte, se constituer partie civile devant le juge d'instruction. Elle peut se désister dans les vingt-quatre heures. A défaut, l'action publique est mise en mouvement sans qu'un désistement ultérieur puisse en arrêter le cours. »

> The investigating judge transmits the complaint to the relevant prosecution service in order for this latter to initiate any preliminary investigation on the case and to prosecute in the name of the State.

  iii. **By joining an ongoing investigation**: If a criminal investigation is already underway, then a party may join the investigation pursuant to Article 192 of the CCP by intervening as a civil party ("*constitution de partie civile par voie d'intervention*"). Article 192 provides that "[a] civil party may intervene at any time during the prosecution, the investigation and the hearing, but at the latest before the last requisitions of the public prosecutor in the first instance, on pain of inadmissibility."

B.     PROCEDURAL CONSEQUENCES OF CIVIL INTERVENTION

5. It is sufficient for a party to claim damages resulting from the criminal offense in order to declare itself a party to criminal proceedings under Article 192 of the CCP. No intervention from the court is necessary (or expected) to confirm a party's self-declaration of civil party status. However, civil intervention of the party might be subject to challenges from the relevant court in Madagascar whether this latter finds it inadmissible as provided by Article 192 of the CCP.

6. A party's self-declaration as a civil party entitles it (and its legal counsel) to participate in the criminal proceedings and to submit any documentation that it considers relevant to its claim of damages.

7. Pursuant to Article 455 of the CCP, the court will rule on both the criminal *and civil* actions at the same time when rendering its final judgment at the conclusion of the trial. If the court finds that the civil party has submitted sufficient evidence to prove its entitlement to damages, it will award financial restitution. If the court considers that the civil party has failed to

prove damages, it will dismiss the civil claim. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Antananarivo on December 20, 2022.

_____

Olivia Rajerison

4