```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
IN RE: APPLICATION OF ZOUZAR BOUKA;        :
VISION INDIAN OCEAN S.A.; AND VIMA              OPINION AND ORDER
REAL ESTATE S.A.R.L. FOR AN ORDER           :
TO CONDUCT DISCOVERY FOR USE IN                 22 Misc. 92 (RA) (GWG)
FOREIGN PROCEEDINGS                         :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Zouzar Bouka, Vision Indian Ocean S.A., and VIMA Real Estate S.A.R.L. ("VIMA") (collectively "Bouka") brought this petition for discovery pursuant to 28 U.S.C. § 1782, seeking permission to obtain testimony from Paul Hinks; Symbion Power Africa, LLC; Symbion Power Holdings, LLC; Symbion Power Services U.S., Inc.; and Symbion Power, LLC (collectively "Hinks") for use in an ongoing Madagascar criminal prosecution and an anticipated French civil proceeding. See In re Zouzar Bouka; Vision Indian Ocean S.A., 2022 WL 15527657 (S.D.N.Y. Oct. 28, 2022) ("Bouka I"). The Court issued an Opinion and Order granting Bouka's request with regard to the Madagascar proceeding, but denied it as to the French proceeding. See id. at *12, 14.

On November 5, 2022, Bouka filed proposed subpoenas in accordance with Bouka I. On November 15, 2022, Hinks filed the instant motion for reconsideration of Bouka I.[1]

---

[1] See Letter Motion for Discovery, filed Nov. 5, 2022 (Docket # 41); Letter from Richard D. Emery, filed Nov. 6, 2022 (Docket # 42); Corrected Amended Notice of Intervenor's Motion for Reconsideration, filed Nov. 15, 2022 (Docket # 52); Memorandum of Law in Support of Motion for Reconsideration and Stay, filed Nov. 15, 2022 (Docket # 53) ("Hinks Mem."); Declaration of Richard D. Emery, filed Nov. 16, 2022 (Docket # 55); Applicants' Memorandum of Law in Opposition to Respondents' Motion for Reconsideration and a Stay, filed Nov. 25, 2022 (Docket # 56) ("Bouka Mem."); Declaration of Frederika Banks Andrianzanatany, filed Nov. 25, 2022 (Docket # 57); Reply Memorandum of Law in Support of Motion for Consideration and Stay, filed Dec. 2, 2022 (Docket # 58) ("Reply"); Letter from Richard Emery, filed Dec. 2, 2022 (Docket # 59) ("Dec. 2 Hinks Let."); Letter from Robert Mockler, filed Dec. 11, 2022 (Docket # 60) ("Dec. 11 Bouka Let."); Letter from Robert W. Mockler, filed Dec. 20, 2022 (Docket # 62) ("Dec. 20 Bouka Let."); Letter from Richard D. Emery, filed Dec. 22, 2022

For the reasons that follow, Hinks' motion for reconsideration is granted in part and denied in part, and Bouka's motion to approve the subpoenas is granted in part and denied in part.

I.     STANDARD FOR A MOTION FOR RECONSIDERATION

Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked."  Thus, a motion to reconsider is generally denied "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).  "The standard for granting a motion for reconsideration is strict," RCC Ventures, LLC v. Brandtone Holdings Ltd., 322 F.R.D. 442, 445 (S.D.N.Y. 2017), and therefore such a motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (punctuation omitted); accord Ortega v. Mutt, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) ("Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly.").  The Second Circuit has held that "[a] motion for reconsideration should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable

---

(Docket # 63) ("Dec. 22 Hinks Let."); Letter from Robert W. Mockler, filed Dec. 22, 2022 (Docket # 64) ("Dec. 22 Bouka Let."); Letter from Richard D. Emery, filed Jan. 6, 2022 (Docket # 65) ("Jan. 6 Hinks Let."); Letter from Robert W. Mockler, filed Jan. 6, 2022 (Docket # 66) ("Jan. 6 Bouka Let.").

Tr., 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

Further, "[a] party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so." City of Austin Police Ret. Sys. v. Kinross Gold Corp., 957 F. Supp. 2d 277, 315 (S.D.N.Y. 2013). In other words, "a party may not advance new facts, issues, or arguments not previously presented to the Court." Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001); accord Sigmon v. Goldman Sachs Mortg. Co., 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017).

Additionally, the rule permitting reconsideration "must be narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues." Merced Irrigation Dist. v. Barclays Bank PLC, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016) (punctuation omitted). A narrow application of the rule not only "helps 'to ensure the finality of decisions,'" but also "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Henderson v. Metro. Bank & Tr. Co., 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007) (quoting Naiman v. N.Y. Univ. Hosps. Ctr., 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005)).

II.     DISCUSSION

We assume familiarity with Bouka I. Hinks moves for reconsideration of Bouka I on two grounds. First, Hinks argues that the Court should revise its order allowing Bouka any discovery at all in the Madagascar proceedings, because "Bouka currently has no status with respect to the [Madagascar] proceeding." Reply at 3; see Hinks Mem. at 5-9. Second, Hinks argues that the Court should revise its order allowing the deposition of Paul Hinks because "the Court erred by

failing to weigh Hinks' status as a participant in the Madagascar proceedings <u>against</u> granting the deposition subpoena." Hinks Mem. at 9.

We address each argument next.

A. <u>Madagascar Proceedings</u>

Hinks proffers new information relating to Bouka's status as a civil intervenor in the Madagascar proceedings, and argues that the Court should accordingly revisit its determinations with respect to the "for use" and "interested person" prongs under Section 1782. First, Hinks contends that the Madagascar proceedings "may cease to exist altogether" because SPARL, the company that initially asked the Madagascar court to bring charges, "has explicitly asked the [Madagascar] [c]ourt to dismiss the proceedings." Reply at 5-6. Second, Hinks contends that Bouka "is not an 'interested person' in the [Madagascar] proceedings" because he has been removed from his role with SPARL, through which Bouka had civil intervenor status, and thus cannot offer evidence. Hinks Mem. at 5. Finally, Hinks states that he has filed an appeal of the Madagascar court's most recent decision, and argues that during the pendency of that appeal, Bouka "has no ability to submit evidence." Jan. 6 Hinks Let. at 2. We address each of these arguments in turn.

1. <u>Status of the Madagascar Proceedings</u>

Hinks contends that the Madagascar proceedings have been dismissed and thus Bouka has no proceeding in which to present evidence. Dec. 2 Hinks Let. Bouka, however, provides evidence that the Madagascar proceedings at issue have not been dismissed in their entirety but rather that the charges against Hinks have been referred to a new term of the same court and consolidated with another defendant's case. <u>See</u> Dec. 22 Bouka Let. Bouka provides the declaration of an attorney in Madagascar, who states that "charges against both defendants . . .

will be heard concurrently at the . . . hearing scheduled for March 29, 2023." Declaration of Frederika Banks Andrianzanatany, annexed as Exhibit 1 to Dec. 22 Bouka Let. (Docket # 64-1) ("Andrianzanatany Decl."), at ¶ 5. Hinks provides no expert evidence to the contrary and indeed concedes that even though "the indictment giving rise to the original [] proceeding has been dismissed," the Madagascar court has since "referred a new indictment . . . against Mr. Hinks" on similar charges. Dec. 22 Hinks Let. at 1. In fact, Hinks provides a copy of the Madagascar court's November 29, 2022 order referring charges against Hinks for criminal trial. See Notice to Counsel, annexed as Exhibit 3 to Dec. 22 Hinks Let. (Docket # 63-3). It is thus plain that a foreign proceeding exists.

Section 1782 provides a low bar for what constitutes a "foreign proceeding" that may allow an order for discovery. In fact, even a foreign proceeding that has not yet been initiated may qualify, "so long as the proceeding is within reasonable contemplation." Mees v. Buiter, 793 F.3d 291, 297 (2d Cir. 2015); accord In re Costa Pinto, 2022 WL 4088012, at *5 (S.D.N.Y. Sept. 6, 2022). The above evidence confirming the existence of the proceeding is sufficient to satisfy Section 1782's requirement that materials requested be "for use in a foreign proceeding."

      2.      Status of Bouka as Civil Intervenor

Hinks argues that Bouka is no longer attached to SPARL, through which he held civil intervenor status, and thus that Bouka is no longer an "interested person" and any evidence he obtains will not be "for use" in the Madagascar proceedings. Hinks Mem. at 3-5.

Although Bouka disputes the legitimacy of his removal from his role with SPARL, he argues that he is nonetheless entitled to submit evidence in the Madagascar proceedings as a civil intervenor based on his relationship to VIMA. See Dec. 22 Bouka Let. at 2. Bouka provides evidence that VIMA has "submitted [a] motion to appear as a civil party . . . in its own right in

the [Madagascar] proceedings." Dec. 11 Bouka Let.; see Affidavit: "VIMA RE" Company Filing as a Party to a Civil Suit, annexed as Exhibit 1 to Dec. 11 Bouka Let. (Docket # 60-1). Hinks acknowledges that this motion was filed, but argues that "[u]ntil [the] motion to appear as a civil party is decided, Mr. Bouka and his companies are strangers to the [Madagascar] proceedings." Dec. 22 Hinks Let. at 2.

But Bouka has provided an affidavit from an expert in Malagasy law stating that "[n]o intervention from the court is necessary (or expected) to confirm a party's self-declaration of civil party status." Declaration of Olivia Rajerison, annexed as Exhibit 5 to Dec. 22 Bouka Let. (Docket # 64-5) ("Rajerison Decl."), at ¶ 5. The expert avers that "[a] party's self-declaration as a civil party entitles it . . . to participate in criminal proceedings <u>and to submit any documentation that it considers relevant to its claim of damages</u>." Id. ¶ 6 (emphasis added). Hinks provides nothing to rebut this analysis of Malagasy law. Thus, Bouka's uncontroverted evidence indicates that, although his application for civil party status is pending, he will have the ability to "submit information in support of [his] allegations" as required under <u>Intel</u> and Section 1782.

For evidence to be "for use" under Section 1782, a party need not have "formal 'party' or 'litigant' status" where it nevertheless possesses "significant procedural rights," such as the ability to "submit . . . information in support of its allegations, and . . . seek judicial review." <u>Intel</u>, 542 U.S. at 255. A person is likewise "interested" in the proceedings as required by Section 1782 where they have "an established right to provide evidence and have the party to the foreign proceeding consider it." <u>IJK Palm LLC v. Anholt Servs. USA</u>, 33 F.4th 669, 678-79 (2d Cir. 2022) (emphasis removed). Thus, Bouka's altered status does not provide grounds to reconsider the Court's prior determination.

3. <u>Pendency of Appeal</u>

After <u>Bouka I</u> was issued, Hinks appealed the consolidated indictment, and the appeal was rejected by the Court of Appeals.  Court of Appeals Order, dated Dec. 27, 2022, annexed as Exhibit 1 to Jan. 6 Bouka Let. (Docket # 66-1) ("Court of Appeals Order"); <u>see</u> Jan. 6 Hinks Let. at 2 ("Mr. Hinks's appeal of that indictment was dismissed . . . .").  But Hinks points to the fact that he has since filed an appeal of that decision "to Madagascar's highest court" and asserts that the appeal is still pending.  Jan. 6 Hinks Let. at 2.  Hinks argues that because of the pending appeal, "Bouka has no ability to submit evidence at this time, and it is possible that he never will."  <u>Id.</u> at 2.  Indeed, Hinks provides the declaration of a Malagasy attorney, who avers that "[p]rior to the resolution of the appeal[,] . . . no [c]ourt can or will take any evidence from VIMA or [Bouka]."  Declaration of Philippe Disaine Rakotondramboahova, annexed as Exhibit A to Jan. 6 Hinks Let. (Docket # 65-1), at *2.  Bouka counters that "[t]he remittance of an accused to face a criminal trial is not an appealable order under [Malagasy law]," and thus Hinks' appeal likely will be rejected.  Jan. 6 Bouka Let. at 3.

We will accept for purposes of this motion Hinks's contention that evidence will not be taken in the criminal proceeding during the pendency of the appeal.  The problem for Hinks is that there is still an existing proceeding for which Bouka may submit evidence if the appeal is unsuccessful.  There is no requirement in case law that a proceeding be active to satisfy the "for use" requirement.  As the Second Circuit has noted, <u>Intel</u> held that it was enough that evidence will "eventually" be used in a foreign proceeding, and such "eventual" use "plainly encompasses use at any point in the proceeding."  <u>Mees v. Buiter</u>, 793 F.3d 291, 300 (2d Cir. 2015) (quoting <u>Intel</u>, 542 U.S. at 259)).  "[R]equiring an applicant to wait until the stage in the foreign proceeding at which the materials are to be used before applying for discovery under § 1782 —

which might entail multiple, separate applications — would be contrary to the statute's aim of 'providing efficient means of assistance to participants in international litigation.'" Id. (quoting Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 81 (2d Cir. 2012)).

It is of no moment that the proceeding could theoretically be terminated if the appeal were successful. The fact is that the criminal proceeding exists now, and that is enough for us to find, at least in this case, that the proceeding's future vitality — and thus future amenability to receiving evidence — is "within reasonable contemplation." Intel, 542 U.S. at 259.

We note further that Hinks has unsuccessfully moved for dismissal and/or appealed the criminal proceeding on numerous prior occasions — before the "First Instance Judge," see Declaration of Frederika Banks Andrianzanatany, filed Mar. 24, 2022 (Docket # 4), at ¶¶ 11-14; before the Court of Appeals, see id. ¶¶ 15; and before the higher Court of Cassation, see Order of Court of Cassation, dated June 7, 2022, annexed as Exhibit 2 to Letter from Robert W. Mockler (Docket # 28-2). He has also unsuccessfully appealed the new referral, and the appellate court's decision found that Hinks's appeal of that referral was "inadmissible" because the referral "cannot be appealed by the Defendant." Court of Appeals Order. These court decisions upholding the indictment against Hinks provide additional to support to our conclusion that the continued existence of the prosecution is "within reasonable contemplation."

Additionally, to deny or stay discovery pending Hinks' appeal would be contrary to the aims of Section 1782. Section 1782 provides that discovery may be obtained for use in "criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). It would be incongruous if a pre-indictment investigation were a sufficiently definite proceeding for purposes of Section 1782, but a repeatedly upheld indictment was not, merely because an appeal could theoretically result in the indictment's dismissal. This same risk would be just as present, if not

more present, in a "criminal investigation[] conducted before formal accusation." See 28 U.S.C. § 1782(a).

Accordingly, the pending appeal does not provide a basis for the Court to reconsider its order permitting discovery.

B.  Deposition of Paul Hinks

Hinks argues that the Court erred in granting Bouka's request to depose respondent Paul Hinks, the CEO of Symbion, because Hinks is a defendant in the Madagascar action. Hinks Mem. at 9. This argument is in relation to the first Intel factor: that is, whether "the person from whom discovery is sought is a participant in the foreign proceeding." See Bouka I at *8 (quoting Intel, 542 U.S. at 264).

Bouka I correctly analyzed the parties' statuses as participants in the Malagasy proceeding. That is, Bouka I correctly found that while Hinks was a participant, the Symbion entities were not. Id.  However, Bouka I did not reach a consistent conclusion from these premises. As case law reflects, the first discretionary factor does not counsel in favor of discovery where the party from whom discovery is sought is a participant in the foreign proceeding because it is presumed that the foreign tribunal has jurisdiction over that party and can itself require whatever discovery should appropriately be taken from that party. Intel, 542 U.S. at 264; see Matter of Hranov, 2022 WL 1261827, at *7 (S.D.N.Y. Apr. 28, 2022). Here, Hinks is the defendant in the Malagasy proceeding. Because the Malagasy court jurisdiction over Hinks, this factor weighs against granting discovery.

As a result, while the Court correctly found that the first Intel factor weighs in favor of discovery as to the Symbion entities, it was incorrect in failing to find that it weighs against discovery as to Hinks personally.

Having now weighed the remaining discretionary factors — the second of which did not strongly favor discovery — the Court finds that the balance now weighs against permitting a deposition of Hinks. Accordingly, based on this error, <u>Bouka I</u> is modified to permit Hinks to subpoena only the Symbion entities, but not Hinks.

III.   <u>CONCLUSION</u>

For the foregoing reasons, Hinks' motion for reconsideration (Docket # 52) is granted in part and denied in part as stated above, and Bouka's motion for leave to issue subpoenas (Docket # 41) is granted in part and denied in part. Bouka is granted leave to issue subpoenas only for the Symbion entities and not for Hinks.

SO ORDERED.

Dated:   February 3, 2023
            New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge